**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| ROSE HILL CUMBERLAND<br>  PRESBYTERIAN CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:23-cv-335-LPR |
| | ) | |
| vs. | ) | Drew County Case No. 22CV-23-40 |
| | ) | |
| CHURCH MUTUAL INSURANCE | ) | **JURY TRIAL DEMANDED** |
| COMPANY, S.I. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SERVICE RESTORATION INC. | ) | |
| | ) | |
| Intervenor. | ) | |

**DEFENDANT CHURCH MUTUAL INSURANE COMPANY, S.I.'S ANSWER AND**
**AFFIRMATIVE AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Church Mutual Insurance Company, S.I. ("Church Mutual"), by and through the undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, hereby states as follows:

1.      Church Mutual is without sufficient knowledge or information as to form a belief to the truth of the allegations contained in Paragraph 1, and therefore denies the same.

2.      Admit.

3.      Church Mutual admits this action is contractual in nature involving insurance written by Church Mutual regarding buildings and improvements owned by Plaintiff in Drew County, Arkansas. However, any such insurance coverage is subject to all applicable terms, provisions, conditions, and exclusions contained in the policy.

4.      The allegations in Paragraph 4 constitute legal statements and/or conclusions to which no response is required.

#30364321 v1

5.      Church Mutual is without sufficient knowledge or information as to form a belief to the truth of the allegations contained in Paragraph 5, and therefore denies the same.

6.      Church Mutual admits the policy at issue provided coverage against certain losses; however, any such coverage was expressly limited by any applicable terms, provisions, conditions, and exclusions contained therein. Church Mutual denies all other allegations contained in Paragraph 6 which are not expressly admitted herein.

7.      Church Mutual admits it made payments to Plaintiff for certain losses covered under the policy. However, Church Mutual denies it has only made payments to Plaintiff totaling $128,672.53 and further denies all other allegations contained in Paragraph 7 which are not expressly admitted herein.

8.      Church Mutual admits it has not provided a defense to the lien filed by Service Restoration, Inc. However, Church Mutual's coverage obligations, including payments made thereunder and its duty to defend and indemnify insureds are governed by the terms, provisions, conditions, and exclusions of the applicable policy. Church Mutual denies all other allegations contained in Paragraph 8 which are not expressly admitted herein.

9.      Church Mutual admits it was notified by Plaintiff of the claim. Church Mutual denies all other allegations contained in Paragraph 9 which are not expressly admitted herein.

10.     Admit.

## AFFIRMATIVE DEFENSES

1.      By way of further answer and affirmative defense, Church Mutual asserts that Plaintiff has failed to state a claim upon which relief can be granted.

2.      By way of further answer and affirmative defense, Church Mutual raises any and all defenses available to it under the terms of the policy and all endorsements attached thereto.

#30364321 v1

3.      By way of further answer and affirmative defense, Church Mutual states it fulfilled its contractual obligations under the policy by investigating the claimed damages and properly valuating the sum of same.

4.      By way of further answer and affirmative defense, Church Mutual asserts it has no duty under the policy to defend Plaintiff in the underlying lien action because enforcement of the lien does not constitute "property damage" or "bodily injury" as those terms are defined in the policy so as to implicate Church Mutual's duty to defend.

5.      By way of further answer and affirmative defense, Church Mutual asserts it has no duty under the policy to defend Plaintiff in the underlying lien action because the damages sought to be recovered in that action were not caused by an "occurrence" as that term is defined under the policy so as to implicate Church Mutual's duty to defend.

6.      By way of further answer and affirmative defense, Church Mutual asserts it has no duty under the policy to defend Plaintiff in the underlying lien action because that action does not satisfy the definition of a "suit" as that term is defined under the policy so as to implicate Church Mutual's duty to defend.

7.      By way of further answer and affirmative defense, Church Mutual asserts it has no duty under the policy to defend Plaintiff in the underlying lien action because the following policy exclusions apply:

**CAUSES OF LOSS – SPECIAL FORM**
[…]
   **4. Special Exclusions**
      The following provisions apply only to the specified Coverage Forms:
   **c. Legal Liability Coverage Form**
      […]
      **(2)** The following additional exclusions apply to insurance under this Coverage Form:
         **(a) Contractual Liability**
            We will not defend any claim or "suit", or pay damages that you are legally liable to pay, solely by reason of your assumption of liability in a contract or agreement.

#30364321 v1

\*\*\*

**COMMERCIAL GENERAL LIABILTY COVERAGE FORM**

**SECTION I – COVERAGES**
**COVERAGE A - BODILY INJURY AND PROEPRTY DAMAGE LIABILITY**
[…]
    2. **Exclusions**
       This insurance does not apply to:
       a. **Expected or Intended Injury**
          "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
       b. **Contractual Liability**
          "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.
          […]
       m. **Damage to Impaired Property Or Property Not Physically Injured**
          "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
          […]
          **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

\*\*\*

8.      By way of further answer and affirmative defense, while continuing to deny Plaintiff is entitled to recover, Church Mutual asserts that Plaintiff's claims are barred by the affirmative defense of unclean hands.

9.      By way of further answer and affirmative defense, while continuing to deny Plaintiff is entitled to recover, Church Mutual asserts that Plaintiff's claims are barred by the affirmative defense of waiver and/or estoppel.

10.      By way of further answer and affirmative defense, Church Mutual asserts that Plaintiff's claims are barred by the affirmative defense of unjust enrichment as recovery in this lawsuit would result in Plaintiff receiving payment for damages to which it is not entitled to under the policy.

11.    Church Mutual reserves the right to amend this Answer and add additional defenses as may become available during the course of this litigation, and further reserves the right to file such other pleadings as may be appropriate upon completion of discovery.

12.    Church Mutual demands a trial by jury.

WHEREFORE, Defendant Church Mutual Insurance Company, S.I., prays that this Court deny Plaintiff the relief it seeks, enter judgment in favor of Defendant, award Defendant costs and attorney's fees, and for such other relief as this Court deems just and proper.

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Timothy J. Wolf
Timothy J. Wolf, #2009230 (AR)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
*Attorneys for Defendant Church Mutual*
  *Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of the foregoing was served via the court's electronic filing system this 11th day of April, 2023, upon the following:

| | |
|---|---|
| John Ogles<br>Ogles Law Firm, P.A.<br>200 S. Jeff Davis<br>Jacksonville, AR 72078<br>jogles@aol.com<br>*Attorney for Plaintiff* | Monty Baugh, PLC<br>900 South Shackleford Road, Ste. 300<br>Little Rock, AR 72211<br>monty@montybaugh.com<br>*Attorney for Intervenor* |

/s/Timothy J. Wolf

#30364321 v1