IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROSE HILL CUMBERLAND**  **PLAINTIFF**
**PRESBYTERIAN CHURCH**

v.                                          Case No. 4:23-CV-00335-LPR

**CHURCH MUTUAL INSURANCE COMPANY, S.I.**                **DEFENDANT**

### ORDER

This case involves a church (Plaintiff) claiming that its insurance company (Defendant) refused or otherwise failed to pay out an insurance policy. Plaintiff's allegations are as follows. In July of 2022, the church building sustained significant water damage.[1] Repairs have cost Plaintiff at least $267,953.08, with a significant chunk of that going to a company named Service Restoration, Inc. ("SRI").[2] Plaintiff had previously entered into an insurance policy with Defendant; when the water damage occurred, Plaintiff was of the impression that the insurance policy would cover the full cost of the repairs.[3] Defendant had a different view. Defendant reimbursed Plaintiff $128,672.53 but refused to pay anything beyond that.[4] Specifically, and most importantly for present purposes, Defendant refused to reimburse Plaintiff for any of SRI's repairs.[5] Plaintiff has not otherwise paid SRI.

---

[1] Compl. (Doc. 2) ¶ 5.

[2] *See id.* ¶ 7. The Complaint alleges that, at the time the Complaint was filed, Plaintiff owed SRI $257,626.40. *Id.* It isn't clear from the Complaint how much of that figure is attributed to the cost of repairs and how much is attributed to late fees. *See id.* ("[T]he amount to Service Restoration increases daily . . . .").

[3] *Id.* ¶¶ 3, 5–6, 9–10.

[4] *Id.* ¶ 7.

[5] *Id.* ¶ 8.

SRI wants to get paid for its work repairing the church building. With an eye toward that goal, it has filed a Motion for Leave to Intervene in the instant lawsuit.[6] SRI sets forth three claims it wishes to introduce to this case.[7] First, a claim that Plaintiff breached a contract with SRI by failing to pay for the repairs.[8] Second, a claim that Defendant committed the tort of bad faith (against Plaintiff) by refusing to reimburse Plaintiff for SRI's work, despite Defendant's alleged knowledge that the insurance policy covered such services.[9] And third, a claim that Defendant is liable to SRI under the equitable doctrine of promissory estoppel, because an employee of Defendant allegedly promised SRI that Defendant had approved of the anticipated repair costs.[10] None of these claims checks the boxes necessary for intervention.

Federal Rule of Civil Procedure 24 provides for two types of intervention—intervention of right and permissive intervention. SRI would have an absolute right to intervene in this case if it "claims an interest relating to the property or transaction" at issue in this case, "and is so situated that disposing of" this case "may as a practical matter impair or impede" SRI's "ability to protect its interest, unless existing parties adequately represent that interest."[11] Even without an absolute right to intervene, SRI could still be granted leave to intervene (at the Court's discretion) so long as it "has a claim or defense that shares with the main action a common question of law or fact."[12]

---

[6] Doc. 3.

[7] *See* Fed. R. Civ. P. 24(c) ("A motion to intervene . . . must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."). SRI moved for intervention under Arkansas Rule of Civil Procedure 24. Mot. for Leave to Intervene (Doc. 3). Intervention, as a matter of procedure rather than substantive law, is governed by the Federal Rules of Civil Procedure even though this case is in federal court under diversity jurisdiction. *See In re Baycol Prods. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010).

[8] Ex. 1 (Compl. in Intervention) to SRI's Mot. for Leave to Intervene (Doc. 3) ¶¶ 11–14.

[9] *See id.* ¶¶ 15–16.

[10] *Id.* ¶¶ 17–20.

[11] Fed. R. Civ. P. 24(a)(2).

[12] Fed. R. Civ. P. 24(b)(1)(B).

SRI does not have an absolute right to intervene under Rule 24(a) because it has not shown that it has "an interest relating to the property or transaction that is the subject of the action . . . ."[13] The subject of this lawsuit is a written contract between Plaintiff and Defendant and the property to which Plaintiff may be entitled under that written contract. SRI's interest is in being compensated by Plaintiff for services rendered to Plaintiff. Those two things are not necessarily intertwined. Sure, if Plaintiff wins in this case, then it will probably use the recovered damages to pay SRI. But even if Plaintiff loses, SRI's interest in being paid will continue to exist. Put another way, nothing that happens in this lawsuit impairs SRI's *legal interest* in being paid—it's just that, as a purely practical matter, a loss by Plaintiff may make it harder for SRI to actually get paid. Under well-established Eighth Circuit caselaw, that kind of economic interest in the outcome of the litigation doesn't cut it.[14]

Nor does SRI have a conditional right to intervene under Rule 24(b). None of the proposed claims in intervention "shares with the main action a common question of law or fact."[15] Currently, the only question in the instant case is whether the insurance policy between Plaintiff and Defendant requires Defendant to pay for the remaining repair costs. The questions at the heart of SRI's three proposed claims are, respectively: (1) whether Plaintiff breached its contract with SRI; (2) whether Defendant acted in bad faith when denying Plaintiff's insurance claim; and (3) whether a promise was made by an employee of Defendant and relied upon by SRI. To be sure, SRI may have valid claims for breach of contract against Plaintiff and promissory estoppel against Defendant. Those claims just belong in their own judicial proceedings. And with respect to SRI's

---

[13] Fed. R. Civ. P. 24(a)(2).

[14] *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) ("An economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention." (citing *Curry v. Regents of the Univ. of Minn.*, 167 F.3d 420, 422–23 (8th Cir. 1999)).

[15] Fed. R. Civ. P. 24(b)(1)(B).

bad-faith claim, SRI cannot assert a bad-faith claim on behalf of Plaintiff. This frivolous claim cannot be the anchor for permissive intervention.

For the reasons stated above, SRI's Motion for Leave to Intervene is DENIED.

IT IS SO ORDERED this 13th day of June 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE