## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ROSE HILL CUMBERLAND**
**PRESBYTERIAN CHURCH**                                        **PLAINTIFF**

**VS.    NO. 4:23-CV-00335 LPR**

**CHURCH MUTUAL**
**INSURANCE COMPANY SI**                                       **DEFENDANT**

### PLAINTIFF'S AMENDED MOTION TO COMPEL
### WITH BRIEF INCORPORATED

Comes the plaintiff, Rose Hill Cumberland Presbyterian Church "Rose Hill", and for its

amended motion to compel with brief incorporated, states:

1.      This motion is filed pursuant to Federal Rules of Civil Procedure (FRCP) Rule 37

and Local Rule 7.2 (g).

2.      Discovery under the Federal Rules of Civil Procedure (FRCP) "has been

construed broadly to encompass any matter that bears on, or that reasonably could lead to other

matters that could bear on, any issue that is or may be in this case." *Oppenheimer Fund, Inc. v.*

*Sanders*, 437 U.S. 340, 351 (1978). Under this standard, the Rules envision and require open,

far-reaching discovery. See *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 402 96th Circ.

1998) (citing *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Circ. 1970)).

3.    FRCP Rule 26(b)(1) provides that a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26 (b)(1).

4.    Pursuant to FRCP Rule 26 the information sought is non-privileged and will lead to information relevant to Defendant's defense.

5.    That on July 14, 2023, Plaintiff sent discovery to Defendant. See Exhibit A.

6.    That on July 17, 2023, Plaintiff told Defendant which discovery to disregard. See Exhibit B.

7.    That on July 18, 2023, Defendant asked for a new version. See Exhibit C.

8.    That on July 19, 2023, Plaintiff sent out a new version of discovery requests.

9.    That on August 24, 2023, Defendant made objections to Plaintiff's interrogatories as follows: Interrogatory Nos. 1, 3, 5, 6, 10, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25. See Exhibit D. Defendant's objections are improper. Plaintiff is entitled to Defendant's claims file and other information. How else does Plaintiff prove the elements of its case?

10.    That Defendant objected to Plaintiff's request for production of documents as follows: Requests for Production Nos. 1, 2 and 3.

11.    That Plaintiff sent its good faith letter setting out its position. See Exhibit E.

12.    Defendant responded. See Exhibit F.

13.    Plaintiff responded to Defendant's discovery with one objection on August 16, 2023. See Exhibit G.

14.    See Exhibit I which shows that state courts in Arkansas have granted this request.

# BRIEF

Defendant's answers are a joke. How in the world is Plaintiff supposed to prove its case without the answers to the questions propounded? Plaintiff paid for the insurance to cover the loss it incurred. Defendant's position is that the contractor Service Restoration overcharged. That may or may not be true, however, Defendant is required to hire Plaintiff an attorney per its insurance contract with Plaintiff.

Plaintiff cannot be more clear in its good faith letter of September 11, 2023. See Exhibit E which is Plaintiff's good faith letter and the Defendant's response, Exhibit F, where Defendant banks on a federal judge in the Eastern District of Arkansas not following Plaintiff's theory or relevant case law. See Defendant's answer to Interrogatory No. 20.

With all due respect, Defendant is incorrect. Plaintiff is entitled to this information in the Eastern District of Arkansas also. See *Taylor-Shaw v. Bestway Rent-to-Own*, No. 5:09CV00329JLH, 2010 WL 2998796 (E.D. Ark. July 28, 2010). *Taylor-Shaw*'s reasoning as applied to Defendant's objection should be followed. If information is being withheld, the party seeking discovery is entitled to know whether information has been withheld, and if so, what the nature of the information is so that the objection can be contested. The Honorable Kristine G. Baker followed the case in her order in *Farm Credit Leasing Services Corporation v. Todd Weldon Smith, USDC No. 4:19-CV-00280 KGB.* See Exhibit H.

Plaintiff's motion to compel should be granted.

WHEREFORE, Plaintiff requests this Court grant its amended motion to compel and for all other proper relief, including attorney's fees.

Respectfully submitted,

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

# OGLES LAW FIRM, P.A.

**200 S. Jeff Davis - P.O. Box 891**
**Jacksonville, Arkansas 72078**
**(501) 982-8339**
**Facsimile (501) 985-1403**
**jogles@aol.com**

**John Ogles**                                                    **Licensed in Arkansas and Texas**

July 14, 2023

Timothy J. Wolf
Watters Wolf Bub & Hansmann, LLC
600 Kellwood Parkway, Suite 120
St. Louis, MO 63017

Fax: 636-798-0693 & U.S. Mail

Re:     Rose Hill Cumberland Presbyterian Church v. Church Mutual Insurance Company, S.I.

Dear Mr. Wolf:

Enclosed please find the Plaintiff's First Set of Written Discovery regarding the above referenced case.

Sincerely,

John Ogles

JO:ju

enc:

**EXHIBIT A**

From: **JOHN OGLES** jogles@aol.com
Subject: **Discovery sent to you July 14th**
Date: **Jul 17, 2023 at 10:52:40 AM**
To: **Timothy Wolf** TWolf@wwbhlaw.com, **Tyler Hamilton**
THamilton@wwbhlaw.com

I just realized I sent you too many interrogories pursuant to FRCP Rule 33. You can disregard interrogatories No. 2,27,28 and 29.   If you want me to resend let me know.

Thanks

 **ROSE HILL wolf ltr w 1st discov 071423.pdf**
359 KB

John Ogles
Ogles Law Firm. P.A.
501.982.8339 ph
501.985.1403   .
200 South Jeff Davis
P.O. Box 891
Jacksonville, AR 72076
Licensed in Ar, Tx, Federal Courts, U.S. Tax and Supreme Court.

EXHIBIT   _B_

**Subject**    RE: Discovery sent to you July 14th

**From**    Tyler Hamilton
            <THamilton@wwbhlaw.com>

**To:**    JOHN OGLES <jogles@aol.com>

**Cc:**    Timothy Wolf <TWolf@wwbhlaw.com>

**Date**    Jul 18 at 3:32 PM

Thanks for letting us know, John. Would you mind sending along a new version with those interrogatories removed?

Thanks,

 **WATTERS  WOLF
BUB  HANSMANN**

—

## Tyler Hamilton    Attorney

email : thamilton@wwbhlaw.com
phone : +1 (636) 798 0604
600 Kellwood Pkwy, Suite 120
Saint Louis, Missouri 63017

—

**From:** JOHN OGLES <jogles@aol.com>
**Sent:** Monday, July 17, 2023 10:53 AM
**To:** Timothy Wolf <TWolf@wwbhlaw.com>; Tyler Hamilton <THamilton@wwbhlaw.com>
**Subject:** Discovery sent to you July 14th

I just realized I sent you too many interrogories pursuant to FRCP Rule 33.  You can disregard interrogatories No. 2,27,28 and 29.   If you want me to resend let me know.

Thanks

CONFIDENTIALITY NOTE: This message is from a law firm and contains information for the sole use of the intended recipient that may be privileged, attorney work product, or exempt from disclosure under applicable law. If you are not the intended recipient, any distribution, dissemination, or copying of this message, including any attachments, is strictly

prohibited. If you received this message in error, or are not the proper recipient, please notify the sender at either the email

**EXHIBIT** ___

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

ROSE HILL CUMBERLAND )
PRESBYTERIAN CHURCH, )
                         )
      Plaintiff, )                    Case No. 4:23-cv-335-LPR
                         )
vs. )
                         )
CHURCH MUTUAL INSURANCE )
COMPANY, S.I. )
                         )
      Defendant. )

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
### FIRST SET OF INTERROGATORIES

COMES NOW Defendant Church Mutual Insurance Company, S.I. ("Church Mutual"), by and through and the undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides the following objections and responses to Plaintiff's First Set of Interrogatories:

### INTERROGATORIES

1.     State the name, address and telephone number of all persons who have knowledge of any discoverable matter or who will or may be called as a witness at the trial of this case to support any claim or defense of Defendant.

**OBJECTION:** Defendant objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks identification of "all persons" with knowledge of "any discoverable matter." Defendant's investigation into Plaintiff's claims remain ongoing and the full extent of "all persons" who possess relevant knowledge is not presently known. In fact, it is impossible for Defendant to know "all persons" with "knowledge of any discoverable matter." *Arkansas Labeling, Inc. v. Proctor*, 2022 WL 1608077, No. 4:19-CV-00773-KGB *9 (E.D. Ar. May 20, 2022). Defendant further objects to this Interrogatory as confusing and contradictory to the extent it also requests, in the alternative, the identification of "all persons … who will or may be called" to serve as a defense witness at trial. To this end, the Interrogatory is also premature as this matter is in its early stages of discovery and investigation.

#30580041 v1

EXHIBIT   D  

Defendant will comply with its obligations under the Federal Rules of Civil Procedure and the Court's Orders with regard to identifying witnesses it intends to call at trial.

**ANSWER:** Subject to and without waiving said objections, Defendant has not yet identified who it will or may call as a witness at trial. Defendant reserves the right to call any witness at trial identified during discovery and properly disclosed pursuant to the Federal Rules of Civil Procedure and the Court's Orders. All of this being said, Defendant is presently aware of the individuals identified in the Initial Disclosures of both parties. Defendant reserves the right to amend and/or supplement its response to this Interrogatory as discovery progresses.

2.      Please identify each and every item of real or demonstrative evidence you intend to introduce into evidence at the trial in this case.

**ANSWER:** Defendant has not yet made a decision regarding the evidence it will seek to introduce into evidence at trial. Defendant reserves the right to introduce any real or demonstrative evidence produced and/or discovered by either party during the investigation of this matter and will identify those items as required by the Federal Rules of Civil Procedure and the Court's Order. Defendant further reserves the right to amend and/or supplement its response to this Interrogatory as discovery and trial preparation progresses. For the time being, please see generally the documents identified by both parties in their Initial Disclosures and produced in response to Plaintiff's First Set of Requests for Production.

3.      Have you, your agents, investigators, or attorneys contacted or spoken to any of the persons named in the answers to these interrogatories? If so, separately set forth the name and address of each such person.

**OBJECTION:** Defendant objects to this Interrogatory as confusing, overly broad, and unduly burdensome. As drafted, this Interrogatory is not limited in time or scope, but rather seeks information regarding any conversation on any topic at any time. This is improper under the Federal Rules of Civil Procedure. Thus, Defendant also objects to this Interrogatory on the basis of relevance as it is not relevant to Plaintiff's claims if Defendant, its agents, investigators, or attorneys have simply spoken to someone at some point in time. Finally, Defendant objects to the extent this Interrogatory seeks information protected by the attorney-client privilege or work-product doctrine to the extent any conversations identified in this Interrogatory involved Defendant's counsel and attorneys.

**ANSWER:** Subject to and without waiving said objections, see generally the communications produced in response to Plaintiff's Requests for Production.

4.    Please state whether you paid benefits under policy number #0094309 25-368984 in

response to the claim for benefits tendered by Plaintiff.

**ANSWER:** Yes.

5.    Please state each and every fact relied upon by you in determining to withhold the

payment for the claim tendered by Plaintiff for benefits under policy #0094309 25-368984.

**OBJECTION: Defendant objects to this Interrogatory as confusing and irrelevant as Defendant did not withhold payment for the claim at issue. Defendant made payments totaling $230,713.41 for covered losses associated with the claim at issue in this lawsuit. To the extent this Interrogatory seeks information regarding additional amounts being sought by Plaintiff, please see Defendant's response to Interrogatory #20 below. Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position. *Helmert v. Butterball, LLC*, No. 4:08-CV-00342, 2010 WL 45378096, at \*1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion." *Id.* (citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.**

6.    As to each fact identified in your answer to the foregoing interrogatory, please further

set forth:

a.   An identification of each person who possesses or claims to possess knowledge of any such fact;

b.   An identification, which such particularity as you would require in a motion to produce, of any writing relating to each such fact;

c.   The name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart to this interrogatory;

d.   The date upon which you became aware of such fact and the means by which you became aware of each such fact.

**OBJECTION: Defendant objects to this Interrogatory as confusing and irrelevant as Defendant did not withhold payment for the claim at issue. Defendant made payments**

totaling **$230,713.41 for covered losses associated with the claim at issue in this lawsuit. To the extent this Interrogatory seeks information regarding additional amounts being sought by Plaintiff, please see Defendant's response to Interrogatory #20 below. Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position.** *Helmert v. Butterball, LLC*, **No. 4:08-CV-00342, 2010 WL 45378096, at \*1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion."** *Id.* **(citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.**

7.    Please set forth the date upon which you received notice of the claim tendered by Plaintiff for benefits under the terms of policy #0094309 25-368984.

> **ANSWER:  Church Mutual first received notice of the claim at issue in this litigation on July 23, 2022.**

8.    Did you establish a claim file upon receipt of the claim tendered by Plaintiff?

> **ANSWER:  Yes.**

9.    If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

> a.   The date upon which such claim file was established;
> b.   The claim number assigned to such file, if any;
> c.   The person or persons who were assigned primary responsibility for the administration of said claim file; and
> d.   The name, address and telephone number of the present custodian of such claim file.

**ANSWER:**

> a.   **July 23, 2022;**
> b.   **000-0-251075;**
> c.   **The Church Mutual adjuster originally assigned to the claim was Abelardo DeJesus. Church Mutual subsequently reassigned the claim to Bambi Hickey. David Richmond also served as Team Leader during the claim investigation.**

    d. **The claim file is maintained by Defendant. The custodian may be contacted through the undersigned.**

10.    Please state whether, upon receipt of the claim tendered by Plaintiff under policy number #0094309 25-368984, any particular person or persons were assigned to investigate the facts or circumstances of said loss of claim.

**OBJECTION: Defendant objects to this Interrogatory to the extent it seeks duplicative information already requested in Interrogatory #9.**

**ANSWER: Subject to and without waiving said objections, yes.**

11.    If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

    a.  The name, address and telephone number of each such person or persons;
    b.  The date that such person or persons was so assigned;
    c.  The means or manner by which such person or persons were selected;
    d.  An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such assignment; and
    e.  The name, address and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**OBJECTION: Defendant objects to this Interrogatory to the extent it seeks duplicative information already requested in Interrogatory #9. Defendant further objects to this Interrogatory as overly broad and unduly burdensome to the extent subpart (d) seeks identification of "each and every writing relating to such assignment." This particular request is not tailored to seek only information relevant to Plaintiff's claims for damages in this lawsuit. In fact, it is impossible for Defendant to identify "each and every writing" responsive to subpart (d) as there may exist such writings to which Defendant is unaware or not in possession. Defendant also objects to subpart (d) of this Interrogatory to the extent it seeks the identification of writings protected by the attorney-client privilege and work-product doctrine.**

**ANSWER: Subject to and without waiving said objections, see below:**

    a.  **The Church Mutual adjuster originally assigned to investigate the loss upon receipt of the tendered claim was Abelardo DeJesus. He may be contacted through the undersigned counsel. Church Mutual also retained Tim Toler, an independent adjuster with Allied Universal Compliance and Investigations, to assist in the investigation of the facts and circumstances of the loss as well as to**

prepare a scope and estimate of repairs. Mr. Toler's contact information is provided in Defendant's Initial Disclosures.

b.  Abelardo DeJesus was assigned upon receiving notice of the claim on July 23, 2022. Tim Toler was also notified of the assignment on July 23, 2022.

c.  At the time the claim at issue was made, the claim was assigned to an adjuster via a third-party automation tool. The retention of independent adjusters is generally based upon the location of the loss.

d.  Please see the non-privileged documents contained within Church Mutual's claim file which have been contemporaneously produced in response to Plaintiff's First Set of Requests for Production.

e.  Writings related to the assignment of Abelardo DeJesus are stored in the claim file maintained by Defendant. The custodian may be contacted through the undersigned. Defendant is without sufficient information to state what custodian(s) may be in control of additional writings not contained within its claim file. Upon information and belief, Allied Universal Compliance and Investigations likely maintains a file for this loss.

12.    Did you conduct an investigation of the factual basis for the claim for benefits under policy number #0094309 25-368984 tendered by Plaintiff?

**ANSWER: Yes.**

13.    If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

a.  The date or dates that such investigation was conducted;
b.  Each and every step taken by you to investigate the factual basis of said claim;
c.  Whether such investigation and the fact thereof is reflected in writing;
d.  The name, address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory;
e.  The date or dates upon which such investigation was concluded.

**ANSWER:**

a.  Defendant's investigation into this claim began on July 23, 2022, when the claim was first reported and generally concluded on March 10, 2023, when a final payment was issued to Plaintiff for covered losses.

b.  Defendant objects to this subpart to the extent it seeks identification of "each and every" facet of Defendant's investigation into Plaintiff's insurance claim. The investigation took place over a period of approximately eight months and

involved multiple vendors and contractors. There are less burdensome means of discovering this information. These objections notwithstanding, Defendant conducted a comprehensive investigation into the claim at issue over a period of nearly eight months. The steps taken during the investigation included, among other things, (1) speaking with representatives and members of Plaintiff to investigate the circumstances of the loss; (2) reviewing various photographs and other documents submitted by Plaintiff and its third-party vendors/contractors to evaluate the scope and value of the loss; (3) retaining Tim Toler with Allied Universal Compliance and Investigations to provide independent adjusting services, including inspecting the loss site, preparing a scope and estimate of repairs, and overseeing repairs actually made; (4) coordinating the scope and value of repairs directly with third-party contractors and vendors; and (5) retaining Accuserve Code Blue to provide technical review services in order to further investigate the scope and value of invoices submitted for payment by non-party Service Restoration for water mitigation, restoration, and pack-out services.  Defendant further directs Plaintiff to the non-privileged claim file documents produced in response to Plaintiff's First Set of Requests for Production for additional insight into the investigation completed by Defendant.

c. Yes, Defendant maintained a claim file which contains the findings of its claim investigation.

d. The writings contained within the claim file are maintained by Defendant. The custodian may be contacted through the undersigned.

e. Although the investigation into this claim remains ongoing while litigation is pending, Defendant originally concluded its claim investigation on March 10, 2023, when it issued a final payment to Plaintiff for covered losses.

14.     In conducting your investigation of the facts which form the claim for benefits tendered by Plaintiff under policy number #0094309 25-368984 did you identify any person who possesses or claims to possess knowledge of any such facts?

**ANSWER: Yes.**

15.     If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

a. The name, address and telephone number of any such person;

b. The nature of any knowledge possessed or allegedly possessed by such person, if known to you;

c. An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such person, or any knowledge possessed or allegedly possessed by such person; and

d. The name, address and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**OBJECTION:  Defendant objects to this Interrogatory as overly broad and unduly burdensome to the extent subpart (c) seeks identification of "each and every writing relating to such person or any knowledge possessed or allegedly possessed by such person." This particular request is not tailored to seek only information relevant to Plaintiff's claims for damages in this lawsuit. In fact, it is impossible for Defendant to identify "each and every writing" or "any knowledge" responsive to subpart (c) as there may exist such writings or knowledge to which Defendant is unaware, not in possession of, or which is irrelevant to this litigation. To this end, it is overly burdensome to require Plaintiff to identify "any" knowledge possessed or "allegedly" possessed by individual witnesses in the form of a written interrogatory when other forms of less burdensome discovery are available, including subpoenas and depositions. Defendant also objects to this Interrogatory to the extent it seeks the identification of writings protected by the attorney-client privilege and work-product doctrine.**

**ANSWER:  Subject to and without waiving said objections, Defendant directs Plaintiff to the individuals identified in each party's Initial Disclosures as well as the listed knowledge base for each such individual identified therein. Defendant further directs Plaintiff to the non-privileged claim file documents produced in response to Plaintiff's Requests for Production.**

16.    Please state whether, in your investigation of the facts which form the basis for the claim for benefits tendered by Plaintiff under policy number #0094309 25-368984 you obtained any statements in any form, from any person, regarding any such facts.

**OBJECTION:  Defendant objects to this Interrogatory as confusing and unclear. The term "statement" is not a defined term for purposes of these Interrogatories and is broad in meaning. For instance, a "statement" could foreseeably include any and all communications received from any person related to the claim at issue. On the other hand, as is generally the case during a claim investigation, "statement" could refer only to recorded and written statements provided at the direction of an investigator or adjuster.**

**ANSWER:  Subject to and without waiving said objections, Defendant was provided with the written statement of Jeff Loveless, a member of Plaintiff who reportedly first discovered the loss, during the claim investigation.**

#30580041 v1

17.   If your answer to the foregoing interrogatory was in the affirmative, please further set

forth:

    a.   The name, address and telephone number of the person who gave such statement;
    b.   The date upon which such statement was taken;
    c.   The name, address and telephone number of the person who took such statement;
    d.   The name, address and telephone number of any person present when such statement was taken;
    e.   The type of statement whether oral, written or recorded, and;
    f.   The name, address and telephone number of the present custodian of any statement referred to by you in your answers to the foregoing subparts of this interrogatory.

**OBJECTION:  Defendant objects to this Interrogatory as confusing and unclear. The term "statement" is not a defined term for purposes of these Interrogatories and is broad in meaning. For instance, a "statement" could foreseeably include any and all communications received from any person related to the claim at issue. On the other hand, as is generally the case during a claim investigation, "statement" could refer only to recorded and written statements provided at the direction of an investigator or adjuster.**

**ANSWER:  Subject to and without waiving said objections, the answers to each discrete subpart follow:**

    a.   **Jeff Loveless – Mr. Loveless may be contacted through Plaintiff's counsel;**
    b.   **July 26, 2022;**
    c.   **The statement was provided to Defendant via e-mail by Gay Pace, a representative of Plaintiff;**
    d.   **Defendant does not have knowledge of information responsive to this subpart;**
    e.   **Written; and**
    f.   **Mr. Loveless' statement is maintained in Defendant's claim file. The custodian of this file may be contacted through Defendant's counsel.**

18.   In the course of your investigation of the facts and circumstances forming the basis

for the claim for benefits tendered by Plaintiff under policy number #0094309 25-368984, did you

obtain any expert opinion relating to your determination to deny payment of such claim?

**OBJECTION:  Defendant objects to this Interrogatory as it requires Defendant to reach a legal conclusion regarding whether an individual qualifies as an expert or provided an expert opinion as those terms are understood within the Federal Rules of Evidence and applicable law.**

**ANSWER:** Subject to and without waiving said objections, Defendant retained consultants to assist in its investigation of the claim at issue in this litigation. Defendant's retained consultants assisted in investigating the factual circumstances of the loss, determining the scope of necessary repairs, and estimating the value of such repairs. Specifically, Defendant retained Tim Toler, an independent adjuster with Allied Universal Compliance and Investigations to assist in the investigation of the facts and circumstances of the loss as well as to prepare a scope and estimate of repairs. Mr. Toler's reports and other documents contained within Defendant's claim file have been contemporaneously produced in response to Plaintiff's First Set of Requests for Production.

In addition, Defendant retained Accuserve Code Blue to provide technical review services with regard to the various invoices and estimates submitted for payment by non-party Service Restoration for mitigation, restoration, and pack-out services. The reports prepared by Accuserve and related correspondence in Defendant's possession is contained within the relevant claim file and has been contemporaneously produced in response to Plaintiff's First Set of Requests for Production.

19.     If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

   a.   The name, address and telephone number of any such expert;
   b.   The field or discipline in which such person claims to have expertise;
   c.   The nature and extent of such expert's training, including schools attended, dates attended, and degrees conferred, if any;
   d.   The date that such expert was retained;
   e.   Whether such expert has examined any records, papers, or the writings in any way relating to the claimant or claim;
   f.   The date that such examination was conducted;
   g.   The name, address and telephone number of any person present at the time of such examination;
   h.   An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such expert's evaluation, investigation, or conclusions; and
   i.   The name, address and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**OBJECTION:** Defendant objects to this Interrogatory as it requires Defendant to reach a legal conclusion regarding whether an individual qualifies as an expert or provided an expert opinion as those terms are understood within the Federal Rules of Evidence and applicable law. Defendant further objects to this Interrogatory as overly broad and unduly burdensome to the extent subpart (h) seeks identification of "each and every writing relating to such expert's evaluation, investigation, or conclusions." It is

impossible for Defendant to identify "each and every writing" responsive to subpart (h) as there may exist such writings to which Defendant is unaware or not in possession. Defendant also objects to subpart (h) of this Interrogatory to the extent it seeks the identification of writings protected by the attorney-client privilege and work-product doctrine.

**ANSWER:** Subject to and without waiving said objections, please Defendant's response to Interrogatory #18 as well as the non-privileged claim documents contemporaneously produced in response to Plaintiff's First Set of Requests for Production.

20.    As of the date that you determined to deny payment of the claim of Plaintiff under

policy number #0094309 25-368984, please set forth each and every fact then known to you that you

contend supported your decision to deny payment.

**OBJECTION:**    Defendant objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position. *Helmert v. Butterball, LLC*, No. 4:08-CV-00342, 2010 WL 45378096, at *1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion." *Id.* (citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.

Defendant further objects to this Interrogatory to the extent it is duplicative of Interrogatory #5.

**ANSWER:** Subject to and without waiving said objections, the applicable policy of insurance required Defendant to pay for covered losses on a replacement cost basis. Based upon these policy obligations, Defendant made payments to Plaintiff and its various vendors/contractors totaling $230,713.41 for the repair of identified covered losses. Defendant reached this total amount based upon the investigation it completed into the claim over a period of nearly eight months. This investigation included (1) retaining an independent adjuster to investigate the church property and prepare a scope and estimate of necessary repairs, (2) communicating directly with repair contractors to reach agreements on the scope of necessary repairs and the price of those repairs, and (3) retaining Accuserve Code Blue to perform an independent technical review of invoices submitted by Service Restoration when it was unable to reach an agreement directly with that provider. Each of these investigatory methods, among others, supported Defendant's position for making payment in the amount identified above.

21.    As to each and every fact identified in your response to the foregoing interrogatory,

please further set forth:

- a.  The date that you became aware of such fact;
- b.  The manner in which you became aware of such fact;
- c.  The name, address and telephone number of any person known to you who possesses or claims to possess knowledge of any such fact;
- d.  An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such fact; and
- e.  The name, address and telephone number of the present custodian of any writing identified in your answers to the foregoing subpart of this interrogatory.

**OBJECTION:    Defendant objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position. *Helmert v. Butterball, LLC*, No. 4:08-CV-00342, 2010 WL 45378096, at \*1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion." *Id.* (citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.**

**Defendant further objects to this Interrogatory as overly broad and unduly burdensome to the extent subpart (d) seeks identification of "each and every writing relating to such fact." This particular request is not tailored to only information relevant to Plaintiff's claims for damages in this lawsuit. In fact, it is impossible for Defendant to identify "each and every writing" responsive to subpart (d) as there may exist such writings to which Defendant is unaware, not in possession of, or which is irrelevant to this litigation. To this end, it is overly burdensome to require Plaintiff to identify extensive written explanations regarding its entire defense to a case when less burdensome discovery methods are available. Defendant also objects to this Interrogatory to the extent it seeks the identification of writings protected by the attorney-client privilege and work-product doctrine.**

**ANSWER:  Subject to and without waiving said objections, please see Defendant's response to Interrogatory #20 above as well as the non-privileged documents from Defendant's claim file produced contemporaneously in response to Plaintiff's First Set of Requests for Production.**

22.    Please set forth each and every fact or contention known to you as of the date that you

determined to deny the payment of the claim of Plaintiff under policy number #0094309 25-368984,

which supported the claim for payment.

#30580041 v1

**OBJECTION:**   Defendant objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position. *Helmert v. Butterball, LLC*, No. 4:08-CV-00342, 2010 WL 45378096, at *1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion." *Id.* (citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.

Defendant further objects to this Interrogatory as confusing. As written, this Interrogatory insinuates that Defendant did not make any payment whatsoever on the claim at issue which is factually inaccurate. To this end, it is unclear whether this Interrogatory is requesting information regarding the facts which support the amounts that were actually paid or whether Plaintiff is requesting Defendant to identify the facts which support that additional payments should have been made.

**ANSWER:**   Subject to and without waiving said objections, the applicable policy of insurance required Defendant to pay for covered losses on a replacement cost basis. Based upon these policy obligations, Defendant made payments to Plaintiff and its various vendors/contractors totaling $230,713.41 for the repair of identified covered losses. Defendant reached this total amount based upon the investigation it completed into the claim over a period of nearly eight months. This investigation included (1) retaining an independent adjuster to investigate the church property and prepare a scope and estimate of necessary repairs, (2) communicating directly with repair contractors to reach agreements on the scope of necessary repairs and the price of those repairs, and (3) retaining Accuserve Code Blue to perform an independent technical review of invoices submitted by Service Restoration when it was unable to reach an agreement directly with that provider. Each of these investigatory methods, among others, supported Defendant's position for making payment in the amount identified above.

Defendant is presently unaware of any additional facts which support the notion that additional payments were owed based upon its coverage obligations under the applicable insurance policy.

23.     As to each and every fact identified in your response to the foregoing interrogatory, please further set forth:

   a.   The date you became aware of such fact;
   b.   The manner in which you became aware of such fact;
   c.   The name, address and telephone number of any person known to you who possesses or claims to possess knowledge of any such fact;

#30580041 v1

d. An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such fact; and

e. The name, address and telephone number of the present custodian of any writing identified in your answers to the foregoing subpart of this interrogatory.

**OBJECTION:** Defendant objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position. *Helmert v. Butterball, LLC*, No. 4:08-CV-00342, 2010 WL 45378096, at *1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion." *Id.* (citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.

Defendant further objects to this Interrogatory as overly broad and unduly burdensome to the extent subpart (d) seeks identification of "each and every writing relating to such fact." This particular request is not tailored to only information relevant to Plaintiff's claims for damages in this lawsuit. In fact, it is impossible for Defendant to identify "each and every writing" responsive to subpart (d) as there may exist such writings to which Defendant is unaware, not in possession of, or which is irrelevant to this litigation. To this end, it is overly burdensome to require Plaintiff to identify extensive written explanations regarding its entire defense to a case when less burdensome discovery methods are available. Defendant also objects to this Interrogatory to the extent it seeks the identification of writings protected by the attorney-client privilege and work-product doctrine.

**ANSWER:** Subject to and without waiving said objections, please see Defendant's response to Interrogatory #22 above as well as the non-privileged documents from Defendant's claim file produced contemporaneously in response to Plaintiff's First Set of Requests for Production.

24. Please state whether, at the time you determined to deny payment of the subject claim, you possessed any manual, protocol, training material, or similar writing pertaining to the means by which such claims were evaluated.

**OBJECTION:** Defendant objects to this Request as it seeks private, confidential, or proprietary material, or other materials which constitute legally protectable trade secrets under applicable law.

**ANSWER:** Subject to and without waiving said objections, Defendant determines its coverage obligations for any one claim by evaluating the facts of the claim against the terms and conditions of the insured's policy.

#30580041 v1

25.    If your answer to the foregoing interrogatory was in the affirmative, please further set

forth:

    a.  The name or title of such manual, protocol, training material, or other writing;
    b.  The name and address of each person known to you who participated in the creation of said manual, protocol, training material, or writing;
    c.  Whether you consulted the terms of such writing in the course of evaluating the instant claim;
    d.  The name, address and telephone number of the present custodian of any such writing.

**OBJECTION:** **Defendant objects to this Request as it seeks private, confidential, or proprietary material, or other materials which constitute legally protectable trade secrets under applicable law.**

**ANSWER:** **Subject to and without waiving said objections, Defendant determines its coverage obligations for any one claim by evaluating the facts of the claim against the terms and conditions of the insured's policy.**

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Timothy J. Wolf
Timothy J. Wolf, #2009230 (AR)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
*Attorney for Defendant Church Mutual Insurance Company*

## **VERIFICATION**

STATE OF _____    )
                             ) ss.
COUNTY OF _____     )

The below named person, being duly sworn under oath states that they have read the foregoing Responses to Interrogatories and the answers given are true to the best of their knowledge and belief.

**On behalf of Church Mutual Insurance Company, S.I.**

By: _____

Name: _____

Title: _____

The foregoing Responses to Interrogatories were subscribed and sworn to before me this _____ day of _____, 20__.

_____
Notary Public

My Commission Expires:

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of the foregoing was served via electronic mail this 24th day of August, 2023, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com
*Attorney for Plaintiff*

/s/Timothy J. Wolf

#30580041 v1

‹   Privilege Log 8.24.23.pdf        ‹      ⓘ   ⋮

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

| | |
|---|---|
| ROSE HILL CUMBERLAND ) | |
| PRESBYTERIAN CHURCH, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:23-cv-335-LPR |
| ) | |
| vs. ) | |
| ) | |
| CHURCH MUTUAL INSURANCE ) | |
| COMPANY, S.I. ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S PRIVILEGE LOG

COMES NOW Defendant Church Mutual Insurance Company, S.I. ("Church Mutual"),

and for its Privilege Log, states as follows:

| Bates No. | Date | Author/Recipient | Description | Privilege/Objection | Production Status |
|---|---|---|---|---|---|
| | | **PRODUCTION DATED 8/24/2023** | | | |
| N/A | 3/15/2023 | Various employees of Church Mutual's legal and compliance team. | Email correspondence | Document contains an internal communication with Church Mutual's legal team concerning the filing and service of this suit upon Church Mutual which is protected by the attorney-client privilege and work-product doctrine. | Not Produced |
| 00818– 00942 | N/A | N/A | Log Notes | Document contains information relating to Church Mutual's internal reserves throughout the life of the claim which are irrelevant to Plaintiff's claims and constitute protected proprietary and/or confidential information. | Produced/Redacted |


WATTERS WOLF BUB & HANSMANN, LLC

9/11/23, 4:19 PM
Privilege Log 8.24.23.pdf - iManage Share
Case 4:23-cv-00335-LPR-JTK   Document 21   Filed 10/04/23   Page 27 of 74

#30616200 v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

ROSE HILL CUMBERLAND           )
PRESBYTERIAN CHURCH,           )
                               )
        Plaintiff,             )        Case No. 4:23-cv-335-LPR
                               )
vs.                            )
                               )
CHURCH MUTUAL INSURANCE        )
COMPANY, S.I.                  )
                               )
        Defendant.             )

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

COMES NOW Defendant Church Mutual Insurance Company, S.I. ("Church Mutual"), by and through the undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides the following objections and responses to Plaintiff's First Set of Requests for Production:

## REQUESTS FOR PRODUCTION

1.    Please produce and permit inspection and copying of each and every item of real or demonstrative evidence you intend to introduce into evidence at the trial in this case, including any transcriptions of tape-recordings, or copies of any tapes or other recordings made.

**ANSWER:  Defendant has not yet made a decision regarding the evidence it will seek to introduce into evidence at trial. Defendant reserves the right to introduce any real or demonstrative evidence produced and/or discovered by either party during the investigation of this matter. Subject to and without waiving said objections, please see the non-privileged documents contained within Defendant's claim file that are produced hereto. Defendant reserves the right to amend and/or supplement its response to this Request as discovery and trial preparation progresses.**

2.    Please produce and permit inspection and copying of each and every statement of any kind, whether written, recorded, stenographically transcribed, or otherwise, obtained by you,

your agents, investigators or anyone acting on your behalf from any of the persons named in these

answers to interrogatories.

**OBJECTION:** **Defendant objects to this Request as confusing and unclear. The term "statement" is not a defined term for purposes of these Requests for Production and is broad in meaning. For instance, a "statement" could foreseeably include any and all communications received from any person related to the claim at issue. On the other hand, as is generally the case during a claim investigation, "statement" could refer only to recorded and written statements provided at the direction of an investigator or adjuster.**

**ANSWER:** **Subject to and without waiving said objections, please see the written statement of Jeff Loveless, a member of Plaintiff who reportedly first discovered the loss, which was provided to Defendant during the claim investigation, Bates Labelled CM 01078–01079.**

3.    Please produce for copying and inspection the claim file and all files regarding

Plaintiff and policy number #0094309 25-368984, including a copy of the policy.

**OBJECTION:** **Defendant objects to this Request to the extent it seeks the production of documents protected by the work-product doctrine and attorney-client privilege. Defendant further objects to this Request to the extent it seeks information that is irrelevant to Plaintiff's claims and constitutes protected proprietary and/or confidential information. Please see the produced privilege log outlining those documents not produced and/or redacted pursuant to this objection.**

**ANSWER:** **Subject to and without waiving said objections, please see non-privileged documents contained within the claim file as well as a copy of the policy, Bates Labelled CM 00544–00817.**

4.    Please produce a copy of any and all reports provided to you by an expert witness.

**ANSWER:** **Defendant has not yet determined what expert witnesses it will disclose in this matter to date and, as such, has not yet received any such reports. Defendant will supplement this Request in accordance with the applicable Rules and Court Orders.**

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Timothy J. Wolf
Timothy J. Wolf, #2009230 (AR)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
*Attorney for Defendant Church Mutual*
*Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of the foregoing was served via electronic mail this 24th day of August, 2023, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com
*Attorney for Plaintiff*

/s/Timothy J. Wolf

#30484212 v1

From: **Johnson Ogles** jogles@aol.com
Subject: **Re: Rose Hill**
Date: **Sep 11, 2023 at 4:45:32 PM**
   To: **Tyler Hamilton** THamilton@wwbhlaw.com
   Cc: **Timothy Wolf** TWolf@wwbhlaw.com
   Bcc: **Gay Pace** ggbpace@att.net

---

This is my one and only good faith attempt to resolve your lack of good faith in answering the discovery I sent you.

First, My client paid a ton of money for this insurance. The insurance file belongs to them Every Arkansas Judge grants this request. Your client cannot take my clients money and not provide them the claims file.

Regarding the First set of requests for production I am requesting request #1 be answered without objection. It is a standard question. Request #2 should be answered without objection. It is not confusing. It is a stall and gamesmanship on your part because I guess you are used to getting away with merit less objections. Request #3. We get the claim file. There is not any negotiation on this issue. I have litigated this issue many times in last 20 years and won every time.

Answer to Interrogatories:

#1 should be answered without objection. How am I to know who your witness's are.
#3 is a good question and should be answered without objection. It is not confusing and you are playing games.
#5 should be answered without objection. It seems to me your objections are a way for you to stall.
#6 is a good question. You just do not want to provide the information.
#10 is a good question. Your excuse to not answer is merit less.
#11 is a good question. Your excuse to not answer is a stretch.
#15 is a good question. There is no way you can justify in not answering.
#16 is a good question. Why am I not entitled to know why your client denied the claim?
#17 is a good question. It's not confusing or unclear. That must be your code word to deny telling the truth.
#18 Is a good question. Am I not entitle to know this information?
#19 is a good question. Am I not entitle to know who your expert is?
#20 is a good question. Your excuse for not answering is not true.
#21 is a good question. The reason its a good question is obvious.
#22 is a REALLY good question.


EXHIBIT _E_

#23 is a REALLY good question.
#24 is a really good question.  Name one reason I am not entitle to this information.
#25 is a really good question.  If your client does not want to answer it should have not taken my clients money.

The bottom line is I have seen all these stall and trickery objections before.  Admit you are incorrect  and answer truthfully or I will ask for court intervention.

Sincerely,


John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis Jacksonville ,Ark 72076
ph. 501.982.8339  fax 501.985.1403
Licensed in Ark, Texas, U.S. Tax Court and Supreme Court


On Thursday, August 24, 2023 at 05:54:01 PM CDT, Tyler Hamilton <thamilton@wwbhlaw.com> wrote:


John,


Please find Church Mutual's responses and objections to Plaintiff's First Set of Requests for Production and Interrogatories in the below link. The link also includes the produced documents and Church Mutual's privilege log. We are still obtaining our client's notarized verification page for the interrogatory responses and will supplement that to you in the next day or two. Please let me know if you have any issues accessing the documents.


https://www.imanageshare.com/f/AaraMZn9npk


Thanks,

In re: Cause No. 22-CV-23-40
September 15, 2023
Page 1



Timothy J. Wolf
Direct: 636-798-0576
twolf@wwbhlaw.com

600 Kellwood Pkwy, St. 120
St. Louis, Missouri 63017
Phone: 636-798-0570

September 15, 2023

**VIA EMAIL:** jogles@aol.com

Mr. John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078

> In re:  Rose Hill Cumberland Presbyterian Church
> vs. Church Mutual Insurance Company
> Cause No. 22-CV-23-40
> Our File No. 06025-95004

Dear Mr. Ogles:

Please allow this correspondence to serve as a response to your recent email correspondence regarding my client's responses and objections to Plaintiff's First Set of Interrogatories. We address each of your responses in turn:

Interrogatory #1 – Church Mutual will not answer without objection. That being said, Church Mutual has fully answered this question based on its present knowledge of the matter. The full extent of potential witnesses Church Mutual may call at trial at this time are listed in both parties' Initial Disclosures. That being said, as referenced in Church Mutual's response, discovery in this matter is still being conducted. Church Mutual will supplement its response to this Interrogatory if and/or when additional witnesses are identified during discovery.

Interrogatory #3 – Church Mutual maintains this Interrogatory is not limited in time or scope. As written, this Interrogatory relates to whether Church Mutual, its agents, investigators, or attorneys have *ever* spoken to or contacted any of the persons named in answers to these interrogatories *for any reason*. The Interrogatory is not properly limited in time or scope with reference to the claim or investigation at issue. This is overly broad and improper under the discovery rules. All of this being said, Church Mutual produced its claim file which includes all communications in Church Mutual's possession between its agents and investigators and others involved with the claim.

#30681957 v1


EXHIBIT ____

In re: Cause No. 22-CV-23-40
September 15, 2023 .
Page 2

Church Mutual has responded to this Interrogatory to the best of its ability based upon the documents in its possession at this time.

Interrogatory #5 – This Interrogatory is duplicative of Interrogatory #20. Thus, Church Mutual maintains its objections. Please see our response to your objections to Interrogatory #20 below.

Interrogatory #6 – This Interrogatory is duplicative of the information sought in Interrogatory #21. Thus, Church Mutual maintains its objections. Please see our response to your objections to Interrogatory #21 below.

Interrogatory #10 – Church Mutual has answered this Interrogatory in the affirmative in its responses. Your objection this response is baseless.

Interrogatory #11 – Again, Church Mutual has answered this Interrogatory and each discrete subpart to the best of its knowledge based upon the documents and information in its possession and known to date. It is unclear how you can support the position that Church Mutual has not answered this Interrogatory.

Interrogatory #15 – Church Mutual has answered Interrogatory #15. Specifically, subparts (a) and (b) request the name, contact information, and basis of knowledge of each applicable person. This information is listed in each party's Initial Disclosures as referenced in Church Mutual's response. Subparts (c) and (d) request the identification of each writing or knowledge possessed by each applicable person. In response to this subpart, Church Mutual produced its claim file which includes all of the documents in its possession related to such persons as permitted by Rule 33(d) of the Federal Rules of Civil Procedure. It is unclear from your objection what aspect of Interrogatory #15 was not answered by Church Mutual.

Interrogatory #16 – Your objection to Church Mutual's response to this Interrogatory is confusing. Interrogatory #16 asks whether Church Mutual obtained any statements from any persons regarding facts that form the basis for the claim at issue. "Statement" is not a defined term in the Interrogatories and can be interpreted in several different ways in the insurance context. Regardless, Church Mutual identified the statement of Jeff Loveless which was provided by your client during the claim investigation. Your objection to this response is: "Why am I not entitled to know why your client denied the claim?" The information sought in Interrogatory #16—whether Church Mutual obtained a statement from any person during the claim investigation—bears no relation to the specific coverage decision made by Church Mutual. This Interrogatory was properly and fully answered and your objection to same is completely unrelated to the information sought.

Interrogatory #17 – This Interrogatory—like Interrogatory #16—is unclear and confusing because the term "statement" is not defined and is subject to multiple interpretations of meaning. Regardless, Church Mutual fully answered each discrete subpart outlined in Interrogatory #17. Church Mutual will supplement its responses to Interrogatories #16 and #17 should additional information become known during discovery as required by the Federal Rules of Civil Procedure.

#30681957 v1

In re: Cause No. 22-CV-23-40
September 15, 2023
Page 3

Interrogatory #18 – Church Mutual has fully answered this Interrogatory by outlining the consultants and vendors it retained during the course of the claim investigation as well as stating the role each of those consultants and vendors within the context of the claim. In addition, Church Mutual produced the files for those consultants and vendors. This is actually more information than was otherwise requested in Interrogatory #18. Your objection to this response is unsupported as it is unclear what information you don't have but are still seeking. Church Mutual has produced everything in its possession responsive to this Interrogatory.

Interrogatory #19 – Church Mutual has not yet identified the experts it will retain for purposes of the trial in this matter nor is the deadline to do so set to pass for several months as set forth in the Court's Final Scheduling Order. Church Mutual will disclose its experts as required by the Federal Rules of Civil Procedure and the Court's Final Scheduling Order. On top of this, Church Mutual identified the consultants/vendors it retained for purposes of the claim investigation within its response to Interrogatory #18. Further, Church Mutual produced all documents in its possession related to those consultants/vendors as permitted by Rule 33(d) of the Federal Rules of Civil Procedure. Church Mutual has identified all relevant parties at this time and produced all documents in its possession related to the same. Your objection to Church Mutual's response in this regard has no basis.

Interrogatory #20 – Similar to your prior objections, you state that Church Mutual has refused to answer this Interrogatory. This statement, however, is false. Church Mutual objected to *and answered* Interrogatory #20. Further, it is Church Mutual's position, based upon Eastern District caselaw, that contention interrogatories such as this are inappropriate at this early stage in the discovery process. Additionally, this Interrogatory is unduly burdensome, particularly when Plaintiff may take the deposition of a corporate representative for Church Mutual to provide testimony regarding its claim investigation. Finally, Interrogatory #20 calls for a legal conclusion. Interrogatory #20 specifically asks Church Mutual to set forth "each and every fact ... that you *contend* supported your decision to deny payment." (emphasis added). The determination of coverage and payment is a legal question. Regardless, Church Mutual provided a response to Interrogatory #20 informing your client how it made its coverage determination. Requiring Church Mutual to set forth in writing every single fact that impacted its coverage determination over an eight-month long coverage investigation is unduly burdensome and better suited for deposition.

Interrogatory #21 – Church Mutual maintains its objections to Interrogatory #21 for the same reasons identified in its response to your objections to Interrogatory #20. Additionally, Church Mutual produced its claim file which includes all of the documents in its possession related to its coverage investigation as permitted by Rule 33(d) of the Federal Rules of Civil Procedure. As stated above regarding Interrogatory #20, requiring Church Mutual to set forth in writing extensive information regarding every single fact that impacted its coverage determination over an eight-month long coverage investigation is unduly burdensome and better suited for deposition. Plaintiff is equally capable of gaining this information from the claim file documents produced with Church Mutual's discovery responses.

Interrogatory #22 – Like Church Mutual's position with regard to Interrogatories #20 and #21 above, Eastern District caselaw is clear that contention interrogatories such as this are

In re: Cause No. 22-CV-23-40
September 15, 2023
Page 4

inappropriate at this early stage in the discovery process. Interrogatory #22 clearly qualifies as a contention interrogatory as the term "contention" is specifically used therein: "Please set forth each and every fact or *contention* known to you...." (emphasis added). For this same reason, Interrogatory #22 clearly calls for a legal conclusion. Additionally, like Interrogatory #20, this Interrogatory is unduly burdensome and inefficient when similar information can be gained through the deposition of a corporate representative. With this, Church Mutual has produced its claim file for this loss which contains all of the documents and information it uncovered during its investigation which support its coverage determination. Thus, Church Mutual stands on its objections and response as previously provided.

Interrogatory #23 – Church Mutual maintains its objections to Interrogatory #23 for the same reasons identified in its response to your objections to Interrogatories #20, #21, and #22. Church Mutual produced its claim file which includes all of the documents in its possession related to its coverage investigation and determination as permitted by Rule 33(d) of the Federal Rules of Civil Procedure. Requesting Church Mutual to set forth in writing extensive information regarding every single fact that impacted its coverage determination over an eight-months long coverage investigation is unduly burdensome and better suited for deposition. Additionally, Plaintiff is equally capable of gaining this information from the claim file documents produced with Church Mutual's discovery responses.

Interrogatory #24 – Church Mutual maintains its objections as set forth in its response to Interrogatory #24.

Interrogatory #25 – Church Mutual maintains its objections as set forth in its response to Interrogatory #25. Further, your client making contractually-obligated payments to Church Mutual does not automatically entitle it to the production of private, confidential, and proprietary material. Your objection to the contrary is without merit.

At this point in time, Church Mutual has produced the entirety of its claim file and fully answered each Interrogatory propounded based upon the information that is presently known. Consistent with its duties under the Federal Rules of Civil Procedure, Church Mutual will supplement its responses to your client's Interrogatories should new information become known during discovery. Please feel free to contact me should you wish to discuss this dispute further.

Very truly yours,

Timothy J. Wolf

TJW/TJH

## WATTERS WOLF BUB HANSMANN

600 Kellwood Pkwy, Suite 120  |  Saint Louis, Missouri 63017
www.wwbhlaw.com

#30681957 v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ROSE HILL CUMBERLAND )
PRESBYTERIAN CHURCH, )
)
Plaintiff,          ' )      Case No. 4:23-cv-335-LPR
)
vs. )
)
CHURCH MUTUAL INSURANCE )
COMPANY, S.I. )
)
Defendant. )

**RESPONSE TO DEFENDANT'S FIRST SET OF**
**INTERROGATORIES DIRECTED TO PLAINTIFF**

Comes the Plaintiff, Rose Hill Cumberland Presbyterian Church, and for its response,

states:

**INTERROGATORIES**

1.      Identify the name, address, telephone number, and relationship to Plaintiff of any

person answering these interrogatories.

**ANSWER:**

Elizabeth Pace, PO Box 2419, 818 Hwy. 83, Monticello, AR 71656, 870-723-6466. Jacob Hayes,

139 W. College Ave., Monticello, AR 71655, 870-308-0101.

2.      Identify each person you believe may have knowledge or information tending to prove

or disprove any of the allegations in Plaintiff's Complaint and summarize what information you

believe they may have.

EXHIBIT ___

**ANSWER:**

Elizabeth Pace, Jacob Hayes.

Ms. Pace spoke with Church Mutual rep. Abelardo Dejesus, on July 25, 2022 concerning the incident. Church Mutual instructed Ms. Pace to hire a restoration company immediately.

Mr. Hayes was instructed by Pace to find a restoration company. He contacted Service Restoration.

Ms. Pace made initial contact with Church Mutual and has been in the communication loop between Church Mutual and Service Restoration.

Mr. Hayes hired Service Restoration on behalf of Rose Hill Cumberland Presbyterian Church. He had direct contact with Service Restoration during the "clean-up" and after. He was also a part of the communication loop between Church Mutual and Service Restoration.

   3.   Identify each person Plaintiff expects to call as an expert witness and provide: (1) the general nature of the subject matter on which the expert is expected to testify; and (2) the expert's qualifications to give such an opinion.

**ANSWER:**      Plaintiff does not have an expert at this time.

   4.   Identify when Plaintiff purchased the Insured Location and state the ownership interest held by Plaintiff in the Insured Location. Please also state the identity of any other individuals or entities that hold any ownership or financial interest in the Insured Location along with the nature of that interest.

**ANSWER:** Church is owned by Arkansas Presbytery. The land for the sanctuary was deeded in 1983. The new sanctuary was completed in 1986.

   5.   Identify all statements and communications that were made by Defendant to Plaintiff or any of its representatives in connection with the allegations in the Complaint. For each statement, provide the following:

    a.  The name of the person making the statement;
    b.  The name, address, and telephone numbers of all individuals who were present when the statement was made;
    c.  The date and time the statement was made; and
    d.  The general nature of the statement.

**ANSWER:**

Abelardo Dejesus and Bambi Hickey were the contacts for Church Mutual. Richardo Robles was the main contact for Service Restoration. Contact information, dates & time of statements and the general nature of the conversations are available on the provided emails.

6.     Identify all statements and communications, excluding attorney-client communications, that were made by Plaintiff or any of its representatives which relate to the allegations in the Complaint. For each statement, provide the following:

    e.  The name of the person making the statement;
    f.  The name, address, and telephone numbers of all individuals who were present when the statement was made;
    g.  The date and time the statement was made; and
    h.  The general nature of the statement.

**ANSWER:**

Abelardo Dejesus and Bambi Hickey were the contacts for Church Mutual. Richardo Robles was the main contact for Service Restoration. Contact information, dates & time of statements and the general nature of the conversations are available on the provided emails.

7.     State whether you received any construction and/or repair bids, reports, appraisals, quotes, or estimates concerning the damage to the Insured Location allegedly caused by the Loss Event as indicated in Plaintiff's Complaint. If so, please state the following:

    a.  The person or entity who provided such bid, report, appraisal, quote, or estimate, including the name and contact information of the person or entity;
    b.  The date each such person or entity inspected the Insured Location;
    c.  The date such bid, report, appraisal, quote, or estimate was provided to Plaintiff;
    d.  The cost actually spent, if any, for such bid, report, appraisal, quote, or estimate; and

      e.  Whether Plaintiff provided such bid, report, appraisal, quote, or estimate to Defendant, and if so, the date upon which such document(s) was/were provided.

**ANSWER:**

Church Mutual estimated the damaged to be $45,432.44..  Zen Roofworks worked with Church Mutual to submit a supplemental estimate of the actual cost of the repairs that was agreed upon by Church Mutual. A Statement of Loss has been provided.

Arkansas Strong Roofing & Construction, 433 Longview Rd., Wilmar, AR 71675 was the contractor for the repair to the church.

Provided quotes at no charge for the repairs to Church Mutual on October 7, 2022.

     8.     Identify all mitigation, remediation, repair, improvement, and similar services performed at and/or provided to the Insured Location as a result of the Loss Event. For each applicable instance, provide the following:

      a.  The name, address, and telephone number of the entity and/or individual who made the repair or performed the service;
      b.  The dates the repair and/or service began and was completed;
      c.  The amount charged for the repair and/or service;
      d.  The amount paid by Church Mutual for the repair and/or service;
      e.  The amount remaining owed for the repair and/or service, if any;
      f.  The name, address, and telephone number of anyone that has knowledge of the repair and/or service.

**ANSWER:**  Copies of checks and Invoices are attached.

     9.     Identify all bids, scopes of work, contracts, agreements, or similar documents entered into by and between Plaintiff and any individual and/or entity for repairs or similar services performed at the Insured Location as a result of the Loss Event. Please also identify and describe the contents of any such responsive document.

**ANSWER:**  Information is provided in attached emails.

10.    Explain how your damages totaling $257,626.40 as stated in Paragraph 7 of the Complaint were calculated and identify any individuals with knowledge of those calculations as well as any documents which support the valuation of said damages.

**ANSWER:**

Water Mitigation $165,881.44

Mold Remediation $52,565.51

Storage of Contents was a monthly charge with finance fees added that increased each month. Emails supporting this amount and invoices from Service Restoration were provided.

11.    Please identify any contracts or agreements which support your claim for attorney's fees, including, but not limited to, those documents which evidence the nature of the services performed, the amount of time expended in performing said services, all sums paid or owed for such services, and any other documentation supporting Plaintiff's claim in this regard.

**ANSWER:**

Plaintiff objects to this interrogatory violating the attorney client privilege and work product doctrine and is not discoverable evidence or relevant.  It may be relevant at some point but not until a verdict is successfully obtained by the Plaintiff.

Respectfully Submitted,

_____
John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
Facsimile (501) 985-1403
jogles@aol.com

## CERTIFICATE OF SERVICE

I, John Ogles, do hereby certify that a copy of the foregoing pleading has been duly served upon the following on this _10th_ day of August, 2023:

Timothy J. Wolf
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0693 Facsimile
twolf@wwbhlaw.com

_____
John Ogles

VERIFICATION

STATE OF ARKANSAS)
COUNTY OF Pulaski      )

I, Gay Pace, representative of Plaintiff Rose Hill Cumberland Presbyterian Church herein, state on oath that the information contained in the foregoing Response to Defendant's First Set of Interrogatories is true and correct to the best of my knowledge, information and belief.

_____
Gay Pace

Subscribed and sworn to before me this _16_ day of _August_, 2023.

_____
Notary Public

My Commission Expires:

D JOHNSON OGLES
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires April 10, 2032
Commission No. 12367503

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

ROSE HILL CUMBERLAND )
PRESBYTERIAN CHURCH, )
)
      Plaintiff, )    Case No. 4:23-cv-335-LPR
)
vs. )
)
CHURCH MUTUAL INSURANCE )
COMPANY, S.I. )
)
      Defendant. )

**RESPONSE TO DEFENDANT'S FIRST SET OF
REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF**

Comes the Plaintiff, Rose Hill Cumberland Presbyterian Church, and for its response,

states:

**REQUESTS FOR PRODUCTION**

1. Produce all non-privileged documents relied upon or identified by you in answering

Defendant's First Set of Interrogatories Directed to Plaintiff.

**ANSWER:** See attached.

2. Produce all non-privileged statements and communications of any person in your

possession, including the parties or their respective representatives, regarding the allegations in

the Complaint.

**ANSWER:** See attached.

3. Produce all documents which reflect or relate to any repairs made to the Insured

Location as a result of the Loss Event, including but not limited to, inspections, appraisals, reports,

estimates, invoices, contracts, agreements, checks, evidence of payments, and non-privileged communications.

**ANSWER:** See attached.

4.    Produce all documents which support or relate in any way to the calculation of damages Plaintiff is claiming in this lawsuit, including but not limited to, estimates, reports, appraisals, invoices, checks, and receipts.

**ANSWER:** See attached.

5.    Produce all communications in any form or nature whatsoever between Plaintiff and Defendant, or their respective representatives, regarding any damages claimed in this lawsuit and the repairs made to same.

**ANSWER:** See attached.  However, Defendant will have this information also.

6.    Produce all non-privileged communications in any form or nature whatsoever between Plaintiff and any other third-party, or their respective representatives, regarding any damages claimed in this lawsuit and the repairs made to same.

**ANSWER:** See attached.

7.    Produce the fee agreement and all invoices from the law firm representing Plaintiff which support or relate to your claim for attorney's fees.

**ANSWER:** Plaintiff objects to this request for production of documents.  Plaintiffs object to this interrogatory violating the attorney client privilege and work product doctrine and is not discoverable evidence or relevant.  It may be relevant at some point but not until a verdict is successfully obtained by the Plaintiff.

8.    Produce all other non-privileged documents of any nature which relate in any way to the allegations in the Complaint to the extent they have not already been requested above.

**ANSWER:** See attached.

Respectfully submitted,

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
Facsimile (501) 985-1403
jogles@aol.com

## CERTIFICATE OF SERVICE

I, John Ogles, do hereby certify that a copy of the foregoing pleading has been duly
served upon the following on this __16th__ day of August, 2023:

Timothy J. Wolf
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0693 Facsimile
twolf@wwbhlaw.com

John Ogles

VERIFICATION

STATE OF ARKANSAS)
COUNTY OF Pulaski        )

I, Gay Pace, representative of Plaintiff Rose Hill Cumberland Presbyterian Church herein,
state on oath that the information contained in the foregoing Response to Defendant's First Set
of Requests for Production is true and correct to the best of my knowledge, information and
belief.

Gay Pace

Subscribed and sworn to before me this ___ day of _____, 2023.

My Commission Expires:                    Notary Public

D JOHNSON OGLES
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires April 10, 2032
Commission No 12411708

# THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**FARM CREDIT LEASING SERVICES CORPORATION**                              **PLAINTIFF**

v.                                          **Case No. 4:19-cv-00280-KGB**

**TODD WELDON SMITH**                                                      **DEFENDANT**

## ORDER

Before the Court are several pending motions related to discovery in this case. For the following reasons, consistent with the terms of this Order, the Court rules as follows:

1.       The Court denies as moot defendant Todd Weldon Smith's motion to expedite (Dkt. No. 21).

2.       The Court grants in part and denies in part defendant's first motion to compel (Dkt. No. 11).

3.       The Court grants in part and denies in part plaintiff Farm Credit Leasing Services Corporation's motion to compel (Dkt. No. 24).

4.       The Court grants in part and denies in part defendant's second motion to compel (Dkt. No. 28).

5.       The Court grants in part and denies in part defendant's supplement to his motions to compel (Dkt. No. 34).

The Court conducted a telephone hearing with counsel about these pending motions on April 13, 2020 (Dkt. No. 37). The Court now examines the pending motions and subject discovery requests.

**I.       Defendant's Motion To Expedite**

EXHIBIT ___H___

Defendant filed a motion requesting that the Court direct plaintiff to make its objections to defendant's second set of discovery within 10 days from the date of the motion (Dkt. No. 21). Plaintiff responded in opposition to the motion (Dkt. No. 23). The response time allowed under the Federal Rules of Civil Procedure has passed. Therefore, the Court denies as moot the motion to expedite (Dkt. No. 21).

## II.     Defendant's Motions To Compel

Before the Court is defendant's first motion to compel (Dkt. No. 11), to which plaintiff responded in opposition and defendant replied (Dkt. Nos. 14, 17).  Also before the Court are defendant's second motion to compel (Dkt. No. 28) and defendant's supplement to his motions to compel (Dkt. No. 34).  With respect to certain interrogatories and requests for production in the first set of discovery, defendant essentially requests that plaintiff be required to answer the discovery without objection (Dkt. No. 11, at 3).  The Court will not deny defendant's motion to compel on the basis that the parties failed to confer in good faith prior to filing the motion (Dkt. No. 14, at 4).  Instead, the Court examines each discovery request.

### A.     Interrogatory Nos. 1 and 2 Of The First Set

Interrogatory No. 1 of the first set of defendant's discovery requests that plaintiff "[s]tate the name, address, and telephone number of all persons who have knowledge of any discoverable matter or who will or may be called as a witness at the trial of this case to support any claim or defense of Plaintiff." (Dkt. No. 11, Ex. A, at 1).  Interrogatory No. 2 requests that plaintiff "[s]tate what knowledge each person identified in Interrogatory No. 1 possesses regarding the allegations contained in plaintiff's complaint." (*Id.* at 2).

In response to Interrogatory No. 1, plaintiff stated: "FCL objects to this request on grounds the request for trial witnesses seeks information protected by the work-product doctrine and seeks

2

to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure. Subject to and without waiving those objections . . . ." (*Id.* at 1). Plaintiff then identified individuals and categories of individuals, describing the knowledge of each. In response to Interrogatory No. 2, plaintiff referred back to its objections and responses to Interrogatory No. 1 (*Id.* at 2).

Defendant, in his supplement to his motions to compel (Dkt. No. 34), cites a discovery order entered in *Taylor-Shaw v. Bestway Rent-to-Own*, No. 5:09CV00329 JLH, 2010 WL 2998796 (E.D. Ark. July 28, 2010). Judge Holmes determined in that case:

> [T]he difficulty is that when a discovery response begins with an objection and then an answer is given "subject to and without waiving" the objection, the opposing party has no way to know if the answer is full and complete or whether information has been withheld as a result of the objection. On the one hand, if no information has been withheld, the objection would seem gratuitous. On the other hand, if information has been withheld, the party seeking discovery is entitled to know whether information has been withheld, and if so, what the nature of the information is, so that she can contest the objection.

*Id.* at *2.

This Court agrees with the *Taylor-Shaw* court's reasoning as applied to Interrogatory Nos. 1 and 2 in this case. Although plaintiff represents that its responses to these interrogatories are "complete," plaintiff persists in the objection (Dkt. No. 14, at 5). The Court instructs plaintiff either: (1) to respond to Interrogatory Nos. 1 and 2 by identifying generally responsive information withheld on the basis of the objections asserted by plaintiff and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine so that defendant may assess whether to challenge the response; or (2) to withdraw the objections based on plaintiff's responses.

**B.      Request For Production No. 1 Of The First Set**

Request for Production No. 1 of defendant's first set of discovery requests that plaintiff "attach all documents or other items you may introduce as exhibits in the trial of this case, including any transcriptions of tape-recordings, or copies of any tapes or other records made." (Dkt. No. 11, Ex. A, at 2). Plaintiff responded by objecting that the request "seeks documents protected by the work-product doctrine and seeks to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure." (*Id.*). Subject to this objection, plaintiff referred defendant to the exhibits attached to the complaint (*Id.*).

Based on the analysis in *Taylor-Shaw*, the Court instructs plaintiff either: (1) to respond to Request for Production No. 1 of defendant's first set of discovery by identifying generally responsive information withheld on the basis of the objections asserted by plaintiff and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine so that defendant may assess whether to challenge the response; or (2) to withdraw the objections based on plaintiff's responses. Also, all parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to review a document production and discern without guidance from the producing party what request the documents are intended to be responsive. All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### C.    Interrogatory No. 6 And Request For Production No. 2 Of The First Set

Interrogatory No. 6 of defendant's first set of discovery asks plaintiff to "identify each person you expect to call as an expert witness at trial, state the subject on which the expert is

4

expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." (*Id.*). In response, plaintiff objected "to the extent it seeks to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure. "Subject to and without waiving that objection," FCL responded that it will "disclose experts in accordance with the Federal Rules of Civil Procedure and applicable scheduling order." (*Id.*). Request for Production No. 2 requested "any and all reports provided to you by an expert witness." (*Id.*). In response, plaintiff reasserted its objection and response to Interrogatory No. 6 (*Id.* at 3).

With respect to this interrogatory and request for production, expert witness material is different than other discovery material; it is addressed specifically in the Federal Rules of Civil Procedure and this Court's scheduling order. Defendant does not contend in his first motion to compel that plaintiff somehow failed to comply with the Federal Rules of Civil Procedure or this Court's scheduling order, nor does defendant assert good cause for being entitled in this case to expert discovery any broader than what the Federal Rules of Civil Procedure and this Court's scheduling order allow. As a result, on the basis of the filings before the Court, the Court denies defendant's first motion to compel with respect to Interrogatory No. 6 and Request for Production No. 2 of defendant's first set of discovery.

## D. Request For Production No. 3 Of The First Set

Request for Production No. 3 of defendant's first set of discovery seeks "for copying and inspection the entire file and all documents regarding Defendant Todd Weldon Smith." (*Id.*). Plaintiff responded:

> FCL objects to this request on grounds the phrases "entire file" and "all documents regarding" Defendant are vague, overbroad, and potentially seek material that is irrelevant and/or not proportional to the needs of the case. FCL objects to this request to the extent it seeks confidential, proprietary information. Further, FCL

5

objects to this request to the extent it seeks materials protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege. Subject to and without waiving those objections, FCL will produce relevant documents from its files, subject to the terms of an appropriate protective order.

(*Id.*).

The Court has now entered a protective order and understands that the response to these discovery requests likely have been or will be supplemented (Dkt. No. 36). Based on the analysis in *Taylor-Shaw*, the Court instructs plaintiff either: (1) to respond to Request for Production No. 3 of defendant's first set of discovery by identifying generally responsive information withheld on the basis of the objections asserted by plaintiff and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine so that defendant may assess whether to challenge the response; or (2) to withdraw the objections based on plaintiff's responses. Also, all parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to review a document production and discern without guidance from the producing party what request the documents are intended to be responsive. All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### E.    Interrogatory No. 8 Of The First Set

Interrogatory No. 8 of defendant's first set of discovery asked plaintiff to "consider each of the above and foregoing interrogatories and requests for production of documents to be continuing in nature and supplement your response to these interrogatories and requests for production of documents immediately upon receipt of any supplemental, contradictory, additional or other amendatory information?" (*Id.*) In response, plaintiff stated: "FCL objects to this

6

interrogatory to the extent it seeks to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure. Subject to and without waiving that objection, and any objections asserted by FCL in response to any specific discovery request at issue, FCL will respond and supplement its responses to Plaintiff's discovery requests in accordance with the Federal Rules of Civil Procedure." (*Id.*)

Plaintiff acknowledges its obligation to supplement its discovery responses throughout this litigation. The Court has ruled specifically on the other discovery requests at issue, and to the extent Interrogatory No. 8 overlaps with those other requests, the Court's ruling on Interrogatory No. 8 is consistent.

## F. Request For Production No. 1 Of The Second Set

Request For Production No. 1 of defendant's second set of discovery requests "for copying and inspection all files and documents you have regarding Defendant, Delta Southern, and Charles Schindler including all criminal files and internal investigation." (Dkt. No. 28, Ex. A, at 1). Plaintiff asserted several objections and then, "subject to and without waiving" the objections, represented that it would "produce responsive, non-privileged documents related to the transaction at issue in this lawsuit." (*Id.*)

Defendant maintains that plaintiff filed a claim in the criminal case of Charles Schindler and that, as a result, defendant should be entitled to see documents between plaintiff, plaintiff's counsel, and the United States Attorney in Mississippi where the criminal case is pending (Dkt. No. 28, ¶ 8). Further, defendant asserts that plaintiff does business with Delta Southern regarding defendant and that, as a result, defendant is entitled to the file and information requested (*Id.*).

7

To the extent plaintiff limited its response to "documents related to Defendant or the transactions at issue in this litigation," the Court sustains plaintiff's objection and directs plaintiff to limit its response appropriately based on this specific objection.

With respect to the remaining objections plaintiff asserts, based on the analysis in *Taylor-Shaw*, the Court instructs plaintiff either: (1) to respond to Request for Production No. 1 of defendant's second set of discovery by identifying generally responsive information withheld on the basis of the objections asserted by plaintiff and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine so that defendant may assess whether to challenge the response; or (2) to withdraw the objections based on plaintiff's responses. Also, all parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to assess a document production and discern without guidance what request the documents are intended to be responsive. All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

## G. Request For Production No. 2 Of The Second Set

Request for Production No. 2 of defendant's second set of discovery seeks "for copying and inspection all files, documents and information received from any federal or state crime investigation or prosecution of Charles Schindler or anyone regarding Plaintiff's complaint but not limited to Plaintiffs complaint." (Dkt. No. 28, Ex. A, at 2). Plaintiff asserted an objection "to this request to the extent it seeks materials protected by the attorney/client privilege and/or work product doctrine. In addition, FCL object[ed] because the phrase 'regarding Plaintiff's complaint

8

but not limited to Plaintiffs complaint' is vague, ambiguous, and contradictory." (*Id.*). "Subject to and without waiving these objections," plaintiff stated that it would produce non-privileged, relevant documents in response (*Id.*). Defendant asserts that he is entitled to the information describing plaintiff's losses as asserted in the case against him, along with the response to the United States Attorney in Mississippi (Dkt. No. 28, at ¶ 9).

Defendant does not attempt in his motion to compel to clarify or refine Request for Production No. 2 of his second set of discovery. The Court agrees with plaintiff that the phrase "but not limited to Plaintiffs complaint" is vague, ambiguous, and contradictory. To the extent plaintiff objects to that phrase, the Court sustains the objection and strikes that phrase from Request for Production No. 2 of defendant's second set of discovery.

With respect to the remaining objections plaintiff asserts, based on the analysis in *Taylor-Shaw*, the Court instructs plaintiff either: (1) to respond to Request for Production No. 2 of defendant's second set of discovery by identifying generally responsive information withheld on the basis of the objections asserted by plaintiff and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine so that defendant may assess whether to challenge the response; or (2) to withdraw the objections based on plaintiff's responses. Also, all parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to assess a document production and discern without guidance what request the documents are intended to be responsive. All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

9

## H.     Request For Production No. 4 Of The Second Set

In Request for Production No. 4 of defendant's second set of discovery, defendant seeks "all communications between Plaintiff and Co Bank." (Dkt. No. 28, Ex. A, at 2). Plaintiff objected to the request and stated that it would not produce documents in response. According to defendant, CoBank owns plaintiff, and plaintiff sent this same request to defendant (Dkt. No. 28, ¶ 11). Defendant represents that it answered plaintiff's similar discovery request and, therefore, is entitled to the information (*Id.*).

The Court sustains plaintiff's objections to Request for Production No. 4 of defendant's second set of discovery. Among other things, the request is unlimited in time and scope. The Court does not know the relationship between plaintiff and Co Bank, the duration of the relationship, the subject of the relationship, or how that relationship may be related to this litigation. As a result, the Court will not rewrite this request for defendant.

## I.     Request For Production No. 7 Of The Second Set

Defendant seeks in Request for Production No. 7 of the second set of discovery "all documents, communications, including any photographs you believe to be relevant to Plaintiff's claims." (Dkt. No. 28, Ex. A, at 3). In response, plaintiff objected to the request "as duplicative of prior requests for production and to the extent it seeks FCL's confidential and/or proprietary documents." (*Id.*). Subject to that objection, and when the Court rules on the pending motion for protective order, plaintiff states that it "will produce relevant, responsive documents to this request upon the Court's ruling on its motion for protective order." (*Id.*, at 4). Initially, defendant maintained that there should not be confidential documents; defendant argued that the documents were disclosed either to defendant, the United States Attorney in Mississippi, or a third party and should be produced.

10

The Court has now entered a protective order (Dkt. No. 36). After plaintiff produces documents responsive to this request as it represented it would do, to the extent necessary, defendant may renew his motion to compel with request to this request.

### III.   Plaintiff's Motion To Compel

Plaintiff filed a motion to compel defendant to produce documents responsive to Requests for Production Nos. 4 to 12, 14, and 18 of plaintiff's first set of discovery and "to provide complete, non-evasive answers to Interrogatory Nos. 2, 4, 9, 20, and 22–27 . . . ." (Dkt. No. 24, at 1).

### A.   Requests For Production Nos. 4 to 12

Plaintiff moves to compel defendant to respond to Requests for Production Nos. 4 to 12, representing that defendant responded to these requests by stating, "I am looking." (Dkt. No. 24, at 4).[1]  Defendant did not object to these requests. Since his initial responses, defendant has produced certain documents responsive to Requests for Production Nos. 4 and 7, but he has not indicated whether his responses are now complete, according to plaintiff at the time the motion was filed. With regard to the other subject requests, defendant has produced no documents nor has he responded further, according to plaintiff at the time the motion was filed.

All parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to review a document production and discern without guidance from the producing party what request the documents are intended to be responsive. All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with

---

[1]  Plaintiff did not attach defendants' responses to it second set of discovery requests to its second motion to compel. Plaintiff subsequently electronically submitted defendants' responses to the Court but did not file them of record with the Court.

11

newly identified information or documents. The Court specifically requests that defendant comply with this Court's order in regard to his responses to Requests for Production Nos. 4 to 12.

**B.      Request For Production No. 14**

Plaintiff's Request for Production No. 14 seeks "[d]ocuments and communications, including any photographs, of any other equipment delivered to you, that you believe may be relevant to your claims or affirmative defenses." (*Id.*).   Plaintiff represents that defendant responded, "No idea how to answer this overbroad request."  (*Id.*).  Plaintiff maintains that this is an inappropriate response and not a sufficient objection under Federal Rules of Civil Procedure 34.

All parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to review a document production and discern without guidance from the producing party what request the documents are intended to be responsive. All parties also must state when a response to a request for production is complete, with the understanding that all parties in compliance with the Federal Rules of Civil Procedure and controlling case law are under an ongoing obligation to supplement discovery responses with newly identified information or documents. The Court specifically requests that defendant comply with this Court's order in regard to his responses to Request for Production No. 14.

**C.      Request For Production No. 18**

Plaintiff's Request for Production No. 18 seeks documents that plaintiff provided to or received from the Federal Bureau of Investigation, United States Attorneys' Office, or any other government or law enforcement agency regarding Delta Southern, Charles Schindler, or this lawsuit (*Id.*, at 5).  Plaintiff represents that defendant objected on the basis of attorney-client privilege and then stated, "I have no idea." (*Id.*).  Plaintiff confirms that defendant produced one

12

document responsive to this request, but it is unclear whether defendant is withholding documents, has other responsive documents to produce, or deems his response complete, according to plaintiff at the time the motion was filed.

To the extent defendant objects to Request for Production No. 18 on the basis of attorney-client privilege or attorney-work product, based on the analysis in *Taylor-Shaw*, the Court instructs defendant either: (1) to respond to Request for Production No. 18 by identifying generally responsive information withheld on the basis of the objections asserted by defendant and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work product doctrine so that plaintiff may assess whether to challenge the response; or (2) to withdraw the objections based on defendant's responses. Also, all parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to review a document production and discern without guidance from the producing party what request the documents are intended to be responsive. All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents. The Court specifically requests that defendant comply with this Court's order in regard to his responses to Request for Production No. 18.

## D. Interrogatory No. 2

Plaintiff's Interrogatory No. 2 asks defendant to identify each person or entity known to him with knowledge of any facts relating to this action, stating in detail the nature and extent of each person's knowledge (*Id.*). Plaintiff represents that defendant did not object to the

13

interrogatory but only provided a list of names, not information with respect to each individual's purported knowledge (*Id.*)

The Court grants plaintiff's motion to compel with respect to Interrogatory No. 2 and directs defendant to supplement his response based on his knowledge or to state that, based on his knowledge, his response is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### E. Interrogatory No. 4

Plaintiff's Interrogatory No. 4 asks defendant to identify documents, written materials, and/or communications that relate in any way to or contain facts or opinions related to the claims in this action (*Id.*). Plaintiff represents that defendant responded, "I have no idea how to answer this question." (*Id.*) Plaintiff maintains this is an inappropriate response and not a sufficient objection under Rule 34 of the Federal Rules of Civil Procedure. (*Id.*, at 5–6). During the telephone hearing in this matter, counsel for plaintiff withdrew without prejudice its motion to compel with respect to Interrogatory No. 4.

### F. Interrogatory No. 9

In Interrogatory No. 9, plaintiff asks defendant whether the document attached as Exhibit 4 to the complaint is a full, true, and correct copy of the Lease and, if not, to describe in detail all aspects in which the instrument differs from the Lease (*Id.*, at 6). Defendant responded, "I did not sign on August 1, 2017." (*Id.*). Plaintiff asserts this is non-responsive and evasive, in that it is unclear whether defendant is denying signing the Lease or whether he is denying signing the Lease on August 1, 2017 (*Id.*). Further, plaintiff maintains that, because defendant did not object to this request, he should have to respond fully (*Id.*).

14

The Court agrees that defendant's response to Interrogatory No. 9 is deficient. The Court grants plaintiff's motion to compel with respect to Interrogatory No. 9 and directs defendant to supplement his response based on his knowledge or to state that, based on his knowledge, his response is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

## G.     Interrogatory No. 20

Plaintiff requests that defendant describe the circumstances in which he signed the Lease and related Lease Documents in Interrogatory No. 20 (*Id.*). In response, defendant stated, "I did not sign on that date. Your employee changed the date." (*Id.*). Plaintiff maintains that, like his response to Interrogatory No. 9, this response is evasive and unclear in that plaintiff does not know whether defendant denies signing the Lease all together or denies signing the Lease on the specific date listed (*Id.*).

The Court agrees that defendant's response to Interrogatory No. 20 is deficient. The Court grants plaintiff's motion to compel with respect to Interrogatory No. 20 and directs defendant to supplement his response based on his knowledge or to state that, based on his knowledge, his response is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

## H.     Interrogatory No. 22

Plaintiff asked defendant in Interrogatory No. 22 whether defendant claims to be excused from performing any of the obligations under the Lease Documents and, if so, to state facts constituting the excuse (*Id.*, at 7). Plaintiff represents that, in response, defendant responded, "Yes,

15

because it is back-dated, forged, and not enforceable." (*Id.*). Plaintiff asserts that this response is evasive; it is unclear whether defendant takes the position he did not sign the Lease Documents on August 1, 2017, but did sign them on a different date (*Id.*). Plaintiff maintains that defendant did not object to Interrogatory No. 22 and should be required to respond fully (*Id.*).

The Court agrees that defendant's response to Interrogatory No. 22 is deficient. The Court grants plaintiff's motion to compel with respect to Interrogatory No. 22 and directs defendant to supplement his response based on his knowledge or to state that, based on his knowledge, his response is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

## I. Interrogatory No. 23

Plaintiff requests in Interrogatory No. 23 whether defendant informed plaintiff of any reason for non-performance under the Lease Documents and, if so, to provide the date and manner of the communication (*Id.*). Defendant responded to this interrogatory by stating, "Yes, by my attorney." (*Id.*). Defendant's current counsel, in the meet-and-confer discussion, represented that defendant's former counsel had the communication; he did not know the details. Plaintiff maintains that, regardless, defendant knows the details and should be required to respond fully to Interrogatory No. 23.

The Court agrees that defendant's response to Interrogatory No. 23 is deficient. The Court grants plaintiff's motion to compel with respect to Interrogatory No. 23 and directs defendant to supplement his response based on his knowledge or to state that, based on his knowledge, his response is complete, with the understanding that all parties, in compliance with the Federal Rules

16

of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### J.    Interrogatory Nos. 24 to 27

Plaintiff states that, in its initial set of discovery, it made an inadvertent typographical error, listing plaintiff instead of defendant with respect to Interrogatory Nos. 24 to 27. Although plaintiff corrected this oversight in a meet-and-confer discussion with defendant's counsel, the Court understands that plaintiff did not propound corrected, substituted interrogatories. The Court directs plaintiff to propound to defendant corrected, substituted interrogatories for Interrogatory Nos. 24 to 27 to which defendant is required timely to object or respond. After receiving defendant's responses, plaintiff may renew its motion to compel, if necessary.

### IV.    Conclusion

For the foregoing reasons, the Court rules, consistent with the terms of this Order, as follows:

1.    The Court denies as moot defendant's motion to expedite (Dkt. No. 21).

2.    The Court grants in part and denies in part defendant's first motion to compel (Dkt. No. 11).

3.    The Court grants in part and denies in part plaintiff's motion to compel (Dkt. No. 24).

4.    The Court grants in part and denies in part defendant's second motion to compel (Dkt. No. 28).

5.    The Court grants in part and denies in part defendant's supplement to his motions to compel (Dkt. No. 34).

17

It is so ordered this 21st day of April, 2020.

Kristine G. Baker

Kristine G. Baker
United States District Judge

From: **JOHN OGLES** jogles@aol.com
Subject: **Your clients Claims File.**
Date: **Sep 12, 2023 at 8:29:47 AM**
   To: **Timothy Wolf** TWolf@wwbhlaw.com, **Tyler Hamilton**
       THamilton@wwbhlaw.com
   Bcc: **gay pace** ggbpace@att.net

---

See attached.  I always get the claims file up to litigation. This case is going to trial next week.  You should review the pleadings on court connect.

https://images.arcourts.gov/IMAGESimg/CK_Image.Present2?
DMS_ID=97408C4C93EA36B570AC6CBB3A367FDC2FF602EB45DBA9336E
C6B8EF8CEFA035A135DA6FDA5101B75099C2620BACB07F5E37D33813367
70AFA637838946CEA02&i_url=https://images.arcourts.gov/IMAGESimg

**Tap to Download**
CK_Image.Present2.pdf
2.7 MB

John Ogles
Ogles Law Firm. P.A.
501.982.8339 ph
501.985.1403
200 South Jeff Davis
P.O. Box 891
Jacksonville, AR 72076
Licensed in Ar, Tx, Federal Courts, U.S. Tax and Supreme Court.

**EXHIBIT** I

ELECTRONICALLY FILED
Garland County Circuit Court
Jeannie Pike, Garland Co. Circuit Court Clerk
2022-Oct-26  13:05:29
26CV-21-189
C18ED04 : 8 Pages

## IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS

CARAVEL PROPERTY MANAGEMENT, LLC                        PLAINTIFF
dba LAKE BALBOA MARINA

VS.                            NO. 26CV-21-189

ATLANTIC SPECIALTY INSURANCE COMPANY                        DEFENDANT

## SECOND MOTION TO COMPEL WITH BRIEF INCORPORATED

Comes the Plaintiff, Caravel Property Management, LLC dba Lake Balboa Marina, and for its second motion to compel with brief incorporated, states:

1.      That the Court ruled on Plaintiff's first motion to compel on March 17, 2022. See Exhibit 1.

2.      The Court ruled that Plaintiff was not entitled to attorney-client communications and work-product after July 9, 2019.

3.      That Defendant still refuses to provide the claims file in its entirety before July 9, 2019 even though the Court viewed the documents in camera and ordered them to be produced. Plaintiff's counsel has discussed this discovery dispute with Defendant's counsel and Defendant's counsel refuses to produce any documents not already produced.

4.      That Plaintiff is entitled to all attorney-client communications and work-product before July 9, 2019.

5.      Exhibit 2 is a 2003 ruling from Judge Mashburn in Washington County Circuit Court. See Judge Mashburn's order which this Court considered when it issued its ruling as it was attached to Plaintiff's first motion to compel.

6.      That this Court has already ruled that Plaintiff is entitled to the entire claims file up to July 9, 2019 when Defendant was put on notice that Plaintiff had hired an attorney. Defendant still refuses to comply with the Court's order.

7.      All documents up to July 9, 2019 should be ordered to be provided to Plaintiff. The documents were not prepared in anticipation of litigation.

8.      ARCP Rule 26 (b)(1) requires discovery to be interpreted liberally.

9.      In a similar case, Judge Tim Fox has ordered an entire claims file to be disclosed up to the date counsel for Plaintiff became involved. See Exhibit 3.

10.     Defendant should be ordered to produce all notes, evaluations and impressions of Defendant from the claims file. See also the exhibits attached to Plaintiff's motion to compel filed on June 2, 2021.

11.     Despite the Court's ruling and case law, Defendant refuses to provide the entire claims file.

12.     Plaintiff requests the Court order Defendant to provide the entire claims file with no redactions up to July 9, 2019 as the Court ordered.

13.     Plaintiff requests its attorneys' fees.

WHEREFORE,   Plaintiff, Caravel Property Management, LLC dba Lake Balboa Marina, requests this Court grant its second motion to compel, and for all other proper relief.

Respectfully submitted,

/s/John Ogles

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

CERTIFICATE OF SERVICE

I, John Ogles, do hereby certify that a copy of the foregoing pleading has been duly served upon the following on this 26th day of October, 2022:

Jim L. Julian
Mark W. Hodge
Rachel Hildebrand Kane

/s/John Ogles

John Ogles

ELECTRONICALLY FILED
Garland County Circuit Court
Jeannie Pike, Garland Co. Circuit Court Clerk
2022-Mar-17  10:49:36
26CV-21-189
C18ED04 : 1 Page

## MARCIA R. HEARNSBERGER
### CIRCUIT JUDGE, DIVISION IV

### 18TH JUDICIAL CIRCUIT - EAST
501 OUACHITA AVENUE, ROOM 304
HOT SPRINGS, ARKANSAS 71901
TELEPHONE: (501) 622-3760
FAX: (501) 622-3605

**ALLISON DODGE**
TRIAL COURT ADMINISTRATOR
adodge@garlandcounty.org

**JANA L. HAWLEY, CCR, CVR-M**
COURT REPORTER
jhawley@garlandcounty.org

March 17, 2022

Johnson Ogles                    (Via E-Flex)
Attorney at Law

Mark Hodge                       (Via E-Flex)
Attorney at Law

Re:   Carvel Property Management, LLC, dba Lake Balboa Marina, Plaintiff, vs.
Atlantic Specialty Insurance Company, Defendant, 26CV-21-189-IV

Mr. Ogles and Mr. Hodge:

The above-referenced case presented to this court on Plaintiff's Motion to Compel with Brief Incorporated; Defendant's Response to Motion to Compel; and Plaintiff's Reply to Response to Motion to Compel with Brief Incorporated. After hearing arguments of counsel, the parties submitted Unredacted Documents for In Camera Review. Considering the evidence presented argument of counsel and all applicable law the court makes the following findings.

THE COURT DENIES Plaintiff's Motion to Compel. Defendant produced its claim file, only redacting all attorney-client communications and work product materials generated after receipt of the letter of representation from Plaintiff's counsel on July 9, 2019.

Mr. Hodge will please prepare the order for the court.

Very truly yours,

Marcia R. Hearnsberger
Circuit Judge

EXHIBIT 1

2003 WL 25552980 (Ark.Cir.) (Trial Order)
Circuit Court of Arkansas,
Fifth Division.
Washington County

Samuel BUCHANAN, Plaintiff,
v.
FARMERS INSURANCE COMPANY, INC. and Carroll Watkins, Defendants.

No. CV-03-788.
September 12, 2003.

**Order**

Michael H. Mashburn, Circuit Judge.

Now before the Court is the request of Plaintiff, Samuel Buchanan (herein "Buchanan"), that the Defendant, Farmers Insurance Company, Inc. (herein "Farmers"), produce Farmers' "...entire claim file, including all adjusters' files, prior to defense counsel being obtained." Farmers objects to the production of these documents and contends that the requested documentation is privileged work product. Farmers contends that "..litigation is reasonably anticipated at the time the claim is made and a claim file opened." Farmers furthers contends that the requested material is not relevant and that Plaintiff is engaged in a "fishing expedition."

The Court will turn first to the claim of privilege by Farmers. A central inquiry in a claim of work product privilege is a determination of whether the requested material was prepared "in anticipation of litigation or trial." Remarkably, there is not a great deal of guidance in our reported Arkansas decisions concerning the definition of that phrase. Perhaps that lack of guidance results in part from the liberal view of discovery which our courts have taken in order to give all parties an opportunity to discover information which is relevant or which might be reasonably calculated to lead to the discovery of admissible evidence. Our reported decisions make it clear that trial by ambush and surprise are now largely a thing of the past.

Buchanan notes that while work product is not limited solely to work produced by an attorney, an insurer gathering facts in the ordinary course of business is not in the same position as a lawyer determining legal theories. See, e.g., *Falkner v. General Motors Corp.*, 200 FRD 620 (S.D. Iowa 2001). Buchanan suggests that large portions of the claim filed were generated in the ordinary course of the business of an insurance company. That business is to investigate claims and to prepare to respond to needs of their insured. See, e.g., *Dennis v. State Farm Ins. Co.*, 757 N.E. 2d 849 (O.H. App. 2001). Indeed, for an insurance company to successfully claim that it anticipates litigation from the outset of every claim would effectively remove any document in any claim file from discovery. Our appellate courts have given no indication of an inclination to adopt such a stark view of discovery. See, e.g., *Parker v. Southern Farm Bureau Ins. Co.*, 326 Ark. 1073, 935 S.W. 2d 556 (1996). Rather, the guidance to trial courts clearly suggests that a trial judge is expected to exercise his or her discretion in determining those matters appropriate for discovery in a particular case. *Id.* at 1084,935 S.W. 2d at 561. Properly conducted, such a review is fact intensive. Further, the review must take place on a case-by-case and, at times, document-by- document basis.

In *Langdon v. Champion*, 752 P. 2d 999 (Alaska 1988), the Alaska Supreme Court suggests that a majority of courts addressing the issue of definition of a phrase "in anticipation of litigation or trial" have taken the position that litigation is not

EXHIBIT 2

anticipated until the expectation of litigation is such that an attorney has become involved in a dispute and has prepared documents himself or has requested their preparation. Neither party has pointed to a case which indicates that the Arkansas court has specifically adopted this majority view. It is reasonable to assume that when our appellate courts do speak, the definition of "anticipation of litigation" will more nearly track the view in *Langdon* than the restrictive view championed by Farmers.

Farmers suggests that certain actions undertaken during the course of the investigation, but prior to retention of counsel, demonstrate anticipation of litigation. For example, the parties engaged in an attempted mediation many months before an attorney was hired. Farmers suggests that this activity implies an anticipation of litigation. At least one court has found that materials generated during the lead up to an arbitration are in preparation for litigation and, therefore, protected. *Samuels v. Mitchell*, 155 FRD 195 (N.D. Cal. 1995). In the instant case, the parties were involved in a mediation rather than an arbitration. While an arbitration may end a dispute, mediation is more in the nature of an attempt to settle a dispute amicably.

The Court concludes that those portions of the **claim file** which were generated between the date that the claim was opened and the date of mediation are not generated in anticipation of litigation and, accordingly, are discoverable if relevant or reasonably calculated to lead to the discovery of relevant evidence. Those documents generated at or near the time of the mediation and thereafter until suit was filed require a more fact specific review.

Farmers suggests that even if the Court concludes that the **claim file** was not, at least in its entirety, generated in anticipation of litigation, that the requested materials are nonetheless irrelevant to the matters to be decided by this Court. As noted above, the Arkansas rules of discovery have been interpreted liberally. Rule 26(b)(1) states in important part:

> (1) *In general.* The parties may obtain discovery regarding any matter not privileged, which is relevant to the issues in the pending actions, whether it relates to the claim or defense of the party seeking the discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, identity, and location of any books, documents, or other tangible things and the identity and location of persons who have knowledge of any discoverable matter or who will or may be called as witnesses at the trial of any cause. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The net cast by Rule 26(b)(1) is broad. The Court believes that discoverable material under this rule would include statements taken in the ordinary course of business by Farmers. The Court has not been pointed to any other method that Buchanan could use to obtain these prior statements of witnesses other than through discovery. The Court also believes that the availability of these statements would meet the substantial need requirement since witness statements are frequently useful in discovering the nature and quality of the recollection of witnesses at a given time and for use in demonstrating credibility or lack thereof.

The Court has been asked to rule upon the discoverability of matters contained within a **claim file** essentially in a vacuum. In order to properly exercise its discretion, the Court requires an *in camera* review of the Farmers **claim file**.

It will, therefore, be the order of this Court that Farmers is directed to produce a true, complete, and accurate copy of the **claim file** generated in the above-captioned matter, along with a log of any document contained in that file with respect to which Farmers claims an attorney-client privilege or work product privilege. The Court will then apply the guidance on work product privilege set out in this opinion and determine on a document-by-document basis whether the privilege applies. The Court will also review the file on a document-by-document basis to determine if some, all, or any of the matters contained in the file are within the scope of discovery set forth in Arkansas Rule of Civil Procedure 26(b)(1).

Samuel BUCHANAN, Plaintiff, v. FARMERS INSURANCE..., 2003 WL 25552980...

IT IS SO ORDERED.

DATED this 12th day of September, 2003.

<<signature>>

MICHAEL H. MASHBURN, CIRCUIT JUDGE

cc: Mr. Don Elliott

Mr. Curtis Hogue

Mr. Mark Breeding

Ms. Julia Busfield

End of Document

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

CV.6.2010.1164

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### SIXTH DIVISION

ANNETTE DAVIS                                                    PLAINTIFF

VS.                              CV 2009-2680

                                                  FILED  07/22/10 11:00:04
                                                  etPat O'Brien Pulaski Circuit Clerk
STATE FARM FIRE AND                               D12
CASUALTY COMPANY                                            DEFENDANT

### ORDER

On the 22nd day of March, 2010, the plaintiff's *Motion to Compel* came on for hearing.

Pursuant to the court's April 6, 2010 order, the defendant provided to the court the notes,

evaluations and impressions of defendant from the underinsured motorist claim file up to April 9,

2009 for an in camera inspection to determine whether these materials are discoverable. After

inspection and review of the materials produced to the court, the court finds that the notes,

evaluations and impressions of defendant from the underinsured motorist claim file up to April 9,

2009 are discoverable. The defendant shall produce the foregoing documents to the plaintiff

within three days of the entry of this order.

IT IS SO ORDERED.

_____
TIMOTHY DAVIS FOX
CIRCUIT JUDGE

_____
DATE

60CV-09-2680     601-60100005228-010
ANNETTE DAVIS V STATE FARM FI 1 Page
PULASKI CO      07/22/2010 11:00 AM
CIRCUIT COURT                   OR70

EXHIBIT 3