IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:23-cv-335-LPR |
| vs. | ) ) ) | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO COMPEL

COMES NOW Defendant Church Mutual Insurance Company, S.I. ("Church Mutual"), by and through the undersigned counsel, and for its Response in Opposition to Plaintiff's Amended Motion to Compel, hereby states as follows:

## ARGUMENT

Rose Hill has filed its Amended Motion to Compel seeking an Order from this Court compelling Church Mutual to withdraw its objections to seventeen total interrogatories and three requests for production.[1] While Rose Hill takes the position that Church Mutual's answers to the discovery requests and interrogatories at issue "are a joke," it fails to set forth any logical or factual basis to support its position. For one, Rose Hill's Brief is not clear as to any specific challenge it is raising to the objections made by Church Mutual in its discovery responses. Regardless, Church Mutual previously addressed Rose Hill's objections to its discovery responses in its response to Rose Hill's good-faith email. Church Mutual's response to Rose

---

[1] As set forth in Rose Hill's Amended Motion to Compel, Rose Hill takes specific issue with Church Mutual's objections and responses to Interrogatory Nos. 1, 3, 5, 6, 10, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25, as well as Requests for Production Nos. 1, 2, and 3.

#30760897 v1

Hill's good-faith email is attached hereto as Exhibit A and is hereby incorporated by reference as if fully set forth herein.

It remains equally unclear the exact outcome Rose Hill is seeking with its Amended Motion to Compel. As can be seen in Church Mutual's discovery responses, it provided full and complete answers to nearly every interrogatory propounded by Rose Hill. The only interrogatories to which a response was not provided were Interrogatories 5 and 6. These interrogatories requested, in relevant part, that Church Mutual "state each and every fact [it] relied upon [] in determining to withhold payment for the claim" at issue and set forth additional information for each fact, respectively. (*See* Exhibit D attached to Rose Hill's Amended Motion to Compel, Doc. 21). Church Mutual objected to these interrogatories on a number of bases, including as improper "contention interrogatories" and duplicative of Interrogatories 20 and 21. Importantly, Church Mutual provided full and complete answers to Interrogatories 20 and 21.

The only legal argument raised by Rose Hill in its Brief is based upon the Eastern District's prior decision in *Taylor-Shaw*. The relevant issue in dispute in *Taylor-Shaw* related to the defendant's use of the phrase "Subject to and without waiving the foregoing objections" in responses it provided contemporaneously with objections to discovery requests. *Taylor-Shaw v. Bestway Rent-to-Own*, No. 5:09-cv-00329, 2010 WL 2998796, at *3 (E.D. Ark. July 28, 2010). The Court ultimately overruled the objections to those discovery requests and ordered unqualified answers from the defendant. Specifically, the Court reasoned that the use of qualifying language was inappropriate in that case because the plaintiff had "no way to know if the answer [was] full and complete or whether information [had] been withheld as a result of the objection." *Id.* Rose Hill takes this same approach in its Amended Motion to Compel.

Critically, however, there is no such risk in this case. To the contrary, Church Mutual has produced its entire claim file at the request of Plaintiff. Additionally, Church Mutual produced a privilege log with the production of its claim file outlining instances in which information was produced and redacted or not produced at all along with the basis for same. The purpose of this privilege log is for Rose Hill to be able to evaluate whether information is being withheld based upon a valid claim of privilege or another objection. Rose Hill cannot claim it does not have all of the information requested in the propounded interrogatories and requests for production when Church Mutual has produced its entire claim file and privilege log.

In Church Mutual's view, Rose Hill's reliance on the decision in *Taylor-Shaw* serves as nothing more than an attempt to force Church Mutual to provide additional responses to the inappropriate "contention interrogatories" propounded by Rose Hill. As outlined in Church Mutual's discovery responses, this Court has found "contention interrogatories" to be inappropriate where discovery remains ongoing. *See Helmert v. Butterball, LLC*, No. 4:08-cv-00342, 2010 WL 45378096, at *1 (E.D. Ark. Nov. 3, 2010). (*See also* Ex. D attached to Rose Hill's Amended Motion to Compel, Doc. 21). Rose Hill has not disputed this position. Church Mutual maintains its objections as set forth in its interrogatory responses and response to Rose Hill's good-faith email that the propounded "contention interrogatories" are unduly burdensome. Such information may be ascertained through deposition and Church Mutual's responses may be supplemented as discovery progresses.

This is not a case where Rose Hill can claim it does not have all of the information it needs to prosecute its case. As requested, Church Mutual provided Rose Hill with its complete claim file subject to one withheld internal email protected by the attorney-client privilege as set forth in its Privilege Log. For this reason, the decision in *Taylor-Shaw*—Rose Hill's only legal

support—is not instructive to this dispute. To the extent Rose Hill is dissatisfied with Church Mutual's responses to the overly burdensome "contention interrogatories," such information may be obtained through deposition.

WHEREFORE, Defendant Church Mutual Insurance Company, S.I., respectfully requests this Court enter an Order denying Rose Hill Cumberland Presbyterian Church's Amended Motion to Compel and for such other relief this Court deems just and proper under the circumstances.

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Timothy J. Wolf
Timothy J. Wolf, #2009230 (AR)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
*Attorney for Defendant Church Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned certified that a true and correct copy of the foregoing was via the Court's electronic filing system this 18th day of October, 2023, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com
*Attorney for Plaintiff*

/s/Timothy J. Wolf

#30760897 v1