In re: Cause No. 22-CV-23-40
September 15, 2023
Page 1



Timothy J. Wolf
Direct: 636-798-0576
twolf@wwbhlaw.com

600 Kellwood Pkwy, St. 120
St. Louis, Missouri  63017
Phone: 636-798-0570

September 15, 2023

**VIA EMAIL:** jogles@aol.com

Mr. John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078

      In re:  Rose Hill Cumberland Presbyterian Church
               vs. Church Mutual Insurance Company
            Cause No. 22-CV-23-40
            Our File No. 06025-95004

Dear Mr. Ogles:

Please allow this correspondence to serve as a response to your recent email correspondence regarding my client's responses and objections to Plaintiff's First Set of Interrogatories. We address each of your responses in turn:

Interrogatory #1 – Church Mutual will not answer without objection. That being said, Church Mutual has fully answered this question based on its present knowledge of the matter. The full extent of potential witnesses Church Mutual may call at trial at this time are listed in both parties' Initial Disclosures. That being said, as referenced in Church Mutual's response, discovery in this matter is still being conducted. Church Mutual will supplement its response to this Interrogatory if and/or when additional witnesses are identified during discovery.

Interrogatory #3 – Church Mutual maintains this Interrogatory is not limited in time or scope. As written, this Interrogatory relates to whether Church Mutual, its agents, investigators, or attorneys have *ever* spoken to or contacted any of the persons named in answers to these interrogatories *for any reason*. The Interrogatory is not properly limited in time or scope with reference to the claim or investigation at issue. This is overly broad and improper under the discovery rules. All of this being said, Church Mutual produced its claim file which includes all communications in Church Mutual's possession between its agents and investigators and others involved with the claim.

#30681957 v1

**EXHIBIT A**

In re: Cause No. 22-CV-23-40
September 15, 2023
Page 2

Church Mutual has responded to this Interrogatory to the best of its ability based upon the documents in its possession at this time.

Interrogatory #5 – This Interrogatory is duplicative of Interrogatory #20. Thus, Church Mutual maintains its objections. Please see our response to your objections to Interrogatory #20 below.

Interrogatory #6 – This Interrogatory is duplicative of the information sought in Interrogatory #21. Thus, Church Mutual maintains its objections. Please see our response to your objections to Interrogatory #21 below.

Interrogatory #10 – Church Mutual has answered this Interrogatory in the affirmative in its responses. Your objection this response is baseless.

Interrogatory #11 – Again, Church Mutual has answered this Interrogatory and each discrete subpart to the best of its knowledge based upon the documents and information in its possession and known to date. It is unclear how you can support the position that Church Mutual has not answered this Interrogatory.

Interrogatory #15 – Church Mutual has answered Interrogatory #15. Specifically, subparts (a) and (b) request the name, contact information, and basis of knowledge of each applicable person. This information is listed in each party's Initial Disclosures as referenced in Church Mutual's response. Subparts (c) and (d) request the identification of each writing or knowledge possessed by each applicable person. In response to this subpart, Church Mutual produced its claim file which includes all of the documents in its possession related to such persons as permitted by Rule 33(d) of the Federal Rules of Civil Procedure. It is unclear from your objection what aspect of Interrogatory #15 was not answered by Church Mutual.

Interrogatory #16 – Your objection to Church Mutual's response to this Interrogatory is confusing. Interrogatory #16 asks whether Church Mutual obtained any statements from any persons regarding facts that form the basis for the claim at issue. "Statement" is not a defined term in the Interrogatories and can be interpreted in several different ways in the insurance context. Regardless, Church Mutual identified the statement of Jeff Loveless which was provided by your client during the claim investigation. Your objection to this response is: "Why am I not entitled to know why your client denied the claim?" The information sought in Interrogatory #16—whether Church Mutual obtained a statement from any person during the claim investigation—bears no relation to the specific coverage decision made by Church Mutual. This Interrogatory was properly and fully answered and your objection to same is completely unrelated to the information sought.

Interrogatory #17 – This Interrogatory—like Interrogatory #16—is unclear and confusing because the term "statement" is not defined and is subject to multiple interpretations of meaning. Regardless, Church Mutual fully answered each discrete subpart outlined in Interrogatory #17. Church Mutual will supplement its responses to Interrogatories #16 and #17 should additional information become known during discovery as required by the Federal Rules of Civil Procedure.

In re: Cause No. 22-CV-23-40
September 15, 2023
Page 3

Interrogatory #18 – Church Mutual has fully answered this Interrogatory by outlining the consultants and vendors it retained during the course of the claim investigation as well as stating the role each of those consultants and vendors within the context of the claim. In addition, Church Mutual produced the files for those consultants and vendors. This is actually more information than was otherwise requested in Interrogatory #18. Your objection to this response is unsupported as it is unclear what information you don't have but are still seeking. Church Mutual has produced everything in its possession responsive to this Interrogatory.

Interrogatory #19 – Church Mutual has not yet identified the experts it will retain for purposes of the trial in this matter nor is the deadline to do so set to pass for several months as set forth in the Court's Final Scheduling Order. Church Mutual will disclose its experts as required by the Federal Rules of Civil Procedure and the Court's Final Scheduling Order. On top of this, Church Mutual identified the consultants/vendors it retained for purposes of the claim investigation within its response to Interrogatory #18. Further, Church Mutual produced all documents in its possession related to those consultants/vendors as permitted by Rule 33(d) of the Federal Rules of Civil Procedure. Church Mutual has identified all relevant parties at this time and produced all documents in its possession related to the same. Your objection to Church Mutual's response in this regard has no basis.

Interrogatory #20 – Similar to your prior objections, you state that Church Mutual has refused to answer this Interrogatory. This statement, however, is false. Church Mutual objected to *and answered* Interrogatory #20. Further, it is Church Mutual's position, based upon Eastern District caselaw, that contention interrogatories such as this are inappropriate at this early stage in the discovery process. Additionally, this Interrogatory is unduly burdensome, particularly when Plaintiff may take the deposition of a corporate representative for Church Mutual to provide testimony regarding its claim investigation. Finally, Interrogatory #20 calls for a legal conclusion. Interrogatory #20 specifically asks Church Mutual to set forth "each and every fact … that you *contend* supported your decision to deny payment." (emphasis added). The determination of coverage and payment is a legal question. Regardless, Church Mutual provided a response to Interrogatory #20 informing your client how it made its coverage determination. Requiring Church Mutual to set forth in writing every single fact that impacted its coverage determination over an eight-month long coverage investigation is unduly burdensome and better suited for deposition.

Interrogatory #21 – Church Mutual maintains its objections to Interrogatory #21 for the same reasons identified in its response to your objections to Interrogatory #20. Additionally, Church Mutual produced its claim file which includes all of the documents in its possession related to its coverage investigation as permitted by Rule 33(d) of the Federal Rules of Civil Procedure. As stated above regarding Interrogatory #20, requiring Church Mutual to set forth in writing extensive information regarding every single fact that impacted its coverage determination over an eight-month long coverage investigation is unduly burdensome and better suited for deposition. Plaintiff is equally capable of gaining this information from the claim file documents produced with Church Mutual's discovery responses.

Interrogatory #22 – Like Church Mutual's position with regard to Interrogatories #20 and #21 above, Eastern District caselaw is clear that contention interrogatories such as this are

inappropriate at this early stage in the discovery process. Interrogatory #22 clearly qualifies as a contention interrogatory as the term "contention" is specifically used therein: "Please set forth each and every fact or *contention* known to you…." (emphasis added). For this same reason, Interrogatory #22 clearly calls for a legal conclusion. Additionally, like Interrogatory #20, this Interrogatory is unduly burdensome and inefficient when similar information can be gained through the deposition of a corporate representative. With this, Church Mutual has produced its claim file for this loss which contains all of the documents and information it uncovered during its investigation which support its coverage determination. Thus, Church Mutual stands on its objections and response as previously provided.

Interrogatory #23 – Church Mutual maintains its objections to Interrogatory #23 for the same reasons identified in its response to your objections to Interrogatories #20, #21, and #22. Church Mutual produced its claim file which includes all of the documents in its possession related to its coverage investigation and determination as permitted by Rule 33(d) of the Federal Rules of Civil Procedure. Requesting Church Mutual to set forth in writing extensive information regarding every single fact that impacted its coverage determination over an eight-months long coverage investigation is unduly burdensome and better suited for deposition. Additionally, Plaintiff is equally capable of gaining this information from the claim file documents produced with Church Mutual's discovery responses.

Interrogatory #24 – Church Mutual maintains its objections as set forth in its response to Interrogatory #24.

Interrogatory #25 – Church Mutual maintains its objections as set forth in its response to Interrogatory #25. Further, your client making contractually-obligated payments to Church Mutual does not automatically entitle it to the production of private, confidential, and proprietary material. Your objection to the contrary is without merit.

     At this point in time, Church Mutual has produced the entirety of its claim file and fully answered each Interrogatory propounded based upon the information that is presently known. Consistent with its duties under the Federal Rules of Civil Procedure, Church Mutual will supplement its responses to your client's Interrogatories should new information become known during discovery. Please feel free to contact me should you wish to discuss this dispute further.

Very truly yours,

Timothy J. Wolf

TJW/TJH

**WATTERS WOLF BUB HANSMANN**

600 Kellwood Pkwy, Suite 120 | Saint Louis, Missouri 63017
www.wwbhlaw.com

#30681957 v1