IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH | PLAINTIFF |
| V.   Case No. 4:23-cv-00335-LPR-JTK | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | DEFENDANT |

## ORDER

Pending before the Court is Rose Hill Cumberland Presbyterian Church's ("Plaintiff") Amended Motion to Compel Discovery. (Doc. No. 21) Church Mutual Insurance Company, S.I. ("Defendant") responded in opposition to Plaintiff's amended motion, (Doc. No. 22) and Plaintiff replied. (Doc. No. 24) Judge Lee Rudofsky referred all discovery disputes, including this pending matter, to the undersigned for resolution. (Doc. No. 25)

## BACKGROUND

Plaintiff filed suit against Defendant over an insurance coverage dispute. Specifically, Plaintiff alleges that Defendant refused to pay the total cost of $267,953.08 for restoration repair services after Plaintiff's building sustained significant water damage. Plaintiff claims that Defendant only paid $128,672.53 and currently owes $139,280.55. Plaintiff also asserts that Defendant failed to provide a defense to the lien filed against Plaintiff by Service Restoration Inc., the company that performed the repairs. Conversely, Defendant denies that it has only issued payments totaling $128,672.53 and further denies any other wrongdoing pursuant to the terms, provisions, conditions, and exclusions contained in the insurance policy.

After initiating this lawsuit, Plaintiff sent a revised copy of its First Set of Interrogatories to Defendant on July 19, 2023. Thereafter, Plaintiff sent its First Set of Requests for Production of

Documents (RFP). The dispute involves Defendant's responses to both the interrogatories and RFP.

Of the 25 interrogatories, Defendant simultaneously objected to and answered Interrogatory Nos. 1, 3, 10, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25. For instance, Interrogatory No. 1 and the response state:

> 1.   State the name, address and telephone number of all persons who have knowledge of any discoverable matter or who will or may be called as a witness at the trial of this case to support any claim or defense of Defendant.
>
> **OBJECTION:** Defendant objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks identification of "all persons" with knowledge of "any discoverable matter." Defendant's investigation into Plaintiff's claims remain ongoing and the full extent of "all persons" who possess relevant knowledge is not presently known. In fact, it is impossible for Defendant to know "all persons" with "knowledge of any discoverable matter." *Arkansas Labeling, Inc. v. Proctor*, 2022 WL 1608077, No. 4:19-CV-00773-KGB *9 (E.D. Ar. May 20, 2022). Defendant further objects to this Interrogatory as confusing and contradictory to the extent it also requests, in the alternative, the identification of "all persons . . . who will or may be called" to serve as a defense witness at trial. To this end, the Interrogatory is also premature as this matter is in its early stages of discovery and investigation. Defendant will comply with its obligations under the Federal Rules of Civil Procedure and the Court's Orders with regard to identifying witnesses it intends to call at trial.
>
> **ANSWER:** Subject to and without waiving said objections, Defendant has not yet identified who it will or may call as a witness at trial. Defendant reserves the right to call any witness at trial identified during discovery and properly disclosed pursuant to the Federal Rules of Civil Procedure and the Court's Orders. All of this being said, Defendant is presently aware of the individuals identified in the Initial Disclosures of both parties. Defendant reserves the right to amend and/or supplement its response to this Interrogatory as discovery progresses.

Additionally, Defendant objected to Interrogatory Nos. 5 and 6. Interrogatory No. 5 states:

> 5.   Please state each and every fact relied upon by you in determining to withhold the payment for the claim tendered by Plaintiff for benefits under policy #0094309 25-368984.

Interrogatory No. 6 was related and asked Defendant, as to each fact identified in the preceding interrogatory, to provide further information as enumerated in its four subparts. Defendant provided the same response to both interrogatories. The response states:

> **OBJECTION:** Defendant objects to this Interrogatory as confusing and irrelevant as Defendant did not withhold payment for the claim at issue. Defendant made payment totaling $230,713.41 for covered losses associated with the claim at issue in this lawsuit. To the extent this Interrogatory seeks information regarding additional amounts being sought by Plaintiff, please see Defendant's response to Interrogatory #20 below. Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position. *Helmert v. Butterball*, LLC, No. 4:08-CV-00342, 2010 WL 45378096, at *1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion." *Id.* (citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.

While stating its objection(s) above, Defendant directed Plaintiff to see its answer in response to Interrogatory No. 20. So, it appears that Defendant concurrently objected to and answered Interrogatory Nos. 5 and 6 as well.

As for Plaintiff's RFP, Defendant also objected to while simultaneously answering RFP Nos. 2 and 3. See the following as an example:

> 2. Please produce and permit inspection and copying of each and every statement of any kind, whether written, recorded, stenographically transcribed, or otherwise, obtained by you, your agents, investigators or anyone acting on your behalf from any of the persons named in these answers to interrogatories.
>
> **OBJECTION:** Defendant objects to this Request as confusing and unclear. The term "statement" is not a defined term for purposes of these Requests for Production and is broad in meaning. For instance, a "statement" could foreseeably include any and all communications received from any person related to the claim at issue. On the other hand, as is generally the case during a claim investigation, "statement" could refer only to recorded and written statements provided at the direction of an investigator or adjuster.

3

>   **ANSWER:** Subject to and without waiving said objections, please see the written statement of Jeff Loveless, a member of Plaintiff who reportedly first discovered the loss, which was provided to Defendant during the claim investigation, Bates Labelled CM 01078–01079.

Further, Defendant appears to answer RFP No. 1, which requests real or demonstrative evidence but, in its answer, adds the language of "Subject to and without waiving said objections." Therefore, it seems as if Defendant also answered and objected to RFP No. 1. For the sake of brevity, the Court will not explicitly state the remaining interrogatories, RFP, and their corresponding objections and answers.

After receiving Defendant's responses, Plaintiff sent Defendant an email on September 11, 2023, attempting to address Defendant's alleged lack of good faith in answering most of the interrogatories. Defendant responded, addressing each of its objections and answers to the interrogatories. The parties were not able to resolve the dispute, and Plaintiff filed its initial motion to compel and then its amended motion on October 4, 2023. Defendant responded, opposing the amended motion to compel. Subsequently, Plaintiff filed a reply.

In its brief accompanying the amended motion, Plaintiff states that it is entitled to the requests for discovery propounded on Defendant. It further states that "[i]f information is being withheld, the party seeking discovery is entitled to know whether information has been withheld, and if so, what the nature of the information is so that the objection can be contested." It contends that its position is supported by *Taylor-Shaw v. Bestway Rent-to-Own*, No. 5:09-CV-00329-JLH, 2010 WL 2998796 (E.D. Ark. July 28, 2010) (unpublished) and *Farm Credit Leasing Servs. Corp. v. Smith*, No. 4:19-CV-00280-KGB, 2020 WL 6163541 (E.D. Ark. Apr. 21, 2020) (unpublished).

Defendant argues that Plaintiff "fails to set forth any logical or factual basis to support its position. For one, [Plaintiff]'s Brief is not clear as to any specific challenge it is raising to the

4

objections made by [Defendant] in its discovery responses." Further, it argues that "[r]egardless, [Defendant] previously addressed [Plaintiff]'s objections to its discovery responses in its response to [Plaintiff]'s good-faith email" and that Plaintiff's desired outcome remains unclear. Defendant then points out that *Taylor-Shaw* is inapplicable here because Plaintiff has received the complete claim file—except for certain privileged information—and thus has information to proceed with prosecuting this case.

Plaintiff alleges, in its reply, that Defendant has not provided Plaintiff with the claim file. Plaintiff further believes that matters would be clearer if Defendant answered without objecting or objected without answering the discovery requests.

## **DISCUSSION**

In *Farm Credit*, Judge Kristine Baker reviewed several motions, including a few motions to compel. *See Farm Credit*, 2020 WL 6163541, at *1. For some of the discovery disputes in that case, she applied Judge Leon Holmes's rationale in deciding a discovery dispute in *Taylor-Shaw*. *See id.* at *2 (quoting *Taylor-Shaw*, 2010 WL 2998796, at *2). Judge Holmes stated:

> [T]he difficulty is that when a discovery response begins with an objection and then an answer is given "subject to and without waiving" the objection, the opposing party has no way to know if the answer is full and complete or whether information has been withheld as a result of the objection. On the one hand, if no information has been withheld, the objection would seem to be gratuitous. On the other hand, if information has been withheld, the party seeking discovery is entitled to know whether information has been withheld, and if so, what the nature of the information is, so that she can contest the objection.

*Taylor-Shaw*, 2010 WL 2998796, at *3.

Judge Holmes then overruled the objections and ordered the defendant to provide unqualified answers to several discovery requests. *Id.* Based on the foregoing analysis, in *Farm Credit*, Judge Baker instructed the plaintiff and defendant either:

> (1) to respond to [the applicable interrogatories or RFP] by identifying generally responsive information withheld on the basis of the objections asserted by [plaintiff or defendant] and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine so that [defendant or plaintiff] may assess whether to challenge the response; or (2) to withdraw the objections based on [plaintiff's or defendant's] responses.

*Farm Credit,* 2020 WL 6163541, at *2–*5 , *7.

*Jones v. Forrest City Grocery Inc.* supports the analyses followed in *Taylor-Shaw* and *Farm Credit. See* No. 4:06-CV-00944-WRW, 2007 WL 841676 (E.D. Ark. Mar. 16, 2007) (unpublished). There, Judge Billy Roy Wilson determined that:

> A party cannot object to an interrogatory or request for production, and, at the same time, answer the request for production in the same response. If a party does this, the objection is waived. There is no authority in the Federal Rules of Civil Procedure for reserving objections. Parties have a duty either to answer discovery or object to it.

*Id.* at *1.

Here, although Defendant believes that it has complied with all rules and has responded in good faith to Plaintiff's discovery requests, this Court will not parse the Defendant's numerous responses because Defendant's method of objecting and answering is improper. *See id.*; *see also Moses v. State Farm Mut. Auto. Ins. Co.*, 104 F.R.D. 55, 58 (N.D. Ga. 1984). It cannot properly answer a discovery request while persisting in its objections. The parties must keep in mind that the Federal Rules of Civil Procedure permit litigants to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Although Defendant's objections could be treated as waived, this Court will not do so; however, just as in *Farm Credit*, Defendant is ordered either: (1) to respond to the discovery

requests by identifying generally responsive information withheld based on its objections and to produce a privilege log listing any information or documents withheld based on the attorney-client privilege or work-product doctrine so that Plaintiff can determine whether to contest the objections or (2) to withdraw the objections based on its answers. This is specific to Interrogatory Nos. 1, 3, 5, 6, 10, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25, along with RFP Nos. 1, 2, and 3.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Motion to Compel (Doc. No. 21) is GRANTED, and its initial Motion to Compel (Doc. No. 20) is DENIED as moot. Defendant shall comply with this Order no later than January 2, 2024, by 5:00 p.m.

IT IS SO ORDERED this 18th day of December, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE