IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROSE HILL CUMBERLAND
PRESBYTERIAN CHURCH                                                      PLAINTIFF

VS.     NO. 4:23-CV-00335 LPR

CHURCH MUTUAL
INSURANCE COMPANY SI                                                    DEFENDANT

PLAINTIFF'S SECOND MOTION TO COMPEL
WITH BRIEF INCORPORATED

Comes the plaintiff, Rose Hill Cumberland Presbyterian Church "Rose Hill", and for its

second motion to compel with brief incorporated, states:

1.      This motion is made pursuant to Federal Rules of Civil Procedure Rule 37.

2.      That this Court granted Plaintiff's motion to compel on all issues on December

18, 2023.

2.      That Defendant provided its supplemental response to Plaintiff's discovery on

December 21, 2023. See Exhibit A which is Defendant's First Supplemental Responses to

Plaintiff's First Set of Interrogatories and Exhibit B which is Defendant's First Supplemental

Objections and Responses to Plaintiff's First Set of Requests for Production.

**I.      Exhibit A – Interrogatories**

3.      Defendant's answer to Interrogatory No. 6 is non-responsive. Defendant has not

provided the claims file to Plaintiff other than when it was provided subject to objections being

preserved. Defendant should be ordered to provide the claims file after the Court entered its order (Doc. 26) without objections being preserved.

4.      Defendant still objects to Interrogatory No. 13(b) even after being ordered to withdraw its objection.

5.      That Defendant's supplemental response to Plaintiff's interrogatories was not in good faith. For example, all Defendant did in responding to the Court order in Interrogatory Nos. 1, 2, 3, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 is remove its paragraph setting out its objection. The answers are the same. See Exhibit C which is Defendant's original answer to Plaintiff's interrogatories.

6.      Defendant should be ordered to provide a copy of its entire claim file to Plaintiff without objection.

**Privilege Log – Exhibit D**.

7.      Defendant should be ordered to provide a copy of Bates documents 818-42 to Plaintiff. Defendant cannot decide to be the judge and determine what is relevant. Furthermore, Plaintiff paid thousands of dollars for the insurance. The information is Plaintiff's to view. Plaintiff paid for this information, and it is relevant and discoverable.

8.      Plaintiff will agree to allow Defendant to submit the 3/15/23 email correspondence to the Court to review.

**II.     Defendant's Supplemental Response to Plaintiff's Requests for Production**

9.      That Defendant still objects to Request for Production No. 1 even though this Court ordered Defendant to answer. Plaintiff is entitled to have Defendant's evidence before the trial date. It is clear, Defendant is sandbagging and hoping to surprise Plaintiff. See Defendant's

original answers which are Exhibit E and compare to Defendant's supplemental answers which are Exhibit B.

10.     Request for Production No. 3 should be answered without objection as set out.

11.     That Request for Production Nos. 1, 2, 3 and 4 are the same except Defendant withdrew its objection to Request for Production No. 2. Defendant's answers are in bad faith.

12.     It is clear Defendant does not intend to play by the rules of discovery in good faith.   Even after the Court's order compelling Defendant to do so, Defendant refuses.

13.     That this Court should not let Defendant take advantage of Plaintiff which is a small church in Drew County, Arkansas that paid thousands of dollars for this insurance.

14.     Defendant should be ordered to provide the claims file without objection.

15.     That attached as Exhibit F is the email chain which Plaintiff attempted to resolve this dispute. Simply put, Defendant is more experienced at playing games of deception regarding discovery than Plaintiff.

WHEREFORE, Plaintiff requests this Court grant its second motion to compel, and for all other proper relief, including attorney's fees.

Respectfully submitted,

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:23-cv-335-LPR |
| vs. | ) ) ) | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW Defendant Church Mutual Insurance Company, S.I. ("Church Mutual"), by and through and the undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides its First Supplemental Responses to Plaintiff's First Set of Interrogatories:

### INTERROGATORIES

1.      State the name, address and telephone number of all persons who have knowledge of any discoverable matter or who will or may be called as a witness at the trial of this case to support any claim or defense of Defendant.

**ANSWER:  Defendant has not yet identified who it will or may call as a witness at trial. Defendant reserves the right to call any witness at trial identified during discovery and properly disclosed pursuant to the Federal Rules of Civil Procedure and the Court's Orders. All of this being said, Defendant is presently aware of the individuals identified in the Initial Disclosures of both parties. Defendant reserves the right to amend and/or supplement its response to this Interrogatory as discovery progresses.**

#30899056 v1

EXHIBIT  A

2.    Please identify each and every item of real or demonstrative evidence you intend to introduce into evidence at the trial in this case.

> **ANSWER: Defendant has not yet made a decision regarding the evidence it will seek to introduce into evidence at trial. Defendant reserves the right to introduce any real or demonstrative evidence produced and/or discovered by either party during the investigation of this matter and will identify those items as required by the Federal Rules of Civil Procedure and the Court's Order. Defendant further reserves the right to amend and/or supplement its response to this Interrogatory as discovery and trial preparation progresses. For the time being, please see generally the documents identified by both parties in their Initial Disclosures and produced in response to Plaintiff's First Set of Requests for Production.**

3.    Have you, your agents, investigators, or attorneys contacted or spoken to any of the persons named in the answers to these interrogatories? If so, separately set forth the name and address of each such person.

> **ANSWER:   See generally the communications produced in response to Plaintiff's Requests for Production.**

4.    Please state whether you paid benefits under policy number #0094309 25-368984 in response to the claim for benefits tendered by Plaintiff.

> **ANSWER:  Yes.**

5.    Please state each and every fact relied upon by you in determining to withhold the payment for the claim tendered by Plaintiff for benefits under policy #0094309 25-368984.

> **ANSWER:  The applicable policy of insurance required Defendant to pay for covered losses on a replacement cost basis. Based upon these policy obligations, Defendant made payments to Plaintiff and its various vendors/contractors totaling $230,713.41 for the repair of identified covered losses. Defendant reached this total amount based upon the investigation it completed into the claim over a period of nearly eight months. This investigation included (1) retaining an independent adjuster to investigate the church property and prepare a scope and estimate of necessary repairs, (2) communicating directly with repair contractors to reach agreements on the scope of necessary repairs and the price of those repairs, and (3) retaining Accuserve Code Blue to perform an**

independent technical review of invoices submitted by Service Restoration when it was unable to reach an agreement directly with that provider. Each of these investigatory methods, among others, supported Defendant's position for making payment in the amount identified above.

6.    As to each fact identified in your answer to the foregoing interrogatory, please further set forth:

   a.  An identification of each person who possesses or claims to possess knowledge of any such fact;
   b.  An identification, which such particularity as you would require in a motion to produce, of any writing relating to each such fact;
   c.  The name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart to this interrogatory;
   d.  The date upon which you became aware of such fact and the means by which you became aware of each such fact.

**ANSWER:  Please see Defendant's response to Interrogatory #5 above as well as the non-privileged documents from Defendant's claim file produced contemporaneously in response to Plaintiff's First Set of Requests for Production.**

7.    Please set forth the date upon which you received notice of the claim tendered by Plaintiff for benefits under the terms of policy #0094309 25-368984.

**ANSWER:  Church Mutual first received notice of the claim at issue in this litigation on July 23, 2022.**

8.    Did you establish a claim file upon receipt of the claim tendered by Plaintiff?

**ANSWER:  Yes.**

9.    If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

   a.  The date upon which such claim file was established;
   b.  The claim number assigned to such file, if any;

c.   The person or persons who were assigned primary responsibility for the administration of said claim file; and

d.   The name, address and telephone number of the present custodian of such claim file.

**ANSWER:**

a.   **July 23, 2022;**

b.   **000-0-251075;**

c.   **The Church Mutual adjuster originally assigned to the claim was Abelardo DeJesus. Church Mutual subsequently reassigned the claim to Bambi Hickey. David Richmond also served as Team Leader during the claim investigation.**

d.   **The claim file is maintained by Defendant. The custodian may be contacted through the undersigned.**

10.   Please state whether, upon receipt of the claim tendered by Plaintiff under policy number #0094309 25-368984, any particular person or persons were assigned to investigate the facts or circumstances of said loss of claim.

**ANSWER:  Yes.**

11.   If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

a.   The name, address and telephone number of each such person or persons;

b.   The date that such person or persons was so assigned;

c.   The means or manner by which such person or persons were selected;

d.   An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such assignment; and

e.   The name, address and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**ANSWER:**

a.   **The Church Mutual adjuster originally assigned to investigate the loss upon receipt of the tendered claim was Abelardo DeJesus. He may be contacted through the undersigned counsel. Church Mutual also retained Tim Toler, an independent adjuster with Allied Universal Compliance and Investigations, to assist in the investigation of the facts and circumstances of the loss as well as to prepare a scope and estimate of repairs. Mr. Toler's contact information is provided in Defendant's Initial Disclosures.**

b. **Abelardo DeJesus was assigned upon receiving notice of the claim on July 23, 2022. Tim Toler was also notified of the assignment on July 23, 2022.**

c. **At the time the claim at issue was made, the claim was assigned to an adjuster via a third-party automation tool. The retention of independent adjusters is generally based upon the location of the loss.**

d. **Please see the non-privileged documents contained within Church Mutual's claim file which have been contemporaneously produced in response to Plaintiff's First Set of Requests for Production.**

e. **Writings related to the assignment of Abelardo DeJesus are stored in the claim file maintained by Defendant. The custodian may be contacted through the undersigned. Defendant is without sufficient information to state what custodian(s) may be in control of additional writings not contained within its claim file. Upon information and belief, Allied Universal Compliance and Investigations likely maintains a file for this loss.**

12. Did you conduct an investigation of the factual basis for the claim for benefits under policy number #0094309 25-368984 tendered by Plaintiff?

**ANSWER: Yes.**

13. If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

a. The date or dates that such investigation was conducted;

b. Each and every step taken by you to investigate the factual basis of said claim;

c. Whether such investigation and the fact thereof is reflected in writing;

d. The name, address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory;

e. The date or dates upon which such investigation was concluded.

**ANSWER:**

a. **Defendant's investigation into this claim began on July 23, 2022, when the claim was first reported and generally concluded on March 10, 2023, when a final payment was issued to Plaintiff for covered losses.**

b. **Defendant objects to this subpart to the extent it seeks identification of "each and every" facet of Defendant's investigation into Plaintiff's insurance claim. The investigation took place over a period of approximately eight months and involved multiple vendors and contractors. There are less burdensome means of discovering this information. These objections notwithstanding, Defendant**

conducted a comprehensive investigation into the claim at issue over a period of nearly eight months. The steps taken during the investigation included, among other things, (1) speaking with representatives and members of Plaintiff to investigate the circumstances of the loss; (2) reviewing various photographs and other documents submitted by Plaintiff and its third-party vendors/contractors to evaluate the scope and value of the loss; (3) retaining Tim Toler with Allied Universal Compliance and Investigations to provide independent adjusting services, including inspecting the loss site, preparing a scope and estimate of repairs, and overseeing repairs actually made; (4) coordinating the scope and value of repairs directly with third-party contractors and vendors; and (5) retaining Accuserve Code Blue to provide technical review services in order to further investigate the scope and value of invoices submitted for payment by non-party Service Restoration for water mitigation, restoration, and pack-out services. Defendant further directs Plaintiff to the non-privileged claim file documents produced in response to Plaintiff's First Set of Requests for Production for additional insight into the investigation completed by Defendant.

c.  **Yes, Defendant maintained a claim file which contains the findings of its claim investigation.**

d.  **The writings contained within the claim file are maintained by Defendant. The custodian may be contacted through the undersigned.**

e.  **Although the investigation into this claim remains ongoing while litigation is pending, Defendant originally concluded its claim investigation on March 10, 2023, when it issued a final payment to Plaintiff for covered losses.**

14.    In conducting your investigation of the facts which form the claim for benefits tendered by Plaintiff under policy number #0094309 25-368984 did you identify any person who possesses or claims to possess knowledge of any such facts?

**ANSWER: Yes.**

15.    If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

a.  The name, address and telephone number of any such person;
b.  The nature of any knowledge possessed or allegedly possessed by such person, if known to you;

#30899056 v1

    c.   An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such person, or any knowledge possessed or allegedly possessed by such person; and

    d.   The name, address and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**ANSWER:  Defendant directs Plaintiff to the individuals identified in each party's Initial Disclosures as well as the listed knowledge base for each such individual identified therein. Defendant further directs Plaintiff to the non-privileged claim file documents produced in response to Plaintiff's Requests for Production.**

16.    Please state whether, in your investigation of the facts which form the basis for the claim for benefits tendered by Plaintiff under policy number #0094309 25-368984 you obtained any statements in any form, from any person, regarding any such facts.

**ANSWER:  Defendant was provided with the written statement of Jeff Loveless, a member of Plaintiff who reportedly first discovered the loss, during the claim investigation.**

17.    If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

    a.   The name, address and telephone number of the person who gave such statement;
    b.   The date upon which such statement was taken;
    c.   The name, address and telephone number of the person who took such statement;
    d.   The name, address and telephone number of any person present when such statement was taken;
    e.   The type of statement whether oral, written or recorded, and;
    f.   The name, address and telephone number of the present custodian of any statement referred to by you in your answers to the foregoing subparts of this interrogatory.

**ANSWER:**

    a.   **Jeff Loveless – Mr. Loveless may be contacted through Plaintiff's counsel;**
    b.   **July 26, 2022;**
    c.   **The statement was provided to Defendant via e-mail by Gay Pace, a representative of Plaintiff;**
    d.   **Defendant does not have knowledge of information responsive to this subpart;**
    e.   **Written; and**
    f.   **Mr. Loveless' statement is maintained in Defendant's claim file. The custodian of this file may be contacted through Defendant's counsel.**

18.    In the course of your investigation of the facts and circumstances forming the basis

for the claim for benefits tendered by Plaintiff under policy number #0094309 25-368984, did you

obtain any expert opinion relating to your determination to deny payment of such claim?

> **ANSWER: Defendant retained consultants to assist in its investigation of the claim at issue in this litigation. Defendant's retained consultants assisted in investigating the factual circumstances of the loss, determining the scope of necessary repairs, and estimating the value of such repairs. Specifically, Defendant retained Tim Toler, an independent adjuster with Allied Universal Compliance and Investigations to assist in the investigation of the facts and circumstances of the loss as well as to prepare a scope and estimate of repairs. Mr. Toler's reports and other documents contained within Defendant's claim file have been contemporaneously produced in response to Plaintiff's First Set of Requests for Production.**
>
> **In addition, Defendant retained Accuserve Code Blue to provide technical review services with regard to the various invoices and estimates submitted for payment by non-party Service Restoration for mitigation, restoration, and pack-out services. The reports prepared by Accuserve and related correspondence in Defendant's possession is contained within the relevant claim file and has been contemporaneously produced in response to Plaintiff's First Set of Requests for Production.**

19.    If your answer to the foregoing interrogatory was in the affirmative, please further set

forth:

   a.   The name, address and telephone number of any such expert;
   b.   The field or discipline in which such person claims to have expertise;
   c.   The nature and extent of such expert's training, including schools attended, dates attended, and degrees conferred, if any;
   d.   The date that such expert was retained;
   e.   Whether such expert has examined any records, papers, or the writings in any way relating to the claimant or claim;
   f.   The date that such examination was conducted;
   g.   The name, address and telephone number of any person present at the time of such examination;
   h.   An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such expert's evaluation, investigation, or conclusions; and
   i.   The name, address and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**ANSWER:  Please see Defendant's response to Interrogatory #18 as well as the non-privileged claim documents contemporaneously produced in response to Plaintiff's First Set of Requests for Production.**

20.    As of the date that you determined to deny payment of the claim of Plaintiff under policy number #0094309 25-368984, please set forth each and every fact then known to you that you contend supported your decision to deny payment.

**ANSWER:  The applicable policy of insurance required Defendant to pay for covered losses on a replacement cost basis. Based upon these policy obligations, Defendant made payments to Plaintiff and its various vendors/contractors totaling $230,713.41 for the repair of identified covered losses. Defendant reached this total amount based upon the investigation it completed into the claim over a period of nearly eight months. This investigation included (1) retaining an independent adjuster to investigate the church property and prepare a scope and estimate of necessary repairs, (2) communicating directly with repair contractors to reach agreements on the scope of necessary repairs and the price of those repairs, and (3) retaining Accuserve Code Blue to perform an independent technical review of invoices submitted by Service Restoration when it was unable to reach an agreement directly with that provider. Each of these investigatory methods, among others, supported Defendant's position for making payment in the amount identified above.**

21.    As to each and every fact identified in your response to the foregoing interrogatory, please further set forth:

     a.   The date that you became aware of such fact;
     b.   The manner in which you became aware of such fact;
     c.   The name, address and telephone number of any person known to you who possesses or claims to possess knowledge of any such fact;
     d.   An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such fact; and
     e.   The name, address and telephone number of the present custodian of any writing identified in your answers to the foregoing subpart of this interrogatory.

**ANSWER:  Please see Defendant's response to Interrogatory #20 above as well as the non-privileged documents from Defendant's claim file produced contemporaneously in response to Plaintiff's First Set of Requests for Production.**

22.    Please set forth each and every fact or contention known to you as of the date that you

determined to deny the payment of the claim of Plaintiff under policy number #0094309 25-368984,

which supported the claim for payment.

> **ANSWER:  The applicable policy of insurance required Defendant to pay for covered losses on a replacement cost basis. Based upon these policy obligations, Defendant made payments to Plaintiff and its various vendors/contractors totaling $230,713.41 for the repair of identified covered losses. Defendant reached this total amount based upon the investigation it completed into the claim over a period of nearly eight months. This investigation included (1) retaining an independent adjuster to investigate the church property and prepare a scope and estimate of necessary repairs, (2) communicating directly with repair contractors to reach agreements on the scope of necessary repairs and the price of those repairs, and (3) retaining Accuserve Code Blue to perform an independent technical review of invoices submitted by Service Restoration when it was unable to reach an agreement directly with that provider. Each of these investigatory methods, among others, supported Defendant's position for making payment in the amount identified above.**
>
> **Defendant is presently unaware of any additional facts which support the notion that additional payments were owed based upon its coverage obligations under the applicable insurance policy.**

23.    As to each and every fact identified in your response to the foregoing interrogatory,

please further set forth:

   a. The date you became aware of such fact;
   b. The manner in which you became aware of such fact;
   c. The name, address and telephone number of any person known to you who possesses or claims to possess knowledge of any such fact;
   d. An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such fact; and
   e. The name, address and telephone number of the present custodian of any writing identified in your answers to the foregoing subpart of this interrogatory.

> **ANSWER:  Please see Defendant's response to Interrogatory #22 above as well as the non-privileged documents from Defendant's claim file produced contemporaneously in response to Plaintiff's First Set of Requests for Production.**

24.     Please state whether, at the time you determined to deny payment of the subject claim,

you possessed any manual, protocol, training material, or similar writing pertaining to the means by

which such claims were evaluated.

**ANSWER:   Defendant determines its coverage obligations for any one claim by evaluating the facts of the claim against the terms and conditions of the insured's policy.**

25.     If your answer to the foregoing interrogatory was in the affirmative, please further set

forth:

    a.   The name or title of such manual, protocol, training material, or other writing;
    b.   The name and address of each person known to you who participated in the creation of said manual, protocol, training material, or writing;
    c.   Whether you consulted the terms of such writing in the course of evaluating the instant claim;
    d.   The name, address and telephone number of the present custodian of any such writing.

**ANSWER:   Defendant determines its coverage obligations for any one claim by evaluating the facts of the claim against the terms and conditions of the insured's policy.**

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Timothy J. Wolf
Timothy J. Wolf, #2009230 (AR)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
*Attorney for Defendant Church Mutual Insurance Company*

## VERIFICATION

STATE OF_____         )
                                )  ss.
COUNTY OF _____          )


    The below named person, being duly sworn under oath states that they have read the foregoing Responses to Interrogatories and the answers given are true to the best of their knowledge and belief.

**On behalf of Church Mutual Insurance Company, S.I.**

By: _____

Name: _____

Title: _____


    The foregoing Responses to Interrogatories were subscribed and sworn to before me this _____ day of _____, 20___.


_____
                        Notary Public

My Commission Expires:

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of the foregoing was served via electronic mail this 21st day of December, 2023, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com
*Attorney for Plaintiff*

/s/Timothy J. Wolf _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

ROSE HILL CUMBERLAND )
PRESBYTERIAN CHURCH, )
)
Plaintiff, )          Case No. 4:23-cv-335-LPR
)
vs. )
)
CHURCH MUTUAL INSURANCE )
COMPANY, S.I. )
)
Defendant. )

### DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

COMES NOW Defendant Church Mutual Insurance Company, S.I. ("Church Mutual"), by and through the undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides its First Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production:

### REQUESTS FOR PRODUCTION

1.     Please produce and permit inspection and copying of each and every item of real or demonstrative evidence you intend to introduce into evidence at the trial in this case, including any transcriptions of tape-recordings, or copies of any tapes or other recordings made.

**ANSWER: Defendant has not yet made a decision regarding the evidence it will seek to introduce into evidence at trial. Defendant reserves the right to introduce any real or demonstrative evidence produced and/or discovered by either party during the investigation of this matter. Subject to and without waiving said objections, please see the non-privileged documents contained within Defendant's claim file that are produced hereto. Defendant reserves the right to amend and/or supplement its response to this Request as discovery and trial preparation progresses.**

2.     Please produce and permit inspection and copying of each and every statement of any kind, whether written, recorded, stenographically transcribed, or otherwise, obtained by you,

#30899060 v1



EXHIBIT **b**

your agents, investigators or anyone acting on your behalf from any of the persons named in these answers to interrogatories.

> **ANSWER:  Please see the written statement of Jeff Loveless, a member of Plaintiff who reportedly first discovered the loss, which was provided to Defendant during the claim investigation, Bates Labelled CM 01078–01079.**

3.     Please produce for copying and inspection the claim file and all files regarding Plaintiff and policy number #0094309 25-368984, including a copy of the policy.

> **OBJECTION:  Defendant objects to this Request to the extent it seeks the production of documents protected by the work-product doctrine and attorney-client privilege. Defendant further objects to this Request to the extent it seeks information that is irrelevant to Plaintiff's claims and constitutes protected proprietary and/or confidential information. Please see the produced privilege log outlining those documents not produced and/or redacted pursuant to this objection.**

> **ANSWER:  Subject to and without waiving said objections, please see non-privileged documents contained within the claim file as well as a copy of the policy, Bates Labelled CM 00544–00817.**

4.     Please produce a copy of any and all reports provided to you by an expert witness.

> **ANSWER:  Defendant has not yet determined what expert witnesses it will disclose in this matter to date and, as such, has not yet received any such reports. Defendant will supplement this Request in accordance with the applicable Rules and Court Orders.**

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Timothy J. Wolf
Timothy J. Wolf, #2009230 (AR)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
*Attorney for Defendant Church Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned certified that a true and correct copy of the foregoing was served via electronic mail this 21ˢᵗ day of December, 2023, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com
*Attorney for Plaintiff*

/s/Timothy J. Wolf

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

| | | |
|---|---|---|
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:23-cv-335-LPR |
| vs. | ) ) ) | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW Defendant Church Mutual Insurance Company, S.I. ("Church Mutual"), by and through and the undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides the following objections and responses to Plaintiff's First Set of Interrogatories:

### INTERROGATORIES

1.     State the name, address and telephone number of all persons who have knowledge of any discoverable matter or who will or may be called as a witness at the trial of this case to support any claim or defense of Defendant.

**OBJECTION:  Defendant objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks identification of "all persons" with knowledge of "any discoverable matter." Defendant's investigation into Plaintiff's claims remain ongoing and the full extent of "all persons" who possess relevant knowledge is not presently known. In fact, it is impossible for Defendant to know "all persons" with "knowledge of any discoverable matter."** *Arkansas Labeling, Inc. v. Proctor,* **2022 WL 1608077, No. 4:19-CV-00773-KGB *9 (E.D. Ar. May 20, 2022). Defendant further objects to this Interrogatory as confusing and contradictory to the extent it also requests, in the alternative, the identification of "all persons ... who will or may be called" to serve as a defense witness at trial. To this end, the Interrogatory is also premature as this matter is in its early stages of discovery and investigation.**

EXHIBIT  *C*

Defendant will comply with its obligations under the Federal Rules of Civil Procedure and the Court's Orders with regard to identifying witnesses it intends to call at trial.

**ANSWER:** Subject to and without waiving said objections, Defendant has not yet identified who it will or may call as a witness at trial. Defendant reserves the right to call any witness at trial identified during discovery and properly disclosed pursuant to the Federal Rules of Civil Procedure and the Court's Orders. All of this being said, Defendant is presently aware of the individuals identified in the Initial Disclosures of both parties. Defendant reserves the right to amend and/or supplement its response to this Interrogatory as discovery progresses.

2.      Please identify each and every item of real or demonstrative evidence you intend to introduce into evidence at the trial in this case.

**ANSWER:** Defendant has not yet made a decision regarding the evidence it will seek to introduce into evidence at trial. Defendant reserves the right to introduce any real or demonstrative evidence produced and/or discovered by either party during the investigation of this matter and will identify those items as required by the Federal Rules of Civil Procedure and the Court's Order. Defendant further reserves the right to amend and/or supplement its response to this Interrogatory as discovery and trial preparation progresses. For the time being, please see generally the documents identified by both parties in their Initial Disclosures and produced in response to Plaintiff's First Set of Requests for Production.

3.      Have you, your agents, investigators, or attorneys contacted or spoken to any of the persons named in the answers to these interrogatories? If so, separately set forth the name and address of each such person.

**OBJECTION:** Defendant objects to this Interrogatory as confusing, overly broad, and unduly burdensome. As drafted, this Interrogatory is not limited in time or scope, but rather seeks information regarding any conversation on any topic at any time. This is improper under the Federal Rules of Civil Procedure. Thus, Defendant also objects to this Interrogatory on the basis of relevance as it is not relevant to Plaintiff's claims if Defendant, its agents, investigators, or attorneys have simply spoken to someone at some point in time. Finally, Defendant objects to the extent this Interrogatory seeks information protected by the attorney-client privilege or work-product doctrine to the extent any conversations identified in this Interrogatory involved Defendant's counsel and attorneys.

**ANSWER:** Subject to and without waiving said objections, see generally the communications produced in response to Plaintiff's Requests for Production.

#30580041 v1

4.     Please state whether you paid benefits under policy number #0094309 25-368984 in

response to the claim for benefits tendered by Plaintiff.

**ANSWER: Yes.**


5.     Please state each and every fact relied upon by you in determining to withhold the

payment for the claim tendered by Plaintiff for benefits under policy #0094309 25-368984.

> **OBJECTION:  Defendant objects to this Interrogatory as confusing and irrelevant as
> Defendant did not withhold payment for the claim at issue. Defendant made payments
> totaling $230,713.41 for covered losses associated with the claim at issue in this lawsuit.
> To the extent this Interrogatory seeks information regarding additional amounts being
> sought by Plaintiff, please see Defendant's response to Interrogatory #20 below.
> Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and
> calls for a legal conclusion. Specifically, this Interrogatory is a "contention
> interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by
> stating "each and every fact" in support of a legal position. *Helmert v. Butterball, LLC*,
> No. 4:08-CV-00342, 2010 WL 45378096, at \*1 (E.D. Ar. Nov. 3, 2010) (internal quotation
> omitted). "Contention interrogatories need not be answered until discovery is complete
> or nearing completion." *Id.* (citing to numerous decisions). For this reason, this
> Interrogatory is also untimely when investigation and discovery into this matter,
> including the amounts being claimed by Plaintiff, remain ongoing.**


6.     As to each fact identified in your answer to the foregoing interrogatory, please further

set forth:

> a.   An identification of each person who possesses or claims to possess knowledge of any
>      such fact;
> b.   An identification, which such particularity as you would require in a motion to
>      produce, of any writing relating to each such fact;
> c.   The name, business and residence address, and telephone number of the present
>      custodian of any writing identified in your answer to the foregoing subpart to this
>      interrogatory;
> d.   The date upon which you became aware of such fact and the means by which you
>      became aware of each such fact.

> **OBJECTION:  Defendant objects to this Interrogatory as confusing and irrelevant as
> Defendant did not withhold payment for the claim at issue. Defendant made payments**

totaling $230,713.41 for covered losses associated with the claim at issue in this lawsuit. To the extent this Interrogatory seeks information regarding additional amounts being sought by Plaintiff, please see Defendant's response to Interrogatory #20 below. Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position. *Helmert v. Butterball, LLC,* No. 4:08-CV-00342, 2010 WL 45378096, at *1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion." *Id.* (citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.

7.  Please set forth the date upon which you received notice of the claim tendered by Plaintiff for benefits under the terms of policy #0094309 25-368984.

**ANSWER:  Church Mutual first received notice of the claim at issue in this litigation on July 23, 2022.**

8.  Did you establish a claim file upon receipt of the claim tendered by Plaintiff?

**ANSWER:  Yes.**

9.  If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

>    a.  The date upon which such claim file was established;
>    b.  The claim number assigned to such file, if any;
>    c.  The person or persons who were assigned primary responsibility for the administration of said claim file; and
>    d.  The name, address and telephone number of the present custodian of such claim file.

**ANSWER:**

>    a.  **July 23, 2022;**
>    b.  **000-0-251075;**
>    c.  **The Church Mutual adjuster originally assigned to the claim was Abelardo DeJesus. Church Mutual subsequently reassigned the claim to Bambi Hickey. David Richmond also served as Team Leader during the claim investigation.**

#30580041 v1

d. **The claim file is maintained by Defendant. The custodian may be contacted through the undersigned.**

10.     Please state whether, upon receipt of the claim tendered by Plaintiff under policy number #0094309 25-368984, any particular person or persons were assigned to investigate the facts or circumstances of said loss of claim.

**OBJECTION:** Defendant objects to this Interrogatory to the extent it seeks duplicative information already requested in Interrogatory #9.

**ANSWER:** Subject to and without waiving said objections, yes.

11.     If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

   a.  The name, address and telephone number of each such person or persons;
   b.  The date that such person or persons was so assigned;
   c.  The means or manner by which such person or persons were selected;
   d.  An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such assignment; and
   e.  The name, address and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**OBJECTION:** Defendant objects to this Interrogatory to the extent it seeks duplicative information already requested in Interrogatory #9. Defendant further objects to this Interrogatory as overly broad and unduly burdensome to the extent subpart (d) seeks identification of "each and every writing relating to such assignment." This particular request is not tailored to seek only information relevant to Plaintiff's claims for damages in this lawsuit. In fact, it is impossible for Defendant to identify "each and every writing" responsive to subpart (d) as there may exist such writings to which Defendant is unaware or not in possession. Defendant also objects to subpart (d) of this Interrogatory to the extent it seeks the identification of writings protected by the attorney-client privilege and work-product doctrine.

**ANSWER:** Subject to and without waiving said objections, see below:

   a.  **The Church Mutual adjuster originally assigned to investigate the loss upon receipt of the tendered claim was Abelardo DeJesus. He may be contacted through the undersigned counsel. Church Mutual also retained Tim Toler, an independent adjuster with Allied Universal Compliance and Investigations, to assist in the investigation of the facts and circumstances of the loss as well as to**

#30580041 v1

prepare a scope and estimate of repairs. Mr. Toler's contact information is provided in Defendant's Initial Disclosures.

b. Abelardo DeJesus was assigned upon receiving notice of the claim on July 23, 2022. Tim Toler was also notified of the assignment on July 23, 2022.

c. At the time the claim at issue was made, the claim was assigned to an adjuster via a third-party automation tool. The retention of independent adjusters is generally based upon the location of the loss.

d. Please see the non-privileged documents contained within Church Mutual's claim file which have been contemporaneously produced in response to Plaintiff's First Set of Requests for Production.

e. Writings related to the assignment of Abelardo DeJesus are stored in the claim file maintained by Defendant. The custodian may be contacted through the undersigned. Defendant is without sufficient information to state what custodian(s) may be in control of additional writings not contained within its claim file. Upon information and belief, Allied Universal Compliance and Investigations likely maintains a file for this loss.

12. Did you conduct an investigation of the factual basis for the claim for benefits under policy number #0094309 25-368984 tendered by Plaintiff?

**ANSWER: Yes.**

13. If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

    a. The date or dates that such investigation was conducted;
    b. Each and every step taken by you to investigate the factual basis of said claim;
    c. Whether such investigation and the fact thereof is reflected in writing;
    d. The name, address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory;
    e. The date or dates upon which such investigation was concluded.

**ANSWER:**

a. **Defendant's investigation into this claim began on July 23, 2022, when the claim was first reported and generally concluded on March 10, 2023, when a final payment was issued to Plaintiff for covered losses.**

b. **Defendant objects to this subpart to the extent it seeks identification of "each and every" facet of Defendant's investigation into Plaintiff's insurance claim. The investigation took place over a period of approximately eight months and**

involved multiple vendors and contractors. There are less burdensome means of discovering this information. These objections notwithstanding, Defendant conducted a comprehensive investigation into the claim at issue over a period of nearly eight months. The steps taken during the investigation included, among other things, (1) speaking with representatives and members of Plaintiff to investigate the circumstances of the loss; (2) reviewing various photographs and other documents submitted by Plaintiff and its third-party vendors/contractors to evaluate the scope and value of the loss; (3) retaining Tim Toler with Allied Universal Compliance and Investigations to provide independent adjusting services, including inspecting the loss site, preparing a scope and estimate of repairs, and overseeing repairs actually made; (4) coordinating the scope and value of repairs directly with third-party contractors and vendors; and (5) retaining Accuserve Code Blue to provide technical review services in order to further investigate the scope and value of invoices submitted for payment by non-party Service Restoration for water mitigation, restoration, and pack-out services.  Defendant further directs Plaintiff to the non-privileged claim file documents produced in response to Plaintiff's First Set of Requests for Production for additional insight into the investigation completed by Defendant.

c.   Yes, Defendant maintained a claim file which contains the findings of its claim investigation.

d.   The writings contained within the claim file are maintained by Defendant. The custodian may be contacted through the undersigned.

e.   Although the investigation into this claim remains ongoing while litigation is pending, Defendant originally concluded its claim investigation on March 10, 2023, when it issued a final payment to Plaintiff for covered losses.

14.   In conducting your investigation of the facts which form the claim for benefits tendered by Plaintiff under policy number #0094309 25-368984 did you identify any person who possesses or claims to possess knowledge of any such facts?

**ANSWER: Yes.**

15.   If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

a.   The name, address and telephone number of any such person;

#30580041 v1

b.  The nature of any knowledge possessed or allegedly possessed by such person, if known to you;

c.  An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such person, or any knowledge possessed or allegedly possessed by such person; and

d.  The name, address and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**OBJECTION:  Defendant objects to this Interrogatory as overly broad and unduly burdensome to the extent subpart (c) seeks identification of "each and every writing relating to such person or any knowledge possessed or allegedly possessed by such person." This particular request is not tailored to seek only information relevant to Plaintiff's claims for damages in this lawsuit. In fact, it is impossible for Defendant to identify "each and every writing" or "any knowledge" responsive to subpart (c) as there may exist such writings or knowledge to which Defendant is unaware, not in possession of, or which is irrelevant to this litigation. To this end, it is overly burdensome to require Plaintiff to identify "any" knowledge possessed or "allegedly" possessed by individual witnesses in the form of a written interrogatory when other forms of less burdensome discovery are available, including subpoenas and depositions. Defendant also objects to this Interrogatory to the extent it seeks the identification of writings protected by the attorney-client privilege and work-product doctrine.**

**ANSWER:  Subject to and without waiving said objections, Defendant directs Plaintiff to the individuals identified in each party's Initial Disclosures as well as the listed knowledge base for each such individual identified therein. Defendant further directs Plaintiff to the non-privileged claim file documents produced in response to Plaintiff's Requests for Production.**

16.    Please state whether, in your investigation of the facts which form the basis for the claim for benefits tendered by Plaintiff under policy number #0094309 25-368984 you obtained any statements in any form, from any person, regarding any such facts.

**OBJECTION:  Defendant objects to this Interrogatory as confusing and unclear. The term "statement" is not a defined term for purposes of these Interrogatories and is broad in meaning. For instance, a "statement" could foreseeably include any and all communications received from any person related to the claim at issue. On the other hand, as is generally the case during a claim investigation, "statement" could refer only to recorded and written statements provided at the direction of an investigator or adjuster.**

**ANSWER:  Subject to and without waiving said objections, Defendant was provided with the written statement of Jeff Loveless, a member of Plaintiff who reportedly first discovered the loss, during the claim investigation.**

#30580041 v1

17.     If your answer to the foregoing interrogatory was in the affirmative, please further set

forth:

    a.  The name, address and telephone number of the person who gave such statement;
    b.  The date upon which such statement was taken;
    c.  The name, address and telephone number of the person who took such statement;
    d.  The name, address and telephone number of any person present when such statement was taken;
    e.  The type of statement whether oral, written or recorded, and;
    f.  The name, address and telephone number of the present custodian of any statement referred to by you in your answers to the foregoing subparts of this interrogatory.

**OBJECTION:** **Defendant objects to this Interrogatory as confusing and unclear. The term "statement" is not a defined term for purposes of these Interrogatories and is broad in meaning. For instance, a "statement" could foreseeably include any and all communications received from any person related to the claim at issue. On the other hand, as is generally the case during a claim investigation, "statement" could refer only to recorded and written statements provided at the direction of an investigator or adjuster.**

**ANSWER:** **Subject to and without waiving said objections, the answers to each discrete subpart follow:**

    a.  **Jeff Loveless – Mr. Loveless may be contacted through Plaintiff's counsel;**
    b.  **July 26, 2022;**
    c.  **The statement was provided to Defendant via e-mail by Gay Pace, a representative of Plaintiff;**
    d.  **Defendant does not have knowledge of information responsive to this subpart;**
    e.  **Written; and**
    f.  **Mr. Loveless' statement is maintained in Defendant's claim file. The custodian of this file may be contacted through Defendant's counsel.**

18.     In the course of your investigation of the facts and circumstances forming the basis

for the claim for benefits tendered by Plaintiff under policy number #0094309 25-368984, did you

obtain any expert opinion relating to your determination to deny payment of such claim?

**OBJECTION:** **Defendant objects to this Interrogatory as it requires Defendant to reach a legal conclusion regarding whether an individual qualifies as an expert or provided an expert opinion as those terms are understood within the Federal Rules of Evidence and applicable law.**

#30580041 v1

**ANSWER:** Subject to and without waiving said objections, Defendant retained consultants to assist in its investigation of the claim at issue in this litigation. Defendant's retained consultants assisted in investigating the factual circumstances of the loss, determining the scope of necessary repairs, and estimating the value of such repairs. Specifically, Defendant retained Tim Toler, an independent adjuster with Allied Universal Compliance and Investigations to assist in the investigation of the facts and circumstances of the loss as well as to prepare a scope and estimate of repairs. Mr. Toler's reports and other documents contained within Defendant's claim file have been contemporaneously produced in response to Plaintiff's First Set of Requests for Production.

In addition, Defendant retained Accuserve Code Blue to provide technical review services with regard to the various invoices and estimates submitted for payment by non-party Service Restoration for mitigation, restoration, and pack-out services. The reports prepared by Accuserve and related correspondence in Defendant's possession is contained within the relevant claim file and has been contemporaneously produced in response to Plaintiff's First Set of Requests for Production.

19.    If your answer to the foregoing interrogatory was in the affirmative, please further set

forth:

      a.   The name, address and telephone number of any such expert;
      b.   The field or discipline in which such person claims to have expertise;
      c.   The nature and extent of such expert's training, including schools attended, dates attended, and degrees conferred, if any;
      d.   The date that such expert was retained;
      e.   Whether such expert has examined any records, papers, or the writings in any way relating to the claimant or claim;
      f.   The date that such examination was conducted;
      g.   The name, address and telephone number of any person present at the time of such examination;
      h.   An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such expert's evaluation, investigation, or conclusions; and
      i.   The name, address and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**OBJECTION:** Defendant objects to this Interrogatory as it requires Defendant to reach a legal conclusion regarding whether an individual qualifies as an expert or provided an expert opinion as those terms are understood within the Federal Rules of Evidence and applicable law. Defendant further objects to this Interrogatory as overly broad and unduly burdensome to the extent subpart (h) seeks identification of "each and every writing relating to such expert's evaluation, investigation, or conclusions." It is

impossible for Defendant to identify "each and every writing" responsive to subpart (h) as there may exist such writings to which Defendant is unaware or not in possession. Defendant also objects to subpart (h) of this Interrogatory to the extent it seeks the identification of writings protected by the attorney-client privilege and work-product doctrine.

**ANSWER:** Subject to and without waiving said objections, please Defendant's response to Interrogatory #18 as well as the non-privileged claim documents contemporaneously produced in response to Plaintiff's First Set of Requests for Production.

20.    As of the date that you determined to deny payment of the claim of Plaintiff under policy number #0094309 25-368984, please set forth each and every fact then known to you that you contend supported your decision to deny payment.

**OBJECTION:**    Defendant objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position. *Helmert v. Butterball, LLC*, No. 4:08-CV-00342, 2010 WL 45378096, at *1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion." *Id.* (citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.

Defendant further objects to this Interrogatory to the extent it is duplicative of Interrogatory #5.

**ANSWER:** Subject to and without waiving said objections, the applicable policy of insurance required Defendant to pay for covered losses on a replacement cost basis. Based upon these policy obligations, Defendant made payments to Plaintiff and its various vendors/contractors totaling $230,713.41 for the repair of identified covered losses. Defendant reached this total amount based upon the investigation it completed into the claim over a period of nearly eight months. This investigation included (1) retaining an independent adjuster to investigate the church property and prepare a scope and estimate of necessary repairs, (2) communicating directly with repair contractors to reach agreements on the scope of necessary repairs and the price of those repairs, and (3) retaining Accuserve Code Blue to perform an independent technical review of invoices submitted by Service Restoration when it was unable to reach an agreement directly with that provider. Each of these investigatory methods, among others, supported Defendant's position for making payment in the amount identified above.

#30580041 v1

21.     As to each and every fact identified in your response to the foregoing interrogatory,

please further set forth:

    a.  The date that you became aware of such fact;
    b.  The manner in which you became aware of such fact;
    c.  The name, address and telephone number of any person known to you who possesses
        or claims to possess knowledge of any such fact;
    d.  An identification, with such particularity as you would require in a motion to produce,
        of each and every writing relating to such fact; and
    e.  The name, address and telephone number of the present custodian of any writing
        identified in your answers to the foregoing subpart of this interrogatory.

**OBJECTION:  Defendant objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position. *Helmert v. Butterball, LLC*, No. 4:08-CV-00342, 2010 WL 45378096, at *1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion." *Id.* (citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.**

**Defendant further objects to this Interrogatory as overly broad and unduly burdensome to the extent subpart (d) seeks identification of "each and every writing relating to such fact." This particular request is not tailored to only information relevant to Plaintiff's claims for damages in this lawsuit. In fact, it is impossible for Defendant to identify "each and every writing" responsive to subpart (d) as there may exist such writings to which Defendant is unaware, not in possession of, or which is irrelevant to this litigation. To this end, it is overly burdensome to require Plaintiff to identify extensive written explanations regarding its entire defense to a case when less burdensome discovery methods are available. Defendant also objects to this Interrogatory to the extent it seeks the identification of writings protected by the attorney-client privilege and work-product doctrine.**

**ANSWER:  Subject to and without waiving said objections, please see Defendant's response to Interrogatory #20 above as well as the non-privileged documents from Defendant's claim file produced contemporaneously in response to Plaintiff's First Set of Requests for Production.**

22.     Please set forth each and every fact or contention known to you as of the date that you

determined to deny the payment of the claim of Plaintiff under policy number #0094309 25-368984,

which supported the claim for payment.

**OBJECTION:**   Defendant objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position. *Helmert v. Butterball, LLC*, No. 4:08-CV-00342, 2010 WL 45378096, at *1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion." *Id.* (citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.

Defendant further objects to this Interrogatory as confusing. As written, this Interrogatory insinuates that Defendant did not make any payment whatsoever on the claim at issue which is factually inaccurate. To this end, it is unclear whether this Interrogatory is requesting information regarding the facts which support the amounts that were actually paid or whether Plaintiff is requesting Defendant to identify the facts which support that additional payments should have been made.

**ANSWER:**   Subject to and without waiving said objections, the applicable policy of insurance required Defendant to pay for covered losses on a replacement cost basis. Based upon these policy obligations, Defendant made payments to Plaintiff and its various vendors/contractors totaling $230,713.41 for the repair of identified covered losses. Defendant reached this total amount based upon the investigation it completed into the claim over a period of nearly eight months. This investigation included (1) retaining an independent adjuster to investigate the church property and prepare a scope and estimate of necessary repairs, (2) communicating directly with repair contractors to reach agreements on the scope of necessary repairs and the price of those repairs, and (3) retaining Accuserve Code Blue to perform an independent technical review of invoices submitted by Service Restoration when it was unable to reach an agreement directly with that provider. Each of these investigatory methods, among others, supported Defendant's position for making payment in the amount identified above.

Defendant is presently unaware of any additional facts which support the notion that additional payments were owed based upon its coverage obligations under the applicable insurance policy.

23.   As to each and every fact identified in your response to the foregoing interrogatory, please further set forth:

   a.   The date you became aware of such fact;
   b.   The manner in which you became aware of such fact;
   c.   The name, address and telephone number of any person known to you who possesses or claims to possess knowledge of any such fact;

   d.  An identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such fact; and

   e.  The name, address and telephone number of the present custodian of any writing identified in your answers to the foregoing subpart of this interrogatory.

**OBJECTION:** **Defendant objects to this Interrogatory as overbroad, unduly burdensome, and calls for a legal conclusion. Specifically, this Interrogatory is a "contention interrogatory" which asks Defendant to, in essence, "provide a narrative of its case" by stating "each and every fact" in support of a legal position.** *Helmert v. Butterball, LLC,* **No. 4:08-CV-00342, 2010 WL 45378096, at \*1 (E.D. Ar. Nov. 3, 2010) (internal quotation omitted). "Contention interrogatories need not be answered until discovery is complete or nearing completion."** *Id.* **(citing to numerous decisions). For this reason, this Interrogatory is also untimely when investigation and discovery into this matter, including the amounts being claimed by Plaintiff, remain ongoing.**

**Defendant further objects to this Interrogatory as overly broad and unduly burdensome to the extent subpart (d) seeks identification of "each and every writing relating to such fact." This particular request is not tailored to only information relevant to Plaintiff's claims for damages in this lawsuit. In fact, it is impossible for Defendant to identify "each and every writing" responsive to subpart (d) as there may exist such writings to which Defendant is unaware, not in possession of, or which is irrelevant to this litigation. To this end, it is overly burdensome to require Plaintiff to identify extensive written explanations regarding its entire defense to a case when less burdensome discovery methods are available. Defendant also objects to this Interrogatory to the extent it seeks the identification of writings protected by the attorney-client privilege and work-product doctrine.**

**ANSWER:** **Subject to and without waiving said objections, please see Defendant's response to Interrogatory #22 above as well as the non-privileged documents from Defendant's claim file produced contemporaneously in response to Plaintiff's First Set of Requests for Production.**

24.   Please state whether, at the time you determined to deny payment of the subject claim, you possessed any manual, protocol, training material, or similar writing pertaining to the means by which such claims were evaluated.

**OBJECTION:** **Defendant objects to this Request as it seeks private, confidential, or proprietary material, or other materials which constitute legally protectable trade secrets under applicable law.**

**ANSWER:** **Subject to and without waiving said objections, Defendant determines its coverage obligations for any one claim by evaluating the facts of the claim against the terms and conditions of the insured's policy.**

25.    If your answer to the foregoing interrogatory was in the affirmative, please further set

forth:

       a.  The name or title of such manual, protocol, training material, or other writing;
       b.  The name and address of each person known to you who participated in the creation
           of said manual, protocol, training material, or writing;
       c.  Whether you consulted the terms of such writing in the course of evaluating the instant
           claim;
       d.  The name, address and telephone number of the present custodian of any such writing.

**OBJECTION:** **Defendant objects to this Request as it seeks private, confidential, or proprietary material, or other materials which constitute legally protectable trade secrets under applicable law.**

**ANSWER:** **Subject to and without waiving said objections, Defendant determines its coverage obligations for any one claim by evaluating the facts of the claim against the terms and conditions of the insured's policy.**

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Timothy J. Wolf
Timothy J. Wolf, #2009230 (AR)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
*Attorney for Defendant Church Mutual*
*Insurance Company*

#30580041.v1

## VERIFICATION

STATE OF_____        )
                                 ) ss.
COUNTY OF _____          )


      The below named person, being duly sworn under oath states that they have read the foregoing Responses to Interrogatories and the answers given are true to the best of their knowledge and belief.

**On behalf of Church Mutual Insurance Company, S.I.**

By: _____

Name: _____

Title: _____


      The foregoing Responses to Interrogatories were subscribed and sworn to before me this _____ day of _____, 20___.


_____
                 Notary Public

My Commission Expires:


#30580041 v1

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of the foregoing was served via electronic mail this 24th day of August, 2023, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com
*Attorney for Plaintiff*

/s/Timothy J. Wolf

#30580041 v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH, ) ) ) | |
| Plaintiff, ) | Case No. 4:23-cv-335-LPR |
| ) | |
| vs. ) | |
| ) | |
| CHURCH MUTUAL INSURANCE ) COMPANY, S.I. ) ) | |
| Defendant. ) | |

### DEFENDANT'S PRIVILEGE LOG

COMES NOW Defendant Church Mutual Insurance Company, S.I. ("Church Mutual"),

and for its Privilege Log, states as follows:

| Bates No. | Date | Author/Recipient | Description | Privilege/Objection | Production Status |
|---|---|---|---|---|---|
| **PRODUCTION DATED 8/24/2023** | | | | | |
| **N/A** | 3/15/2023 | Various employees of Church Mutual's legal and compliance team. | Email correspondence | Document contains an internal communication with Church Mutual's legal team concerning the filing and service of this suit upon Church Mutual which is protected by the attorney-client privilege and work-product doctrine. | Not Produced |
| **00818 – 00942** | N/A | N/A | Log Notes | Document contains information relating to Church Mutual's internal reserves throughout the life of the claim which are irrelevant to Plaintiff's claims and constitute protected proprietary and/or confidential information. | Produced/Redacted |

EXHIBIT D

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Timothy J. Wolf
Timothy J. Wolf, #2009230 (AR)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
*Attorney for Defendant Church Mutual*
*Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of the foregoing was sent via electronic mail this 21st day of December, 2023, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com
*Attorney for Plaintiff*

/s/Timothy J. Wolf

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | | |
|---|---|---|
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:23-cv-335-LPR |
| vs. | ) ) ) | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

COMES NOW Defendant Church Mutual Insurance Company, S.I. ("Church Mutual"), by and through the undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides the following objections and responses to Plaintiff's First Set of Requests for Production:

### REQUESTS FOR PRODUCTION

1.      Please produce and permit inspection and copying of each and every item of real or demonstrative evidence you intend to introduce into evidence at the trial in this case, including any transcriptions of tape-recordings, or copies of any tapes or other recordings made.

**ANSWER: Defendant has not yet made a decision regarding the evidence it will seek to introduce into evidence at trial. Defendant reserves the right to introduce any real or demonstrative evidence produced and/or discovered by either party during the investigation of this matter. Subject to and without waiving said objections, please see the non-privileged documents contained within Defendant's claim file that are produced hereto. Defendant reserves the right to amend and/or supplement its response to this Request as discovery and trial preparation progresses.**

2.      Please produce and permit inspection and copying of each and every statement of any kind, whether written, recorded, stenographically transcribed, or otherwise, obtained by you,

#30484212 v1

EXHIBIT _E_

your agents, investigators or anyone acting on your behalf from any of the persons named in these

answers to interrogatories.

**OBJECTION:  Defendant objects to this Request as confusing and unclear. The term "statement" is not a defined term for purposes of these Requests for Production and is broad in meaning. For instance, a "statement" could foreseeably include any and all communications received from any person related to the claim at issue. On the other hand, as is generally the case during a claim investigation, "statement" could refer only to recorded and written statements provided at the direction of an investigator or adjuster.**

**ANSWER:  Subject to and without waiving said objections, please see the written statement of Jeff Loveless, a member of Plaintiff who reportedly first discovered the loss, which was provided to Defendant during the claim investigation, Bates Labelled CM 01078–01079.**

3.      Please produce for copying and inspection the claim file and all files regarding

Plaintiff and policy number #0094309 25-368984, including a copy of the policy.

**OBJECTION:  Defendant objects to this Request to the extent it seeks the production of documents protected by the work-product doctrine and attorney-client privilege. Defendant further objects to this Request to the extent it seeks information that is irrelevant to Plaintiff's claims and constitutes protected proprietary and/or confidential information. Please see the produced privilege log outlining those documents not produced and/or redacted pursuant to this objection.**

**ANSWER:  Subject to and without waiving said objections, please see non-privileged documents contained within the claim file as well as a copy of the policy, Bates Labelled CM 00544–00817.**

4.      Please produce a copy of any and all reports provided to you by an expert witness.

**ANSWER:  Defendant has not yet determined what expert witnesses it will disclose in this matter to date and, as such, has not yet received any such reports. Defendant will supplement this Request in accordance with the applicable Rules and Court Orders.**

#30484212 v1

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Timothy J. Wolf
Timothy J. Wolf, #2009230 (AR)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
*Attorney for Defendant Church Mutual*
*Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of the foregoing was served via electronic mail this 24th day of August, 2023, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com
*Attorney for Plaintiff*

/s/Timothy J. Wolf

#30484212 v1

12/28/23, 11:09 AM     AOL Mail - RE: Rose Hill Cumberland Presbyterian Church v. Church Mutual Insurance Company, S.l.; Case No. 4:23-cv-335-LPR

Case 4:23-cv-00335-LPR-JTK   Document 29   Filed 12/28/23   Page 42 of 45

—

## Timothy Wolf   Principal

email : twolf@wwbhlaw.com
phone : +1 (636) 798 0576
600 Kellwood Pkwy, Suite 120
Saint Louis, Missouri 63017

—

**From:** JOHN OGLES <jogles@aol.com>
**Sent:** Thursday, December 21, 2023 1:24 PM
**To:** Shelly Wicker <SWicker@wwbhlaw.com>
**Cc:** Timothy Wolf <TWolf@wwbhlaw.com>; Tyler Hamilton <THamilton@wwbhlaw.com>
**Subject:** Re: Rose Hill Cumberland Presbyterian Church v. Church Mutual Insurance Company, S.l.; Case No.
4:23-cv-335-LPR

You did not provide the claims file as ordered. You are still objecting and interrogatories #23 and 24 are non
responsive.  There are probably others non responsive but I will read more closely tomorrow.   Please provide the
information by tomorrow and answer the discovery without objection and responsive.

I will check with my clients on deposition's. They will need to be held in Monticello. No idea on Service restoration
but I will ask.

John Ogles

Ogles Law Firm. P.A.

501.982.8339 ph

501.985.1403

200 South Jeff Davis

P.O. Box 891

Jacksonville, AR 72076

Licensed in Ar, Tx, Federal Courts, U.S. Tax and Supreme Court.

On Dec 21, 2023, at 12:48 PM, Shelly Wicker <SWicker@wwbhlaw.com> wrote:



EXHIBIT  F

## Re: Rose Hill Cumberland Presbyterian Church v. Church Mutual Insurance Company, S.I.; Case No. 4:23-cv-335-LPR

From: JOHN OGLES (jogles@aol.com)

To:     TWolf@wwbhlaw.com

Cc:     SWicker@wwbhlaw.com; THamilton@wwbhlaw.com

Bcc:   ggbpace@att.net; monty@montybaugh.com

Date:  Friday, December 22, 2023 at 06:29 AM CST

Judge Kearney ordered you to answer without objection which you have not done. The claims file you provided was subject to objections you preserved which have now been overruled.

I do not agree with your privilege log. My client is entitled the insurance file since they paid for it.   It's not even close regarding 818-942 bates no.  You can submit the email correspondence to Judge Kearney and let him decide.

I will file the appropriate motion next week.

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, Ar 72076
Ph. 501.982.8339
Fax 501.985.1403
Licensed in Arkansas, Texas , U.S. Tax And Supreme Court

> On Dec 21, 2023, at 3:11 PM, Timothy Wolf <TWolf@wwbhlaw.com> wrote:

Good afternoon John,

As stated in our response to your prior golden rule letter and motion to compel, Church Mutual has already produced the entirety of its claim file in this matter. We have withheld one privileged email that is identified in both our original and supplemental privilege log. At this point, Church Mutual has no other documents left to produce to you. If you believe a specific document is missing, please let us know so that we can investigate further; however, we have fully complied with your client's requests for production.

As to our client's first supplementary interrogatory responses, the Court's order required Church Mutual: "(1) to respond to the discovery requests by identifying generally responsive information withheld based on its objections and to produce a privilege log listing any information or documents withheld based on the attorney-client privilege or work-product doctrine so that Plaintiff can determine whether to contest the objections or (2) to withdraw the objections based on its answers." We have both produced a privilege log and withdrawn all objections as required by the Order. Your email below claims our client is still objecting; however, the first supplementary interrogatory responses do not contain a single objection. Please let us know if we are missing something specific in this regard and we will address it. Additionally, the Court did not make any finding that Church Mutual's answers to the interrogatories were non-responsive or otherwise insufficient other than the objections that have been withdrawn. If

12/28/23, 11:09 AM                AOL Mail - Re: Rose Hill Cumberland Presbyterian Church v. Church Mutual Insurance Company, S.I.; Case No. 4:23-cv-335-LPR

Case 4:23-cv-00335-LPR-JTK   Document 29   Filed 12/28/23   Page 44 of 45

you have specific objections in that regard then we can address those, but the Order recently issued by the Court did not make any findings in that regard nor did your client raise such issues in its Amended Motion to Compel.

It is our belief that Church Mutual has fully responded to your client's discovery requests as required by the discovery rules and the Court's Order. Please let me know if you would like to have a call to discuss further, otherwise we will take the position this issue is resolved.  Thanks Tim

 **WATTERS  WOLF
BUB  HANSMANN**

—

## Timothy Wolf    Principal

email : twolf@wwbhlaw.com
phone : +1 (636) 798 0576
600 Kellwood Pkwy, Suite 120
Saint Louis, Missouri 63017

—

**From:** JOHN OGLES <jogles@aol.com>
**Sent:** Thursday, December 21, 2023 1:24 PM
**To:** Shelly Wicker <SWicker@wwbhlaw.com>
**Cc:** Timothy Wolf <TWolf@wwbhlaw.com>; Tyler Hamilton <THamilton@wwbhlaw.com>
**Subject:** Re: Rose Hill Cumberland Presbyterian Church v. Church Mutual Insurance Company, S.I.; Case No. 4:23-cv-335-LPR

You did not provide the claims file as ordered. You are still objecting and interrogatories #23 and 24 are non responsive.  There are probably others non responsive but I will read more closely tomorrow.   Please provide the information by tomorrow and answer the discovery without objection and responsive.

I will check with my clients on deposition's. They will need to be held in Monticello. No idea on Service restoration but I will ask.

John Ogles

Ogles Law Firm. P.A.

501.982.8339 ph

501.985.1403

200 South Jeff Davis

P.O. Box 891

Jacksonville, AR 72076

RE: Rose Hill Cumberland Presbyterian Church v. Church Mutual Insurance Company, S.I.;
Case No. 4:23-cv-335-LPR

From:  Timothy Wolf (twolf@wwbhlaw.com)

To:    jogles@aol.com

Cc:    SWicker@wwbhlaw.com; THamilton@wwbhlaw.com

Date:  Friday, December 22, 2023 at 06:58 AM CST

John,

You can of course do whatever you want to do. I think this would be a frivolous motion given our full
compliance with the court's order and reserve my rights to seek our client's costs in responding. Enjoy the
holiday. Tim



WATTERS WOLF
BUB HANSMANN

—

## Timothy Wolf   Principal

email : twolf@wwbhlaw.com
phone : +1 (636) 798 0576
600 Kellwood Pkwy, Suite 120
Saint Louis, Missouri 63017

—

**From:** JOHN OGLES <jogles@aol.com>
**Sent:** Friday, December 22, 2023 6:29 AM
**To:** Timothy Wolf <TWolf@wwbhlaw.com>
**Cc:** Shelly Wicker <SWicker@wwbhlaw.com>; Tyler Hamilton <THamilton@wwbhlaw.com>
**Subject:** Re: Rose Hill Cumberland Presbyterian Church v. Church Mutual Insurance Company, S.I.; Case No. 4:23-cv-335-LPR

Judge Kearney ordered you to answer without objection which you have not done. The claims file you provided was
subject to objections you preserved which have now been overruled.

I do not agree with your privilege log. My client is entitled the insurance file since they paid for it.  It's not even close
regarding 818-942 bates no. You can submit the email correspondence to Judge Kearney and let him decide.

I will file the appropriate motion next week.