# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH | PLAINTIFF |
| V.     Case No. 4:23-cv-00335-LPR-JTK | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | DEFENDANT |

## ORDER

Pending before the Court are Rose Hill Cumberland Presbyterian Church's ("Plaintiff") Second Motion to Compel Discovery (Doc. No. 29) and Motion to Amend Complaint (Doc. No. 31). Church Mutual Insurance Company, S.I. ("Defendant") filed an untimely response to the second motion to compel and submitted a timely email response to the motion to amend.[1] The motions are ripe for consideration, and Judge Lee Rudofsky referred them to the undersigned for resolution. (Doc. Nos. 25, 32)

## BACKGROUND

Plaintiff filed suit against Defendant over an insurance coverage dispute. Specifically, Plaintiff alleges that Defendant refused to pay the total cost of $267,953.08 for restoration repair services after Plaintiff's building sustained significant water damage. Plaintiff claims that Defendant only paid $128,672.53 and currently owes $139,280.55. Plaintiff also asserts that

---

[1] In an email dated January 24, 2023, and a response filed the same day, Defendant informed the Court that it believes it has fully complied with the Court's order dated December 18, 2023, granting Plaintiff's first motion to compel discovery. Defendant's email and response to the second motion to compel, however, are not timely. The Court received them almost two weeks past the response period. Furthermore, Defendant did not seek leave to file a late response and did not indicate if it sought consent from Plaintiff. *See* Loc. R. 6, 7.

In the same email, Defendant also stated that it does not object to the proposed amended complaint. That email response is timely. Plaintiff replied to both the email and docketed response.

1

Defendant failed to provide a defense to the lien filed against Plaintiff by Service Restoration Inc., the company that performed the repairs. Conversely, Defendant denies that it has only issued payments totaling $128,672.53 and further denies any other wrongdoing pursuant to the terms, provisions, conditions, and exclusions contained in the insurance policy.

After initiating this lawsuit, Plaintiff sent a revised copy of its First Set of Interrogatories to Defendant on July 19, 2023. Thereafter, Plaintiff sent its First Set of Requests for Production of Documents (RFP). The first discovery dispute involves Defendant's initial responses to both the interrogatories and RFP.

On December 18, 2023, the undersigned entered an order granting Plaintiff's first motion to compel discovery. Defendant was ordered either to: (1) respond to the discovery requests by identifying generally responsive information withheld based on its objections and to produce a privilege log listing any information or documents withheld based on the attorney-client privilege or work-product doctrine so that Plaintiff can determine whether to contest the objections or (2) withdraw the objections based on its answers. The order was specific to Interrogatory Nos. 1, 3, 5, 6, 10, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25, along with RFP Nos. 1, 2, and 3. On December 21, 2023, Defendant filed its supplemental answers and objections to Plaintiff's first set of discovery requests.

A week later, Plaintiff filed its second motion to compel discovery. Plaintiff states that Defendant's answer to Interrogatory No. 6 is non-responsive; that Defendant failed to withdraw its objection to Interrogatory No. 13(b); and that Defendant did not exhibit good faith in supplementing its answers to Interrogatory Nos. 1, 2, 3, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 because it withdrew its objections but maintained the same answers from the first set of discovery requests. Plaintiff further contends that Defendant still objects to RFP No. 1 although

this Court ordered Defendant to answer, that RFP No. 3 should also be answered without objection, that the supplemental responses to all the RFP are the same as the initial responses except that Defendant withdrew its objection to RFP No. 2, and that Defendant should be ordered to provide the claims file without objection(s).

Plaintiff also requests in-camera review of internal email correspondence dated March 15, 2023, that Defendant is withholding based on the attorney-client privilege and work-product doctrine. Pursuant to federal procedural law and this Court's local rules, Plaintiff acknowledges that it tried to resolve the dispute with Defendant but to no avail.

Additionally, Plaintiff seeks leave to file its first amended complaint. It wants to add a request for declaratory judgment. More specifically, Plaintiff demands that Defendant protects and defends Plaintiff against the lien and lawsuit filed by Service Restoration Inc.

## DISCUSSION

### I. Second Motion to Compel Discovery

The Federal Rules of Civil Procedure permit litigants to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). With respect to interrogatories, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Additionally, a party may request production of documents under Rule 34 of the Federal Rules of Civil Procedure.

If a dispute arises, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The Court may then compel a response if "a party fails to answer an

interrogatory submitted under Rule 33" or if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

Here, the Court turns to each of Plaintiff's concerns regarding Defendant's supplemental responses to Plaintiff's first set of discovery requests.

A. *Interrogatories*

1. Interrogatory No. 6

Plaintiff alleges that Defendant's answer to Interrogatory No. 6 is non-responsive and that Defendant should be ordered to provide the claims file without objections being preserved. Interrogatory No. 6 states:

> 6. As to each fact identified in your answer to the foregoing interrogatory, please further set forth:
>
> a. An identification of each person who possesses or claims to possess knowledge of any such fact;
> b. An identification, which such particularity as you would require in a motion to produce, of any writing relating to each such fact;
> c. The name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart to this interrogatory;
> d. The date upon which you became aware of such fact and the means by which you became aware of each such fact.
>
> **ANSWER:** Please see Defendant's response to Interrogatory #5 above as well as the non-privileged documents from Defendant's claim file produced contemporaneously in response to Plaintiff's First Set of Requests for Production.

The answer to Interrogatory No. 5 provides:

> The applicable policy of insurance required Defendant to pay for covered losses on a replacement cost basis. Based upon these policy obligations, Defendant made payments to Plaintiff and its various vendors/contractors totaling $230,713.41 for the repair of identified covered losses. Defendant reached this total amount based upon the investigation it completed into the claim over a period of nearly eight months. This investigation included (1) retaining an independent adjuster to investigate the church property and prepare a scope and estimate of necessary repairs, (2) communicating directly with repair contractors to reach agreements on the scope of necessary repairs and the price of those repairs, and (3) retaining

> Accuserve Code Blue to perform an independent technical review of invoices submitted by Service Restoration when it was unable to reach an agreement directly with that provider. Each of these investigatory methods, among others, supported Defendant's position for making payment in the amount identified above.

While Defendant did sufficiently answer Interrogatory No. 5, its answer to Interrogatory No. 6 is non-responsive. The four subparts specifically request Defendant to provide additional information: specifically, to identify persons; writings; name and contact information for the custodians of any writings; and dates regarding the facts described and relied upon by Defendant as answered in Interrogatory No. 5. The specifics requested in Interrogatory No. 6 are not answered in the response to Interrogatory No. 5, and Defendant's reference to that answer is insufficient.

Plaintiff also wants the entire claims file without objections. However, this Court said that Defendant can produce a privilege log of documents that are withheld based on the attorney-client privilege or work-product doctrine. Defendant did provide a privilege log with respect to the claims file. But because the Court is not aware of the exact documents contained in the claims file and whether they suffice in fully answering Interrogatory No. 6, the Court orders Defendant to fully supplement its answer to each subpart of Interrogatory No. 6 or, if referencing any production of documents, to "specif[y] the records that must be reviewed, in sufficient detail to enable [Plaintiff] to locate and identify them as readily as [Defendant] could; and giv[e] [Plaintiff] a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d)(1)–(2). Defendant must comply within seven days from the entry date of this Order.

2. Interrogatory No. 13(b)

Plaintiff further alleges that Defendant still objects to Interrogatory No. 13(b) after being ordered to withdraw its objection. Just to be clear, this Court previously ordered Defendant to either respond to the discovery requests by identifying generally responsive information withheld

5

based on its objections and to produce a privilege log if any information is withheld based on the attorney-client privilege/work-product doctrine *or* to withdraw the objections based on its answers. So, Plaintiff is only stating a portion of this Court's previous order instead of referencing the order in its entirety.

Proceeding with Interrogatory No. 13(b), it states:

> 13. If your answer to the foregoing interrogatory was in the affirmative, please further set forth:
>
>> b. Each and every step taken by you to investigate the factual basis of said claim[.]
>
> **ANSWER:**
>
>> b. Defendant objects to this subpart to the extent it seeks identification of "each and every" facet of Defendant's investigation into Plaintiff's insurance claim. The investigation took place over a period of approximately eight months and involved multiple vendors and contractors. There are less burdensome means of discovering this information. These objections notwithstanding, Defendant conducted a comprehensive investigation into the claim at issue over a period of nearly eight months. The steps taken during the investigation included, among other things, (1) speaking with representatives and members of Plaintiff to investigate the circumstances of the loss; (2) reviewing various photographs and other documents submitted by Plaintiff and its third-party vendors/contractors to evaluate the scope and value of the loss; (3) retaining Tim Toler with Allied Universal Compliance and Investigations to provide independent adjusting services, including inspecting the loss site, preparing a scope and estimate of repairs, and overseeing repairs actually made; (4) coordinating the scope and value of repairs directly with third-party contractors and vendors; (5) retaining Accuserve Code Blue to provide technical review services in order to further investigate the scope and value of invoices submitted for payment by non-party Service Restoration for water mitigation, restoration, and pack-out services. Defendant further directs Plaintiff to the non-privileged claim file documents produced in response to Plaintiff's First Set of Requests for Production for additional insight into the investigation completed by Defendant.

This supplemental response is the same as Defendant's initial response, and the Court cannot tell whether or not Defendant has fully answered this interrogatory because of (1) Defendant's

preliminary objection and (2) its statement that "[t]he steps taken during the investigation included, among other things[.]"

First, this Court's previous order explained that Defendant's method of objecting and answering is improper. Defendant cannot properly answer a discovery request while persisting in its objections. *See Jones v. Forrest City Grocery Inc.*, No. 4:06-CV-00944-WRW, 2007 WL 841676, at *1 (E.D. Ark. Mar. 16, 2007) (unpublished). Second, Defendant's answer implies that other steps were taken but that Defendant did not include those steps in its answer. The Court is not ordering a detailed narrative as an answer, but to say that this request is unduly burdensome, when providing some of the investigatory steps but not all, seems to be a bit of a stretch.

As to Interrogatory No. 13(b), Defendant is ordered either to respond by identifying generally responsive information withheld based on any other objection if applicable and to produce a privilege log of information withheld if necessary or to withdraw the objection based on its answer that should be set out fully. If referencing any production of documents, Defendant should "specif[y] the records that must be reviewed, in sufficient detail to enable [Plaintiff] to locate and identify them as readily as [Defendant] could; and giv[e] [Plaintiff] a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d)(1)–(2). Defendant must comply within seven days from the entry date of this Order.

3. Interrogatory Nos. 1, 2, 3, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25

Next, Plaintiff contends that Defendant did not exhibit good faith in supplementing its responses to Interrogatory Nos. 1, 2, 3, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 because it withdrew its objections but maintained the same answers from the first set of discovery requests. To reiterate, this Court previously ordered Defendant either to respond to the discovery requests

by identifying generally responsive information withheld based on its objections and to produce a privilege log of information withheld when necessary or to withdraw the objections based on its answers.

To the extent that Defendant withdrew its objections, Defendant must answer each interrogatory in accordance with Rule 33 of the Federal Rules of Civil Procedure. In other words, Defendant's answers should be unqualified and answered fully. *See* Fed. R. Civ. P. 33(b)(3). If referencing any production of documents, the answer must "specif[y] the records that must be reviewed, in sufficient detail to enable [Plaintiff] to locate and identify them as readily as [Defendant] could; and giv[e] [Plaintiff] a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d)(1)–(2). To ensure compliance with Rule 33(d) specifically, the Court orders Defendant to examine its answers to Interrogatory Nos. 2, 3, 11(d), 15, 18, 19, 21, and 23, which direct Plaintiff to the claims file. The answers to the remaining interrogatories appear to be responsive. Defendant must comply within seven days from the entry date of this Order.

B. *RFP*

Additionally, Plaintiff finds fault with each of Defendant's responses to the RFP, which are governed by Rule 34 of the Federal Rules of Civil Procedure. Upon filing its supplemental responses to the RFP, Defendant appears to continue its method of objecting to and answering RFP Nos. 1 and 3, which the Court said Defendant cannot do. The objections, however, reference privileged documents that are being withheld, and in its previous order, that is a response that the Court permitted Defendant to provide. Defendant still asserted that the non-privileged documents have been produced in response to RFP Nos. 1 and 3. Answers to RFP Nos. 2 and 4 also appear to be responsive.

At this point, both parties have indicated that Plaintiff has possession of the claims file. The Court is satisfied with Defendant's privilege log and has no reason to believe that Defendant is being dishonest regarding the nature of its privileged documents. On that basis, the Court denies Plaintiff's request for in-camera review of Defendant's email correspondence dated March 15, 2023.

## II. Motion to Amend Complaint

Furthermore, Plaintiff seeks to amend its complaint under Federal Rule of Civil Procedure 15, which governs amended and supplemental pleadings. It requests leave of court to add a provision for declaratory relief. *See* Fed. R. Civ. P. 57.[2]

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although litigants do not have an absolute right to amend their pleadings, federal procedural law favors amendment unless compelling reasons exist in support of denying the request. Those reasons are "undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (internal quotation omitted).

Here, it does not appear that any of the compelling reasons for denying leave to amend are present. Likewise, in its email to the Court, Defendant did not object to the proposed amended complaint. Based on the current record and leniency toward amendment under federal procedural

---

[2] Plaintiff thinks that the Arkansas Rules of Civil Procedure govern its motion to amend complaint. Its motion requesting to amend complaint, however, is governed by the Federal Rules of Civil Procedure. "Under the doctrine of *Erie R[ailroad] Co[mpany] v. Tompkins*, federal courts sitting in diversity apply state substantive law and federal procedural law." *Smith v. Northland Cap. Fin. Servs., LLC*, No. 4:20-CV-01115-KGB, 2022 WL 1459580, at *3 n.2 (E.D. Ark. May 9, 2022) (unpublished). Stated differently, federal procedural law applies "in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 1. Therefore, Rules 15 and 57 of the Federal Rules of Civil Procedure control here.

law, Plaintiff's Motion to Amend Complaint is granted. Plaintiff must file its amended complaint within seven days from the entry date of this Order. Defendant shall comply with the Federal Rules of Civil Procedure and this District's Local Rules in filing its amended answer or other response.

## CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion to Compel (Doc. No. 29) is GRANTED in part and DENIED in part, and its Motion to Amend Complaint (Doc. No. 31) is GRANTED. Regarding the second motion to compel, Defendant shall comply no later than seven days from the entry date of this Order, by 5:00 p.m. Additionally, Plaintiff shall file its amended complaint no later than seven days from entry date of this Order, by 5:00 p.m. Defendant is also permitted to file an amended response pursuant to the Federal Rules of Civil Procedure and this District's Local Rules.

IT IS SO ORDERED this 6th day of February, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE