IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROSE HILL CUMBERLAND
PRESBYTERIAN CHURCH                                                                  PLAINTIFF

VS.                                    NO. 4:23-CV-00335 LPR

CHURCH MUTUAL
INSURANCE COMPANY SI                                                                  DEFENDANT

**PLAINTIFF'S BRIEF IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Comes the Plaintiff, Rose Hill Cumberland Presbyterian Church, and for its brief in support of motion for summary judgment, states:

**I. Summary Judgment Standard of Review**

"When faced with cross-motions [for summary judgment], the normal course for the trial court is to 'consider each motion separately, drawing inferences against each movant in turn." *Wright v. Keoku Cnty. Health Ctr.*, 399 F. Supp. 2d 938, 946 (S.D. Iowa 2005) (citing *EEOC v. Steamship Clerks Union, Local 1066*, 48 F.3d 594, 603 n.8 (1st Circ. 1995)). Plaintiff anticipates Defendant filing a summary judgment motion.

Summary judgment is proper if there is no genuine issue of material fact for trial. *United Health Group Inc. v. Executive Risk Specialty Ins. Co.,* 870 F.3d 856, 861 (8th Cir. 2017) (citing Fed. R. Civ. P. 56). A court should grant summary judgment when the facts, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact, and

that the defendant is entitled to entry of judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Johnson Regional Medical Ctr. V. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). A factual dispute is genuine if the evidence could cause a reasonable fact finder to return a verdict for either party. *Miner v. Local 373, 513 F 3d 854, 860 (8th Cir. 2008)*. "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Bufford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). Cert. denied, 552 U.S. 1048 (1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

A federal district court sitting in diversity applies its forum state's substantive law. *Guardian Fiberglass, Inc. v. Whit Davis Lumber Co.*, 509 F.3d 512, 515 (8th Cir. 2007). State law governs the interpretation of insurance policies when federal jurisdiction is based on diversity of citizenship. *Secura Ins. V. Horizon Plumbing, Inc.*, 670 F3d 857, 861 (8th Cir. 2012) (citing *Langley v. Allstate Ins. Co.,* 995 F.2d 841, 844 (8th Cir. 1993)).

## II. Duty to Defend

In Arkansas, the duty to defend under an insurance policy arises when there is a possibility that the injury of damage may fall within the policy coverage. *Scottsdale Ins. Co. v. Morrowland Valley Co., LLC*, 441 S.W.3d 184, 190-191 (Ark. 2012); *Cornerstone Nat'l Ins. Co. v. Rodriguez*, Case No. 5:20-cv-04064, 2021 WL 141699, at *3 (W.D. Ark. Jan. 14, 2021). Generally, the "pleadings against the insured determine the insured's duty to defend." *Scottsdale*, 441 S.W.3d at 190-91. To determine if a duty to defend arises, the "language in the contract from which the purported duty arises" is examined. *Id*.

"The provisions of an insurance contract "are to be interpreted by the Court in the plain and ordinary meaning of the terms and cannot be construed to contain a different meaning." *Unigard Sec. Ins. Co. v. Murphy Oil USA, Inc.*, 962 S.W.2d 735, 739-40 (Ark. 1998) (quoting *Horn v. Imperial Cas. & Indem. Co.,* 636 S.W.2d 302, 303 (Ark. 1982)). Under Arkansas law, if the language is an insurance policy is ambiguous, then the Court must construe the language strictly against the insurance company and resolve all doubts in favor of the insured. *Southern Title Ins. V. Oller*, 595 S.W.2d 681, 683 (Ark. 1980). However, "[t]he terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk which is plainly excluded and for which it was not paid." Id. At 750 (quoting *S. Farm Bureau Cas. Ins. Co. v. Williams*, 543 S.W.2d 467, 470 (Ark. 1976)).

After it is determined that coverage exists, it must then be determined if exclusionary language within the policy eliminates the coverage. See *Castaneda v. Progressive Classic Ins. Co.*, 166 S.W.3d 556, 560-61 (Ark. 2004) (citing *Norris v. State Farm Fire & Cas. Co.* 16

S.W.3d 242 (Ark. 2000)). Exclusions must be expressed in clear and unambiguous language. See id.

If language is unambiguous, the plain language of the policy will be used. Id. (citing *Elam v. First Unum Life Ins. Co.* 57 S.W.3d 165 (2001)). An insurance policy is ambiguous if "there is doubt and uncertainty as to its meaning and it is fairly susceptible of two or more interpretations." *Nationwide Mut. Ins. Co. v. Worthey*, 861 S.W.2d 307, 310 (Ark. 1993). "Although the meaning of an ambiguity may become a question for the fact-finder if parol evidence has been admitted to resolve that ambiguity, … where the meaning of the language of a written contract does not depend on disputed extrinsic evidence, the construction and legal effect of the contract are questions of law." *Smith v. Prudential Prop. & Cas. Ins. Co.,* 10 S.W.3d 846, 850 (Ark. 2000). When language is ambiguous, the policy will be construed "liberally in favor of the insured and strictly against the insurer." *Castaneda*, 166 S.W.3d at 560-61.

Further, if the language of a policy is ambiguous, then the Court need not resort to rules of construction in order to ascertain the meaning of the insurance policy. The Court must apply the plain and ordinary meaning of the terms in the policy. *Williams*, 543 S.W.2d at 469. "[W]hen policy language is clear and unambiguous, the court should decide, as a matter of law, the construction." *Nat. Life & Accident Ins. Co. v. Abbott*, 455 S.W.2d 120 (Ark. 1970).

There are not any exclusions that apply to the insurance policy. See *Safeco Insurance Co. of America v. Dillon Dooms, et al.*; Case No. 5:21-cv-05034 U.S. Dist. Ct., W.D. Ark. March 23, 2022. There is clearly a duty to defend because there is potential for coverage under the policy. The duty to defendant is broader than the duty to indemnify; the duty to defend arises when there is a possibility that the injury or damage may fall within the policy. *Scottsdale Ins. Co. v.*

*Morrowland Valley Co.*, 411 S.W.3d 184, 190 (Ark. 2012). In testing the pleadings to determine if the state a claim within the policy coverage, we resolve any doubt in favor of the insured. Murphy Oil USA, Inc. v. Unigard Sec. Ins. Co., 347 Ark. 167, 61 S.W.3d 807, 814 (2001).

In this case, Defendant authorized the repairs. See Exh. C, affidavit of Elizabeth Pace. The Defendant paid $231,000.00 for the repairs to the church. Defendant never told Plaintiff that the claim was not covered.

See Exh. D, the business records affidavit of Dalton Schmidt, who works for Service Restoration. It is clear from reading the affidavit that Defendant authorized the repairs.

Defendants entire theory is that Service Restoration has charged $115,067.57 too much according to a third-party auditor "Code Blue". Plaintiff's request is for Defendant to defend Plaintiff. Defendant has a duty to defend Plaintiff and not just run away. For example, if an individual has automobile insurance and hits someone, the automobile insurance has a duty to defend their insured. The insurance cannot say "Oh, they are suing you for too much money and you are on your own." Defendant has a duty to defend Plaintiff.

### III. Declaratory Judgment

Plaintiff is entitled to judgment against Defendant for $115,067.57, the amount currently owed to Service Restoration. Plaintiff timely filed its proof of loss. Defendant did not comply with Ark. Code Ann. § 23-79-126 and has waived any damages argument. Defendant did not provide proof of loss forms. When an insurer fails to provide proof-of-loss forms within 20 days it constitutes a waiver of the proof-of-loss requirements. *Merechka v. Vigilant Insurance Company*, 26 F.4th 776 (8th Circ. 2022) See Act 768 of 1979.

Defendant did not provide forms pursuant to Ark. Code Ann. § 23-79-126. Defendant is now barred from contesting Plaintiff's damages, especially since Defendant paid $231,000.00 for repairs already. Defendant was required to send out of a "proof of loss" form within twenty (20) days from the date the loss is reported. A failure to comply with Ark. Code Ann. § 23-79-126 has severe consequences.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction," subject to some exceptions not at issue here, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

"There is no clear-cut standard to use in determining whether a court should exercise its discretion to grant declaratory relief." *Bd. Of Regents for Nw. Mo. St. Univ. v. MSE Corp.*, Case No. 90-0125-cv-W-9, 1990 WL 212098, at *2 (W.D. Mo. Nov. 20, 1990). The question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). In general, courts should exercise their discretion in such a way as "to strike a proper balance between the needs of the plaintiff and the consequences of giving the desired relief …. The actuality of the plaintiff's need for a declaration of his rights is therefore of decisive importance." *Eccles v. People's Bank of Lakewood Village, Cal.*, 333 U.S. 426, 431-32 (1948).

### IV. Argument

Defendant has a duty to defend Plaintiff against the lien and lawsuit filed against Plaintiff. See Exhibits A and B. Pursuant to Ark. Code Ann. § 16-111-101 through 16-111-111, Defendant must defend its insured. Furthermore, Plaintiff submitted its proof of loss to Defendant and Defendant did not object.

See Exhibits C and D which are the affidavits of Elizabeth Pace and Jason Hayes which make it clear that Defendant accepted this claim. See Exhibit D which is Bates No. 902 where Defendant admitted accepting this claim as a covered loss. Exhibit D, Bates No. 902 was part of the documents that Plaintiff had to file three motions to compel against Defendant to obtain. Exhibit E reflects that Defendant accepted the claim. See Exhibit F which is the notice of loss. See Exhibit G which is the policy declarations page. See Exhibit H which is emails from Plaintiff's attorney to Defendant requesting Defendant provide a defense. See Exhibit I which is relevant portions of the insurance policy that proves Defendant has a duty to defend Plaintiff. Exhibit J reflects that Sections I and IV of Defendant's liability coverage require Defendant to either pay or defend Plaintiff.

### Conclusion

Plaintiff requests that this Court rule that Defendant has a duty to defend Plaintiff. Plaintiff also requests judgment against Defendant for the amount requested by Service Restoration against Plaintiff. See Exhibit B.

WHEREFORE, Plaintiff requests this Court grant its motion for summary judgment, and for all other proper relief, including attorney's fees.

                Respectfully submitted,

                John Ogles
                Arkansas Bar No. 89003
                Texas Bar No. 00797922
                OGLES LAW FIRM, P.A.
                200 S. Jeff Davis
                P.O. Box 891
                Jacksonville, AR 72078
                (501) 982-8339
                jogles@aol.com