# I IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

ROSE HILL CUMBERLAND )
PRESBYTERIAN CHURCH, )
 )
    Plaintiff., ) Case No. 4:23-cv-335-LPR
 )
vs. )
 )
CHURCH MUTUAL INSURANCE )
COMPANY, S.I. )
 )
    Defendant. )

## CHURCH MUTUAL'S RESPONSE TO
## PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

COMES NOW Defendant Church Mutual Insurance Company, S.I., for its Response to Plaintiffs' Statement of Undisputed Facts states:

1. Defendant sold Plaintiff a policy of insurance from May 31, 2022 to May 31, 2023, that covered plaintiff for water damage.

   **Defendant admits that it issued a policy to Plaintiff which provided coverage for water damage subject to the terms and conditions of that policy.**

2. Defendant's insurance policy also required Defendant to defend plaintiff in covered losses.

   **Defendant denies that the terms and conditions of that policy required Defendant to defend any claim or "suit" or pay damages that Plaintiff is legally liable to pay, solely by reason of its assumption of liability in a contract or agreement.**

3. Plaintiff's water damage was a covered loss.

   **Defendant admits that it provided coverage for Plaintiff's water damage claim subject to the terms and conditions of that policy.**

4. Defendant accepted Plaintiff's claim.

   **Defendant admits that it provided coverage and paid for Plaintiff's water damage claim subject to the terms and conditions of that policy.**

#31313030 v1


EXHIBIT B

5.   Plaintiff submitted written proof of loss and Defendant did not dispute it.

**Defendant admits that Plaintiff submitted a proof of loss and that it provided coverage and paid for Plaintiff's water damage claim subject to the terms and conditions of that policy. Defendant has disputed its responsibility regarding the contract plaintiff entered into with Service Restoration, Inc.**

6.   There are not any exclusions or special exclusions that apply.

**Defendant denies that the terms and conditions of that policy required Defendant to defend any claim or "suit" or pay damages that Plaintiff is legally liable to pay, solely by reason of its assumption of liability in a contract or agreement. There is a specific exclusion regarding the duty to defend a suit for "Contractual Liability". (See Doc 49 p.100)**

7.   Section I of Defendant's Liability coverage policy required Defendant to either pay or defend Plaintiff. See Exhibit J.

**Defendant denies that the terms and conditions of that policy required Defendant to either pay or defend any claim. Plaintiff does not specifically allege which portion of the policy it relies on for this statement. Defendant does agree that it has a duty to defend and to pay for certain "wrongful' acts as defined by the terms and conditions of the policy. Defendant denies that the terms and conditions of that policy required Defendant to defend any claim or "suit" or pay damages that Plaintiff is legally liable to pay, solely by reason of its assumption of liability in a contract or agreement. There is a specific exclusion regarding the duty to defend a suit for "Contractual Liability". (See Doc 49 p.100)**

8.   Plaintiff demanded Defendant defend it from litigation.

**Defendant admits that Plaintiff demanded that Defendant provide a defense in the Service Restoration litigation.**

9.   Defendant has refused to defend Plaintiff from the Service Restoration litigation.

**Defendant denies that the terms and conditions of that policy required Defendant to defend any claim or "suit" or pay damages that Plaintiff is legally liable to pay, solely by reason of its assumption of liability in a contract or agreement. There is a specific exclusion regarding the duty to defend a suit for "Contractual Liability'. (See Doc 49 p.100)**

#31313030v1

10. Section IV of Defendant's liability coverage form required Defendant to defend Plaintiff. See Exhibit J.

> **Defendant denies that the terms and conditions of Section IV of the policy required Defendant to defend any claim or "suit" or pay damages that Plaintiff is legally liable to pay, solely by reason of its assumption of liability in a contract or agreement. There is a specific exclusion regarding the duty to defend a suit for "Contractual Liability". (See Doc 49 p.100)**

11. Plaintiff complied with Section VI conditions as to Notice. See Exhibit J.

> **Defendant admits that plaintiff provided Notice of the Service Restoration litigation but denies that this claim was covered under the policy.**

12. Defendant does not have a defense to not defending plaintiff from the Service Restoration litigation.

> **Defendant denies that the terms and conditions of Section IV of the policy required Defendant to defend any claim or "suit" or pay damages that Plaintiff is legally liable to pay, solely by reason of its assumption of liability in a contract or agreement. There is a specific exclusion regarding the duty to defend a suit for "Contractual Liability". (See Doc 49 p.100)**

13. Plaintiff submitted its proof of loss to Defendant and defendant has waived any damages argument by not complying with Ark. Code. Ann. §23-79-126.

> **Defendant denies that it is making any claim that plaintiff did not file a completed proof of Loss form.**

Respectfully Submitted,

**WATTERS WOLF BUB & HANSMANN, LLC**

*/s/ Timothy J. Wolf*
Timothy J. Wolf, #2009230 (AR)
John F. Cooney, (Admitted Pro Hac Vice)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
jfcooney@wwbhlaw.com

*Attorney for Defendant Church Mutual Insurance Company*

#31313030 v1

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of the foregoing was via electronic mail this 16th day of April 2024, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com

*Attorney for Plaintiff*

                                                */s/ Timothy J. Wolf*