IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROSE HILL CUMBERLAND
PRESBYTERIAN CHURCH                                                    PLAINTIFF

VS.                              NO. 4:23-CV-00335 LPR

CHURCH MUTUAL
INSURANCE COMPANY SI                                               DEFENDANT

## RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE THEIR REPLY TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OUT OF TIME

Comes the plaintiff, Rose Hill Cumberland Presbyterian Church "Rose Hill", and for its response to Defendant's motion for leave to file their reply to Plaintiff's motion for summary judgment out of time, states:

1.      That Defendant's motion should be denied.

2.      That Federal Rules of Civil Procedure Rule 56 does not allow a party to file a motion for leave to file a response to Plaintiff's motion for summary judgment out of time. Neither do the Local Rules for Eastern District 7.2 (b) or 56.1. Defendant did not ask for an extension within the time to respond. This Court's scheduling order does not allow the relief requested by Defendant.

3.      Defendant has shown no effort to abide by the Federal Rules of Civil Procedure, Eastern District Local Rules, or this Court's scheduling order.

1

4. That Defendant's law firm is one of the largest firms in Missouri. Defendant's law firm has more than 60 lawyers. See Exhibit A. This is the case Defendant's attorney stated it was preparing for trial that just settled. See www.wwbhlaw.com. See also Exhibit B. Defendant's law firm had plenty of attorneys to respond to the Plaintiff's motion pursuant to the Federal Rules of Civil Procedure. This Court does not have jurisdiction to grant Defendant's motion because it was filed out of time. If Defendant had filed a motion for extension within the time to respond that would have been just cause. It is not just cause to ask for an extension after the time has expired.

5. Defendant makes a bold statement without facts to support it that Plaintiff will not be prejudiced. This is false.

6. That Plaintiff will be prejudiced. Plaintiff had to file a motion to compel on October 4, 2023, which was granted December 18, 2023, a second motion to compel on December 28, 2023, which was granted February 6, 2024, in part, a third motion to compel on February 19, 2024, to which Defendant agreed by filing its memo on February 22, 2024, admitting it was deceitful and provided the information requested pursuant to Plaintiff's third motion to compel.

7. Plaintiff has been harmed by Defendant's refusal to pay this claim and not being truthful.

8. Defendant's motion is nothing but a delay tactic.

WHEREFORE, Plaintiff requests this Court deny the Defendant's motion for leave to file their reply to Plaintiff's motion for summary judgment out of time, and for all other proper relief, including attorney's fees.

Respectfully submitted,

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2024-Mar-29 11:32:43
60CV-22-7860
C06D17 : 25 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY
STATE OF ARKANSAS

MARIA MOORE, as Personal Representative  )
of the Estate of Jo Evelyn Linebarger, and on  )
behalf of the wrongful death beneficiaries  )
of Jo Evelyn Linebarger,  )
                                              )
vs.                                           )          Cause No. 60CV-22-7860
                                              )
ARHC FRNLRAR01 TRS, LLC d/b/a  )
FOX RIDGE NORTH LITTLE ROCK,  )
ARHC FRNLRAR01, LLC,  )
FOX RIDGE MANAGEMENT COMPANY, LLC, )
MEDICAL ASSETS HOLDING COMPANY, LLC,)
FR MANAGEMENT CORPORATION,  )
ARHC FOX RIDGE MT, LLC;  )
HEALTHCARE TRUST, INC.;  )
HEALTHCARE TRUST OPERATING  )
PARTNERSHIP, L.P.; and TERESA DAVIS,  )
IN HER CAPACITY AS EXECUTIVE DIRECTOR)
OF FOX RIDGE NORTH LITTLE ROCK,  )
                                              )
        Defendants.                           )

## FIRST MOTIONS IN LIMINE OF DEFENDANTS

Defendants ARHC FRNLRAR01 TRS, LLC d/b/a Fox Ridge North Little Rock; ARHC

FRNLRAR01, LLC; Fox Ridge Management Company, LLC; Medical Assets Holding Company,

LLC; FR Management Corporation; ARHC Fox Ridge Mt, LLC; Healthcare Trust, Inc.;

Healthcare Trust Operating Partnership, L.P.; and Teresa Davis (collectively, "Defendants") move

this Court to enter an Order, prior to the *voir dire* examination of the jury panel, that counsel for

Plaintiff Maria Moore, as Personal Representative of the Estate of Jo Evelyn Linebarger, and on

behalf of the wrongful death beneficiaries of Jo Evelyn Linebarger (collectively, "Plaintiff") and

any and all witnesses called on Plaintiff's behalf be instructed to refrain from any mention or

interrogation, directly or indirectly, in any manner whatsoever, including the offering of

documents or evidence concerning the matters set forth herein. These Defendants further request

1

#31221876 v3

**EXHIBIT** ⱶ

Evid. 701. Accordingly, Plaintiff's attorney should be barred from offering, or attempting to offer, any evidence by a lay witness that is an expert opinion, legal conclusion, or which invades the province of a jury. Furthermore, Plaintiff's attorney should be barred from offering testimony from administrative professionals (e.g. CNAs) on medical and assisted living facility practices.

_____ **Stipulated** _____ **Sustained** _____ **Overruled** _____ **Under Submission**

18. **Defendants' Counsel**. Any testimony, statements of counsel, or other statements referring to the size or location of the law firm representing these Defendants in this case, e.g., references to the law firm as "one of the biggest defense firms in Missouri," to its having multiple offices in another state, or to the number of lawyers who practice law for the firm. Such statements have no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Moreover, any slight probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury because such references have the effect of suggesting to the jury that a "deep pocket" will pay any damages awarded. Ark. R. Evid 401-403.

_____ **Stipulated** _____ **Sustained** _____ **Overruled** _____ **Under Submission**

8

(b) That Plaintiff's counsel be specifically instructed to inform and counsel all of Plaintiff's witnesses and the Plaintiff, not to volunteer, interject, disclose, state, or mention in the presence of the jury, or in any other way refer to any of the matters stated above, unless and until specifically questioned thereon after a prior favorable ruling by this court; and

(c) That Plaintiff's counsel be instructed that a violation of any and/or all this Court's instructions, if any, in connection with these issues, would be likely to constitute undue harm to Defendants' case and deprive Defendants of a fair and impartial jury trial, and that such violations and failure to abide by this Court's Order may bring about a mistrial or other sanctions.

Respectfully submitted,

**WATTERS, WOLF, BUB & HANSMANN LLC**

/s/Timothy J. Wolf
Timothy J. Wolf, #2009230
600 Kellwood Drive, Suite 120
St. Louis, Missouri 63017
636-798-0570 - TELEPHONE
636-798-0693 – FAX
twolf@wwbhlaw.com

*Attorneys for Defendants*

24

#31221876 v3

# PROVEN TRIAL RESULTS FOR OVER 40 YEARS — THE SKILL, EXPERTISE AND DRIVE TO WIN

For over 40 years the lawyers of Watters Wolf Bub Hansmann have been successfully trying cases and have a reputation as aggressive and proactive trial lawyers with a desire to win.

Individual and corporate clients call on us to represent them in high-stakes, complex trials and litigation because of our team of experienced trial lawyers. Our trial experience allows us to learn the nature of any dispute early in the process, analyze the dispute, develop a strategy with our clients, and aggressively pursue that strategy through the trial. The trial team includes experienced appellate lawyers to analyze sophisticated legal issues early in the litigation process and take the case through trial and the appellate courts.

# TRIAL MINDSET & PHILOSOPHY ⌄

We have built a firm that is staffed with trial lawyers who understand what it takes to try and win cases. Our team of experienced trial lawyers has over 1,000 cases tried to verdict and has over 200 reported decisions issued by trial courts and appellate courts. We take pride in putting our clients first from day one and keeping the client actively involved and informed throughout the litigation process. Our experienced trial lawyers are regularly retained to represent



**EXHIBIT** _B_

clients in jurisdictions throughout the United States in high exposure complex litigation.

Our philosophy of analyzing and treating every case as if it were going to trial at the outset has produced not only favorable results for our clients in trial and can lead to early resolution. Any opposing side knows our firm's trial lawyers will be ready for trial and more than willing to try the case to a conclusion. Opposing parties are fully aware of our reputation as aggressive, proactive trial lawyers allowing our lawyers to leverage our winning track record to obtain far superior and cost-effective results in matters that are resolved pre-trial.

We value our firm's close knit, hard-working desire to win culture which gives our clients a collaborative team approach including experienced trial lawyers, appellate lawyers, and insurance coverage lawyers all working seamlessly together to serve the needs of each client. Our goal is reaching a successful result for every client we serve and to build lasting relationships within our firm and with our clients.