IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:23-cv-00335-LPR |
| vs. | ) ) ) | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | ) ) ) ) | |
| Defendant. | ) | |
| SERVICE RESTORATION, INC. | ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:23-CV-00781-LPR |
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH | ) ) ) ) | |
| Defendant/., | ) ) | |

**CHURCH MUTUAL'S BRIEF IN OPPOSITION
TO PLAINTIFFS' JOINT MOTION TO CONSOLIDATE**

COMES NOW Defendant **Church Mutual Insurance Company, S.I.**, for its Suggestions in Opposition to Plaintiffs' Motion to Consolidate under Rule 42 (a) of the Federal Rules of Civil Procedure states:

Plaintiffs seek to consolidate two cases presently pending in this Court.

**Case 1** is the case *of Rose Hill Cumberland Presbyterian Church* (hereinafter "**Rose Hill**") v. *Church Mutual Insurance Company* (hereinafter "**Church Mutual**"), Case No. 4:23-cv-335-LPR. In this case, Rose Hill is seeking a Declaratory Judgment that Church Mutual is required to defend a breach of contract action brought against it by a third-party contractor

#31427629 v1

(**Service Restoration**) pursuant to the terms of its insurance policy.  Rose Hill does not allege that Church Mutual has any obligation to the third-party contractor. Rose Hill claims that Church Mutual has refused to pay Rose Hill for the obligation Rose Hill has incurred to Service Restoration. **(See** Doc 38 of 2:23-cv-0335-LPR)

**Case 2** is the case of *Service Restoration v. Rose Hill*, Case No. 4:23-cv-781-LPR. Service Restoration is seeking payment on a contract entered into between Rose Hill and Service Restoration.  A copy of this contract is attached to Plaintiff's Complaint As Exhibit 1**. (See Doc 2 of 2:23-cv-00781-LPR)** Church Mutual is not a party to this action, although it is alleged that Church Mutual is the insurer for Rose Hill, but there is no allegation that Church Mutual was a party to the contract between Service Restoration and Rose Hill.  It is alleged that Rose Hill owes Service Restoration for the services provided to it per the time and materials contract it entered into with Service Restoration. Rose Hill's position is that it is Church Mutual's "obligation' to pay this bill.

**Rule 42(a)** of the Federal Rules of Civil Procedure allows for the consolidation of actions if the matters involve a common issue of law or fact.  However, The Eighth Circuit has opined that a district court's broad discretion in ordering the consolidation of matters is not unbounded, and "we will reverse a district court's decision to consolidate for an abuse of discretion".  *Enterprise Bank v. Saettele*, 21 F3d 233 (8th Cir. 1994) citing *United States EPA v. City of Green Forest*, 921 F.2d 1394, 1402 (8th Cir.1990), cert. denied, ⎯⎯ U.S. ⎯⎯, 112 S. Ct. 414, 116 L.Ed.2d 435 (1991).

In **Saettele, supra,** a case where consolidation was not allowed and like the case at hand, involved two cases with a common party, and each case involved a claim of breach of contract. However, the contracts at issue here are wholly different, one is an insurance contract in which

#31427629 v1

coverage is at issue (Case 1) and the other is a time and materials contract (Case 2) to which there are no common issues related to either. Given the lack of common legal issues, consolidation may create the unfair inference that Church Mutual has some legal obligation toward Service Restoration, when it was not a party to the Service Restoration contract, nor is there any factual or legal allegation that it owes any insurance coverage for Rose Hill's contractual obligations. Consolidation is simply an attempt of Rose Hill and Service Restoration to get Church Mutual to pay a bill incurred without any specifically alleged legal duty to do same.

Church Mutual submits that no relevant common issue of law or fact between the two cases has been set forth in the request to consolidate. Rose Hill simply argues that it is entitled to insurance coverage to pay its contractual obligations to Service Restoration without stating the policy provision or the facts supporting said assertion. The ability to pay and where that money may come from is of no moment in the lawsuit brought by Service Restoration against Rose Hill. It is not a valid legal defense that Rose Hill will pay its creditor if and when it gets paid by its insurer. This issue was discussed in the court's Order denying Service Restoration's attempt to intervene when the court found that Service Restoration's economic interest in the outcome of the Rose Hill litigation "doesn't cut it" citing ***Med. Liab. Mut. Ins. Co. v. Alan Curtis, LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007). (See** Doc 14 of 2:23-cv-0335-LPR)

A consolidation of the two cases at hand would create a lawsuit separate and distinct from the two individual lawsuits presently pending. The new lawsuit would be over Church Mutual's obligation to pay for services provided to Rose Hill which it did not contract for. Based on the current pleadings, Rose Hill has not alleged which provision of the Church Mutual policy authorized it to enter into a contract with Service Restoration or obligated Church Mutual to pay

#31427629 v1

Service Restoration for its services. Service Restoration does not allege that it entered into a contract with any entity other than Rose Hill.

Church Mutual also submits that when Service Restoration previously tried to intervene in Case 1, that this court found that "None of the proposed claims in intervention [Case] shares with main action [Case1] a common question of law or fact". **(See Doc 14 of 2:23-cv-0335-LPR). (clarification added)** The underlying facts have not changed since that ruling. Absent a common issue of law or fact between the two cases, consolidation is not warranted. ***Enterprise Bank v. Saettele*, supra.** The only common link between the two cases is Rose Hill.

Consequently and for the reasons set forth above, Rose Hill's and Service Restoration's Joint Motion to Consolidate should be denied.

Respectfully Submitted,

**WATTERS WOLF BUB & HANSMANN, LLC**

*/s/ John F. Cooney*
Timothy J. Wolf, #2009230 (AR)
John F. Cooney, (Admitted Pro Hac Vice)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
jfcooney@wwbhlaw.com
*Attorney for Defendant Church Mutual Insurance Company*

#31427629 v1

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of the foregoing was via electronic mail this 29th day of May 2024, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com

*Attorney for Plaintiff Rose Hill*

Monty Baugh, PLC
900 South Shackleford Road, Ste. 300
Little Rock, AR 72211
monty@montybaugh.com

*Attorney for Plaintiff Service Restoration*

                                                           */s/ John F. Cooney*