IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROSE HILL CUMBERLAND
PRESBYTERIAN CHURCH                                                    PLAINTIFF

v.                       Case No. 4:23-cv-00335-LPR

CHURCH MUTUAL INSURANCE
COMPANY, S.I.                                                          DEFENDANT

### ORDER

This Order addresses Defendant's May 28, 2024 Amended Motion for Leave to File Its [Response] to Plaintiff's Motion for Summary Judgment.[1] The Amended Motion is DENIED because it fails to conform to the requirements of Local Rule 7.2(a). Furthermore, this time the denial is with prejudice. Defendant appears to be unwilling or unable to follow the Local Rules even when this Court specifically explains what is required. A second chance was appropriate under the circumstances. A third chance is not.

On March 18, 2024, Plaintiff filed a Motion for Summary Judgment.[2] Pursuant to the very clear terms of Local Rule 7.2(b), Local Rule 56.1(d), and the Court's then-operative Scheduling Order, Defendant's deadline to file its responsive papers was April 8, 2024.[3] But Defendant did not file responsive papers by that deadline. Nor did Defendant file an extension request by that deadline. Instead, the deadline simply ran.

---

[1] Doc. 59.

[2] Doc. 49.

[3] *See* Local Rules 7.2(b) & 56.1(d). *See also* Doc. 17 at 2 (Section 7: Motion Deadline); Doc. 59 ¶ 4 (acknowledging that April 8, 2024, was the summary-judgment response deadline).

1

Eight days later, on April 16, 2024, Defendant sought leave to belatedly respond to Plaintiff's Motion for Summary Judgment.[4] Without getting too far into the weeds of Defendant's Motion for Leave, it suffices to say that Defendant's counsel (1) forgot to calendar a response deadline, (2) mistakenly thought he had thirty days to respond instead of fourteen days, and (3) was so busy with preparation for trial in another case that he failed to discover his errors prior to April 16, 2024.[5] The Court denied Defendant's Motion without prejudice.[6] The denial was based on two procedural flaws, both of which the Court expressly explained in its Order. First, the Motion "fail[ed] to comply with Local Rule 7.2(a) because it [was] not accompanied by a supporting legal brief."[7] Second, "[t]he Motion also fail[ed] to comply with Local Rule 6.2(b) because it does not say that [Defendant] contacted the Plaintiff with regard to the Motion before filing it."[8]

Instead of just denying the Motion, the Court went out of its way to provide Defendant with an opportunity to rectify the foot-faults. The Court explained that "[t]he denial of [the] Motion [was] without prejudice" and told Defendant that it "may, within 7 days . . . , file a renewed Motion for Leave that complies with" Local Rules 7.2(a) and 6.2(b).[9] The Court warned Defendant that any renewed motion "must . . . be supported by a legal brief, setting out (in sufficient detail)

---

[4] *See* Doc. 53. Earlier that day, Plaintiff filed a Motion for Judgment, which noted Defendant's failure to respond to Plaintiff's Motion for Summary Judgment and, accordingly, asked for the pending Motion for Summary Judgment to be granted. *See* Doc. 52.

[5] *See generally* Docs. 53 & 59.

[6] *See* Doc. 55.

[7] *Id.*

[8] *Id.*

[9] *Id.*

and applying (in a serious way) the appropriate legal standard under Supreme Court and Eighth Circuit case law."[10]

Defendant timely filed a renewed Motion for Leave.[11]  But the Motion is once again deficient.  Although the renewed Motion now complies with Local Rule 6.2(b)—by stating that "[c]ounsel for Defendant has contacted Plaintiff's counsel and Plaintiff's counsel does not consent to this Motion"[12]—the Motion still does not comply with Local Rule 7.2(a).  That Rule provides that "[a]ll motions except those mentioned in [Rule 7.2(d)] shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law."[13]  The Rule goes on to require that "[b]oth documents . . . be filed with the Clerk, and copies shall be served on all other parties affected by the motion."[14]  Rule 7.2(a) applies to a motion to file an out-of-time brief, as such motion is not one of the motions set forth in Rule 7.2(d).[15]  Given the clarity of both Rule 7.2(a) and the Court's prior Order, it is hard to understand the Defendant's lack of a brief supporting the renewed Motion for Leave as anything other than (1) an intentional decision to flout the rules or (2) the type of gross neglect or professional malfeasance that is so egregious as to be inexcusable.

We are now on Error 3 with respect to summary judgment.  Defendant blew the response deadline.  Defendant then filed a Motion for Leave to file a belated response that violated the Local Rules and this Court's then-operative Scheduling Order.  And when the Defendant was given an

---

[10] *Id.*

[11] *See* Doc. 59.

[12] Doc. 59 ¶ 6.

[13] Local Rule 7.2(a).

[14] *Id.*

[15] This is the crystal-clear implication from the face of Local Rule 7.2(d)(1), which references motions "[t]o extend time for the performance of an act required or allowed to be done, *provided [the] request is made before the expiration of the period originally prescribed, or as extended by previous order*."  Local Rule 7.2(d)(1) (emphasis added).

opportunity to file a second Motion for Leave, Defendant's renewed Motion still violated the Local Rules (not to mention an Order from this Court). While courts should, as a general matter, strive to avoid resolving substantive motions based on procedural errors, courts also must fairly enforce the rules of the road on all parties. Defendant is not a pro-se litigant, and Defendant's counsel has now had opportunity after opportunity to get it right. Plaintiff is entitled to the level-playing field created by the rules.

## CONCLUSION

For the foregoing reasons, Defendant's Amended Motion for Leave is DENIED with prejudice. The Court will adjudicate the pending Motion for Summary Judgment without responsive filings from the Defendant.[16]

IT IS SO ORDERED this 29th day of May 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[16] Plaintiff's Motion for Judgment (Doc. 52) is also DENIED for failure to follow Local Rule 7.2(a). Moreover, pursuant to Local Rule 7.2(f), Defendant's failure to respond to Plaintiff's Motion for Summary Judgment (Doc. 49) is not, on its own, an adequate basis for granting the Motion for Summary Judgment. The Defendant's failure to respond may, of course, have collateral consequences with respect to the Court's adjudication of the Motion for Summary Judgment. But the Court still needs to substantively consider that Motion.