## I IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | | |
|---|---|---|
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:23-cv-335-LPR |
| vs. | ) ) ) | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | ) ) ) | |
| Defendant. | ) ) | |

**BRIEF IN SUPPORT OF CHURCH MUTUAL'S MOTION FOR LEAVE TO FILE ITS REPLY TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT OUT OF TIME**

COMES NOW Defendant **Church Mutual Insurance Company, S.I.**, for its Brief in Support of its Motion for Leave to File its Reply to Plaintiff's Motion for Summary Judgment out of time states:

## FACTS

Plaintiff filed its Motion for Summary Judgment on March 18, 2024. As set forth in the Declaration of Defense Counsel attached to the Motion for Leave, On March 20, 2024, John F. Cooney was notified by E-mail by Legal Assistant Shelly Wicker of the filing of Plaintiff's motion for Summary Judgment. Pursuant to Local Rule 7.2(b), Defendant's Reply to Plaintiff's Motion for Summary Judgment was to be filed 14 days after being served with Plaintiffs' Motion. Due to a failure to calendar the date for response by counsel, and the mistaken and erroneous belief by defense counsel that Defendant had thirty (30) days to respond to a Motion for Summary Judgment, and counsel's full engagement in another case which was scheduled for a two-week jury trial beginning on April 16, 2024 in the Circuit Court of Pulaski County, Arkansas, the undersigned counsel missed the April 8, 2024 deadline for filing a Reply. **See Declaration of John F. Cooney.**

On April 16, 2024, Plaintiff filed a Motion for Judgment with Brief Incorporated **(Doc. 52)** Upon receipt of this pleading, Defense counsel immediately realized that he had missed the deadline and immediately prepared and filed its initial Motion for Leave with proposed Reply that same date. **(Doc. 53).** In accordance with the Court's Order of May 21, 2024, defendant submits its Amended Motion for Leave to File its Reply to plaintiff's Motion for Summary Judgment out of time. **(Doc. 55)**

## ARGUMENT

Defendant seeks an Order from this Court pursuant to Rule 6(b) of the Federal Rule of Civil Procedure granting it leave to file their Reply out of time. This rule allows a party to make a motion to extend the time for a response if the party failed to act because of "excusable neglect."

"Excusable neglect means good faith and some reasonable basis for noncompliance with the rules." ***United States v. Puig***, **419 F.3d 700, 702 (8th Cir. 2005).** In reviewing "'excusable neglect" in the context of Rule 6(b) of the Federal Rule of Civil Procedure, the Eighth Circuit stated that "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission". ***Kurka v. Iowa City***, **628 F.3$^{d.}$ 953. 959 (8th Cir. 2010)**.

In determining whether excusable neglect exists, the Eighth Circuit has looked to the following "particularly important" factors.

(1) The possibility of prejudice to [the non-moving party],

(2) The length of delay and the potential impact on judicial proceedings,

(3) The reason for delay, including whether the delay was within the party's reasonable control, and

(4) Whether the [the moving party] acted in good faith.

#31424059 v1

**See *Cook v. Triple Transport, Inc*. 928 F. Supp 2d 1061, 1064 (E. D Arkansas 2013) and cases cited therein.**

In regard to the factors cited in ***Cook*** and the cases cited therein, Defendant states that upon discovery of the missed deadline, Defendant's counsel filed his Motion for Leave with proposed Response to Plaintiff's Motion the same day the mistake was discovered. Defendant states that the delay in filing its response to Plaintiff's Motion for Summary Judgment was within the twenty-one (21) day period allowed for an extension if requested or consented to by all counsel of record pursuant to local rule 6.2(a). If Defendant's counsel had asked for an extension due to the circumstances set forth in his Declaration, the extension would have most likely been granted, resulting in no prejudice to the plaintiff or delay or impact on the judicial proceedings. **See Declaration of John F. Cooney.** Defendant's counsel states that if he had been aware of the deadline, as he should have been, this Motion would not have been necessary.

Defendant submits that a "reasonable explanation" for the missed deadline has been provided and that Plaintiff has not made a showing of prejudice by granting this request.

In conclusion and for the reasons set forth above, Defendant requests that this Court grant its Motion for Leave to file its Reply to Reply to Plaintiff's Motion for Summary Judgment out of time, and for any further relief that this Court deems just and proper under the circumstances.

Respectfully Submitted,

**WATTERS WOLF BUB & HANSMANN, LLC**

*/s/ John F. Cooney*
Timothy J. Wolf, #2009230 (AR)
John F. Cooney, (Admitted Pro Hac Vice)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
jfcooney@wwbhlaw.com

*Attorney for Defendant Church Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned certified that a true and correct copy of the foregoing was via electronic mail this 28th day of May 2024, upon the following:

**John Ogles**
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com

*Attorney for Plaintiff*

*/s/ John F. Cooney*

#31424059 v1