IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:23-cv-335-LPR |
| vs. | ) ) ) | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT CHURCH MUTUAL'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ORDER DEFENDANT TO DEFEND PLAINTIFF**

COMES NOW Defendant **Church Mutual Insurance Company, S.I**., and for its brief in Opposition to Plaintiff's Motion to Order Defendant to Defend Plaintiff states as follows:

Plaintiff is requesting that this Court order Church Mutual to defend it in a breach of contract action brought against it by a third-party (Service Restoration) that Plaintiff entered into by way of a written contract[1]. In its brief, Plaintiff argues that Plaintiff and Defendant had a "legally enforceable contract" which presumably is the insurance policy that is the subject of this lawsuit. Plaintiff argues that the "policy" obligated Church Mutual to defend the action brought against it by Service Restoration. Defendant does not cite or refer to the policy provision that would "obligate" Church Mutual to defend Plaintiff in the state court action.

Plaintiff cites as authority an Order from a case where a party requested a defense under a policy that provided personal liability coverage for a negligence claim resulting in bodily injury to a third-party (**See Exhibit A attached to Plaintiff's Brief - Doc. 80**). In that case the insurance

---

[1] Plaintiff's "Motion to Order Defendant to Defend Plaintiff" is not a motion recognized by the Federal Rules of Civil Procedure and for that reason alone should be denied.

carrier did not dispute that it had a duty to defend and indemnify the plaintiff in the underlying action. In this Order the Court made the following statement:

> **In Arkansas, the duty to defend under an insurance policy arises when there is a possibility that the injury or damage may fall within the policy coverage. Generally the 'pleadings against the insured determine the insurers duty to defend." To determine if a duty to defend arises, the "language in the contract from which the purported duty arises" is examined.**

In this case, Plaintiff has not set forth in its motion or the any of the other pleadings filed in this case what allegations made in the pleadings filed against it by Service Restoration triggered Church Mutual's "duty to defend" Plaintiff in that action. Further Plaintiff has not set forth in its motion or any of the other pleadings filed in this case, what language in the insurance contract gives rise to any duty on the part of Church Mutual. This is Plaintiff's burden.

The Eighth Circuit in *Murphy Oil Corp. v. Liberty Mut. Fire Ins. Co.,* **955 F3d 1110 (8th Cir. 2020**, held that Arkansas courts follow a three-step analysis to evaluate coverage in insurance policies. First, you must examine the facts of the insured's claim to determine whether the policy's insuring agreement makes an initial grant of coverage. If it is clear that the policy was not intended to cover the claim asserted, the analysis ends there. Second, if Plaintiff's claim triggers the initial grant of coverage in the insuring agreement, you must next examine the various exclusions to see whether any of them preclude coverage of the present claim. Finally, you must review any exceptions to the exclusions; if a particular exclusion applies, you then look to see whether any exception to that exclusion reinstates coverage. **See** *Columbia Ins. Grp., Inc. v. Cenark Project Mgmt. Servs., Inc.*, **491 S.W.3d 135, 138-39 (Ark. 2016),** *citing Am. Family Mut. Ins. Co. v. Am. Girl, Inc.*, **268 Wis.2d 16, 673 N.W.2d 65, 73 (2004).**

As set forth above, Plaintiff has not cited, alleged, or attached the policy, in whole or in part, to its present Motion or the Amended Complaint which would allow this Court to even begin

#32274989 v1

the analysis. Notwithstanding the lack of establishing an initial grant of coverage, which should end this analysis, Defendant submits that even assuming that the Plaintiff has established an initial grant of coverage, it cannot establish coverage for the defense of the Service Restoration lawsuit in that Plaintiff has not alleged an "occurrence", as defined by the Policy, which would trigger a duty to defend or the inapplicability of a valid "contractual liability" exclusion which negates plaintiff's claim of a duty to defend. More specific argument follows below.

A. **DEFENDANT DOES NOT OWE A DEFENSE TO PLAINTIFF FOR THE ACTION BROUGHT AGAINST IT BY SERVICE RESTORATION WHERE THERE HAS BEEN NO OCCURRENCE RESULTING IN PROPERTY DAMAGE OR INJURY**

Plaintiff has alleged that there is a duty to defend the Service Restoration lawsuit under the Policy without setting forth the provisions of the policy upon which it relies. Defendant has attached to its Motion a copy of the entire Policy as **Exhibit B (pgs. 1-276)**

As set forth in the Policy, absent an occurrence caused by the insured that results in property damage or bodily injury to a third party there is no duty to defend a lawsuit under the terms and conditions of the Policy. Plaintiff has not and cannot cite any cases that refutes this fact.

The following portions of the policy contained in **Exhibit B**, specifically negate Plaintiff's arguments:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
[…]

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

[…]

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
**(See EXHIBIT B pg. 121)**

    b.    This insurance applies to "bodily injury" and "property damage" only if:
(1)    the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the 'coverage territory
[…]

2. **Exclusions**

   This insurance does not apply to:
   […]
   b. **Contractual Liability**
   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. […]
   **(See EXHIBIT B pg. 122)**

..................................................................

**SECTION V – DEFINITIONS**

1. […]
2. […]
3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
   […]

13. **"Occurrence"** means an accident, including continuous and repeated exposure to substantially the same general harmful conditions.
    […]
17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **(See EXHIBIT B pg. 133)**

Applying the policy language to the case at hand, Defendant is obligated to pay those sums that Plaintiff becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. In this case there are no allegations of bodily injury and there are no allegations of property damage caused by accident, including the continuous and repeated exposure to substantially the same general harmful conditions. The damages at issue in the Service Restoration case are the result of the alleged breach of an agreement, not the result of an accident or negligent act that would trigger coverage.

This issue has been controlled for decades by the Arkansas Supreme Court decision in decision in ***Unigard Sec. Ins. Co. v. Murphy Oil USA, Inc.*** 331 Ark 211, 962 S.W. 2d 735 (1998). In that case and its progeny, the question of coverage turned on the nature of the liability the insured had. In this case, Defendant expressly does not have a duty to defend the Plaintiff against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. Simply put, Defendant has no duty to defend Plaintiff in a suit for breach of its contract for failing to pay for services it contracted for.

Plaintiff may argue that the Service Restoration Lawsuit has at its core damage to its property. This argument was specifically rejected in ***Columbia Insurance Group Inc. v. Cenark Project,*** **2016 Ark. 185 (2016) 491 S.W. 3d 135**. In this case the Arkansas Supreme Court held that "Although the underlying litigation touches upon damage to property, this does not alter the nature of the lawsuit, which is strictly a claim for breach of contract. As in *Unigard,* we hold that coverage is not provided for the claim. ***Id*. at pg. 141**

Consequently, and pursuant to the aforementioned applicable policy language, Defendant does not owe Plaintiff a defense for the Service Restoration lawsuit where there has been no occurrence resulting in property damage or injury due to the acts or omissions of the insured.

**B. DEFENDANT DOES NOT OWE A DEFENSE TO PLAINTIFF FOR THE BREACH OF CONTRACT ACTION BROUGHT AGAINST IT BY SERVICE RESTORATION**

The parties agree that Service Restoration has filed suit against Plaintiff in a separate lawsuit in which it is alleged by Service Restoration that it entered into a contract with Plaintiff to provide emergency disaster cleanup and restoration services. A copy of the contract was attached to Service Restoration's Complaint. (**See Exhibit C**).

In its Complaint, Service Restoration alleges that "Jacob Hayes on Rose Hill's behalf" entered into the time and materials contract. Service Restoration began its work on July 27, 2022 and completed its work in November 2022. This lawsuit was brought in a single count for Breach of Contract as a result of Plaintiff paying Service Restoration's invoices when due as agreed under the contract.

Neither Plaintiff's Motion nor its Amended Complaint cites any portion of the Policy in support of its claim that it is entitled to a defense for the lawsuit brought against it by Service Restoration. As set forth above, this lawsuit was brought to recover for the breach of an agreement to pay for services and materials contracted for by Plaintiff solely. Defendant submits that the Policy includes an express exclusion for an insured's contractual liability. Specifically, the CAUSES OF LOSS- SPECIAL FORM section of the policy (**See EXHIBIT B pg. 53- 63**) contains the following clear and unambiguous language:

A. Covered Cause of Loss

> **When Special is shown in the Declarations, covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.**

#32274989 v1

B.  Exclusions

         ***

   **4.  Special Exclusions**

         ***

   **c.  Legal Liability Coverage Form**

         ***

   **(2) The following additional exclusions apply to insurance under this Coverage Form:**

     **(a) Contractual Liability**

     **We will not defend any claim or "suit" or pay damages that you are legally liable to pay, solely by reason of your assumption of liability in a contract or agreement.**

 (**See EXHIBIT A pg. 58**)

 Since Service Restoration's lawsuit against Plaintiff is based solely on a claim for contractual liability and not for potential tort liability for an injury or damage sustained by a third party, Defendant has no duty to defend under the terms of the Policy, especially where this duty is specifically excluded because the liability of plaintiff was assumed by way of contract or agreement.

 It is anticipated that Plaintiff will argue that Defendant has a duty to defend because there is a potential for coverage under the Policy and that "the duty to defend is broader than the duty to indemnify. Defendant also acknowledges that the duty to defend arises when there is a possibility that the injury or damage may fall within the policy coverage." ***Scottsdale Ins. Co. v. Morrowland Valley Co.*, 411 S.W.3d 184, 190 (Ark. 2012).** Notwithstanding these duties, Defendant states that they do not arise unless and until Plaintiff crosses the threshold of coverage.

 In ***Murphy Oil Corp. v. Liberty Mut. Fire Ins. Co.,* 955 F3d 1110 (8th Cir. 2020)**, the Eighth Circuit held that breach of contract claims are not covered by Commercial General Liability

policies. In **Murphy**, the plaintiff argued that the underlying facts of the case arise from the property damage caused by a fire and that fact should have triggered coverage. The **Murphy** court found that "even if the breach of contract claim involves property damage, it does not change the nature of the claim into one for covered property damage." **Murphy, Id. at p. 1114.** In this case even though it arises from property damage claim caused by a water loss, Plaintiff's claim arises from a contract it entered into by itself.

## C. CONCLUSION

For the reasons set forth above, Defendant **Church Mutual Insurance Company, S.I.**, requests that this Court deny Plaintiff's Motion to Order Defendant to Defend Plaintiff and for such other relief the Court deems just and proper.

Respectfully Submitted,

**WATTERS WOLF BUB & HANSMANN, LLC**

*/s/ Timothy J. Wolf*
Timothy J. Wolf, #2009230 (AR)
John F. Cooney, (Admitted Pro Hac Vice)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
jfcooney@wwbhlaw.com

*Attorney for Defendant Church Mutual Insurance Company*

#32274989 v1

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of the foregoing was via electronic mail this 8th day of November 2024, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com
*Attorney for Plaintiff*

                                            */s/ Timothy J. Wolf*