**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| ROSE HILL CUMBERLAND PRESBYTERIAN CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:23-cv-335-LPR |
| vs. | ) ) | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S LOCAL RULE 26.2**
**AND F.R.C.P. RULE 26 (a)(3) PRE-TRIAL DISCLOSURES**

COMES NOW Defendant **Church Mutual Insurance Company, S.I**. ("Church Mutual"), and for its compliance with Local Rule 26.2 and F.R.C.P 26 (a)(3) states:

**1)   The identity of the party submitting information.**

RESPONSE:   Timothy J. Wolf

   Attorney for Defendant Church Mutual

**2)   The names, addresses, and telephone numbers of all counsel for the party.**

RESPONSE:   Timothy J. Wolf, #2009230 (AR)
   twolf@wwbhlaw.com

   John F. Cooney, (Admitted Pro Hac Vice)
   jfcooney@wwbhlaw.com

   600 Kellwood Parkway, Suite 120
   St. Louis, Missouri 63017
   (636) 798-0570 Telephone
   (636) 798-0693 Facsimile

   Attorneys for Defendant Church Mutual

1

3)      **A brief summary of claims and the relief sought.**

RESPONSE:

This action is brought by Plaintiff by way of its Amended Complaint (Doc.38) for a Declaratory Judgment ordering Defendant to defend Plaintiff in a separate action presently pending in the Circuit Court of Drew County, Arkansas and styled *Service Restoration v. Rose Hill Cumberland Presbyterian Church*, Cause No. 22CV-23-128-3 (hereinafter referred to as "state court action") The subject of this action is the alleged breach of a contract for services entered between Plaintiff and Service Restoration. Defendant was not a party to this contract. Defendant acknowledges that Plaintiff sustained damages from a water loss which occurred on or about July 23, 2022. Defendant submits that it has paid for the damages incurred subject to its obligations to the Insurance Policy. Plaintiff's Amended Complaint seeks a defense and indemnity for the claims made in the state court action and for the related lien asserted by Service Restoration due to Plaintiff's failure to pay for the services it contracted for with Service Restoration. Defendant submits that Plaintiff has not cited or plead in its Amended Complaint any provision in the Insurance Policy which establishes that Defendant has a duty to defend or indemnify Plaintiff in an action for breach of contract or to pay for contracted services which Defendant did not authorize or approve.

4)      **Prospects for settlement.**

RESPONSE:

Plaintiff has made a demand for complete defense and indemnity for the Service Restoration contract including interest, statutory penalties and attorney fees. Defendant has negotiated a tentative settlement with Service Restoration, the Plaintiff in the aforementioned state court action, subject to Plaintiff's agreement to release Service Restoration from any claim it may

have against it. Defendant suggests that this suggested resolution will significantly narrow the issues in dispute and would likely lead to a complete resolution of this matter.

**5)      The basis for jurisdiction and objections to jurisdiction.**

RESPONSE:

Jurisdiction in this matter is based on diversity of citizenship. Defendant is not aware of any objections to jurisdiction.

**6)      A list of pending motions.**

RESPONSE:

Plaintiff has filed a Motion for Summary Judgment regarding the issue of the duty to defend Plaintiff in the aforementioned state court action.

**7)      A concise summary of the facts.**

RESPONSE:

On July 23, 2022 of Rose Hill Cumberland Presbyterian Church (hereinafter "Rose Hill") discovered a water loss which had occurred several days earlier at its premises in Monticello, Arkansas. Rose Hill had a Policy of Insurance (EXHIBIT A) with Church Mutual Insurance Company (hereinafter "Church Mutual"). Rose Hill made a claim for damages under this Policy and Church Mutual adjusted the loss, paid for the rebuilding of the premises and other related damages.

On July 27, 2022 Jacob Hayes, on behalf of Rose Hill Presbyterian Church (hereinafter "Rose Hill"), entered into a separate written "time and materials" contract for mitigation and restoration services with Service Restoration. (EXHIBIT B) Church Mutual was not a party to this contract. In addition to mitigation and remediation services, Service Restoration performed testing for mold and asbestos Levels in November 2022.

The total invoice issued by Service Restoration for the work it performed pursuant to Rose Hill's contract with it was in the amount of **$238,740.09**. Notwithstanding the lack of participation in the contract, Church Mutual agreed to reimburse Church for the cost of a portion of the work performed by Service Restoration. Church Mutual had Service Restoration's invoice and the underlying work reviewed by an expert who determined that Rose Hill had performed work already provided by other contractors and had been overcharged by Service Restoration. This decision was independent of any coverage decision made by Church Mutual.

As a result of the analysis of the work performed by Service Restoration, Church Mutual agreed to pay **$128,672.52** of the Service Restoration invoice.  A check in that amount was issued to Church Mutual and Service Restoration.  After this payment, Rose Hill still owed Service Restoration **$115,067.57** under the terms of its contract with Service Restoration.

Service Restoration made a demand for payment to Rose Hill which Rose Hill refused to pay stating it was Church Mutual's responsibility.  Rose Hill has never cited a single provision of the Insurance Policy which obligated Church Mutual to pay Rose Hill's contractual obligations.  As a result of Rose Hill's failure to pay, Service Restoration asserted a mechanic's lien and filed an action for breach of contract against Rose Hill. That matter is presently pending in the Circuit Court of Drew County, Arkansas.

Because it was sued in the state court action, Rose Hill requested that Church Mutual defend and indemnify it for the lien filed and the lawsuit filed by Service Restoration due to Rose Hill's failure to pay its bill. Rose Hill has never cited which policy provision of the Insurance Policy obligates Church Mutual to defend and indemnify Rose Hill for its third-party contractual obligations. This lawsuit for declaratory judgment followed.

**8)** **All proposed stipulations.**

RESPONSE:

a. Defendant will stipulate that Plaintiff and defendant entered into an insurance contract.

b. Defendant will stipulate that the certified copy of the Insurance Policy labeled as EXHIBIT A is the insurance policy at issue in this matter.

c. Defendant will stipulate that Plaintiff entered into a Contract with Service Restoration and that contract has been labeled as EXHIBIT B.

d. Defendant will stipulate that Service Restoration submitted an invoice to Plaintiff in the amount of **$238,740.09** for work it performed under its contract with Plaintiff.

e. Defendant will stipulate that it agreed to pay **$128,672.52** of the Service Restoration invoice and that a check in that amount was issued to Church Mutual and Service Restoration.

**9)       The issues of fact expected to be contested.**

RESPONSE:

Plaintiff's Local Rule 26.2 and F.R.C.P 26 (a)(3) compliance seems to indicate that he wants to argue issues of damage which need to be first determined in the state Court action.

It is Defendant's understanding that the trial on February 18, 2025 is a bench trial on the legal issues regarding Defendant's duty to defend and indemnify Plaintiff for the claims made against plaintiff by Service Restoration only. (See transcript of December 13, 2024 hearing)

Defendant submits that that there is no dispute regarding the facts as they relate to the applicability of the Insurance Policy regarding the duty to defend and indemnify Plaintiff for it is contractual obligations under the Service Restoration contract and the resulting state court action.

**10)      The issues of law expected to be contested.**

RESPONSE:

The primary issue to be determined in this action is whether the unambiguous language of the Insurance Policy establishes a duty, not eliminated by a policy exclusion, on the part of Defendant to defend Plaintiff in a lawsuit for breach of a contract to pay for services contracted with a third-party (Service Restoration) for and not paid for by Plaintiff.

The second issue to be determined in this action is whether the unambiguous language of the Insurance Policy establishes a duty, not eliminated by a policy exclusion, on the part of Defendant to defend Plaintiff against the mechanics lien filed against it by a third-party (Service Restoration) as a result of Plaintiffs failure to pay for services it contracted for.

**11)      A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes,**

whether or not they will be offered into evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.

RESPONSE:

EXHIBIT A   -   Church Mutual Insurance Policy.

EXHIBIT B   -   Contract between Plaintiff and Service Restoration dated July 27, 2022.

EXHIBIT C   -   Service Restoration Petition in State Court action

EXHIBIT D   -   Defendant's Answer in State Court action

12) **The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken steno-graphically, a transcript of the pertinent portion of the deposition testimony.**

RESPONSE:

Since it is presumed that the scope of the bench trial set for February 18, 2025 is limited to the whether Defendant's has a duty to defend and indemnify Plaintiff for the claims made against plaintiff by Service Restoration (See transcript of December 13, 2024 hearing), Defendant does not anticipate any live testimony in that these issues to be tried can be decided by a review of the pleadings, the Insurance Policy, and the Service Restoration contract between Plaintiff and Service Restoration.

13) **The current status of discovery, a precise statement of remaining discovery and the estimate of time required to complete discovery.**

#32509205 v1

RESPONSE: Discovery is complete, for the purposes of the issues to be determined during this bench trial. The damages portion of this trial, most of which will be determined in a separate state court action, are presently undetermined.

**14)   An estimate of the length of trial and suggestions for expediting disposition of the action.**

RESPONSE:   1 Day, if limited to duty to defend and indemnify issues.

Respectfully Submitted,

**WATTERS WOLF BUB & HANSMANN, LLC**

*/s/ Timothy J. Wolf*
Timothy J. Wolf, #2009230 (AR)
John F. Cooney, (Admitted Pro Hac Vice)
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
jfcooney@wwbhlaw.com

*Attorneys for Defendant Church Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned certified that a true and correct copy of the foregoing was via electronic mail this 17th day of January 2025, upon the following:

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis
Jacksonville, AR 72078
jogles@aol.com
*Attorney for Plaintiff*

*/s/ Timothy J. Wolf*

#32509205 v1