IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROSE HILL CUMBERLAND                                            PLAINTIFF
PRESBYTERIAN CHURCH

v.                            Case No. 4:23-cv-00335-LPR

CHURCH MUTUAL INSURANCE
COMPANY, S.I.                                                  DEFENDANT

## ORDER

Plaintiff Rose Hill Cumberland Presbyterian Church is a not-for-profit religious organization located in Monticello, Arkansas.[1]  Defendant Church Mutual Insurance Company, S.I. is a foreign (non-Arkansan) insurance corporation.[2]  Church Mutual sold Rose Hill an insurance policy that (as a general matter) covered Rose Hill's buildings and improvements in Drew County, Arkansas for—among other things—water damage.[3]  This insurance policy ran from May 31, 2022, to May 31, 2023.[4]

On July 23, 2022, Rose Hill discovered it had sustained water damage to its property.[5]  Rose Hill reported the loss to Church Mutual and retained Service Restoration, Inc. to repair the damage.[6]  On December 13, 2022, Service Restoration filed a lien against Rose Hill due to unpaid repair bills.[7]  The unpaid bills are the subject of a lawsuit that Service Restoration filed

---

[1] Am. Compl. (Doc. 38) ¶ 2; Answer to Am. Compl. (Doc. 39) ¶ 2.

[2] Am. Compl. (Doc. 38) ¶ 3; Answer to Am. Compl. (Doc. 39) ¶ 3.

[3] Am. Compl. (Doc. 38) ¶ 4; Answer to Am. Compl. (Doc. 39) ¶ 4; Pl.'s Statement of Undisputed Fact (Doc. 50-1) ¶ 4.

[4] Pl.'s Statement of Undisputed Fact (Doc. 50-1) ¶ 4.

[5] Ex. C (Aff. of Elizabeth Pace) to Pl.'s Mot. for Summ. J. (Doc. 49) at 1.

[6] *Id.*; Pl.'s Statement of Undisputed Fact (Doc. 50-1) ¶ 5.

[7] Ex. A (Contractors Notice of Intention to File Claim of Lien) to Pl.'s Mot. for Summ. J. (Doc. 49) at 1.

against Rose Hill—a lawsuit pending in Arkansas state court.[8]  Rose Hill has demanded Church Mutual defend it from Service Restoration's lawsuit.[9]  Church Mutual has refused to do so.[10]

In the instant case here in federal court, Rose Hill has two basic grievances against Church Mutual:  (1) Church Mutual has (allegedly) failed to fully compensate Rose Hill for the loss incident described above, and (2) Church Mutual breached its (alleged) duty to defend Rose Hill against Service Restoration's legal actions.[11]  Pending before the Court is Rose Hill's Motion for Summary Judgment (Doc. 49).  On the Court's read, Rose Hill's Motion requests summary judgment on the duty to defend issue alone.[12]  The Court addresses that Motion in this Order.  For the reasons stated below, the Motion is DENIED.

## I.    Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13]  But "[t]he mere existence of a factual dispute is insufficient alone to bar summary judgment . . . ."[14]  Rather, the dispute of fact must be both genuine and material.[15]  A genuine dispute of fact exists where a rational jury could

---

[8] *See generally* Complaint, *Service Restoration Inc. v. Rose Hill Cumberland Presbyterian Church*, 22CV-23-128 (Ark. Cir. Ct. filed July 17, 2023), ECF No. 3.  That lawsuit was previously before the Court.  *See Service Restoration, Inc. v. Rose Hill Cumberland Presbyterian Church*, 4:23-cv-00781-LPR (E.D. Ark. removed Apr. 10, 2023) (docket sheet).  It was remanded to state court on July 29, 2024.  Order, *Service Restoration, Inc. v. Rose Hill Cumberland Presbyterian Church*, 4:23-cv-00781-LPR (E.D. Ark. remanded July 29, 2024), ECF No. 28.

[9] Pl.'s Statement of Undisputed Fact (Doc. 50-1) ¶ 8.

[10] *Id.* ¶ 9.

[11] Am. Compl. (Doc. 38) ¶¶ 1, 8–10.

[12] The Court recognizes that Rose Hill's Motion briefing addressed its indemnification and damages claims as well as its duty to defend claim.  *See* Br. in Supp. of Mot. for Summ. J. (Doc. 50) at 5–6.  But Rose Hill failed to address damages or indemnification in the motion itself.  *See* Mot. for Summ. J. (Doc. 49).  Since requests for summary judgment on those claims are not in front of the Court, the Court can't address them.

[13] Fed. R. Civ. P. 56(a).

[14] *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

[15] *Id.*

decide the particular question of fact for either party.[16]  And a material dispute of fact exists where the outcome of the particular factual dispute determines the outcome of a potentially dispositive issue.[17]  The Court must view the evidence in the light most favorable to the nonmoving party and give the nonmoving party the benefit of all reasonable inferences.[18]  Since Church Mutual is the nonmoving party, Church Mutual receives said benefits for purposes of deciding this motion.

## II.    Rose Hill's Statement of Undisputed Fact

Per the Initial Scheduling Order, all motions for summary judgment must comply with Local Rules 7.2 and 56.1.[19]  Local Rule 56.1 requires the moving party to "annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried."[20]  Any fact set forth in such a statement that is not controverted by a similar statement filed by the nonmoving party is deemed admitted by the nonmoving party.[21]  This is important because Church Mutual did not properly file any sort of response to Rose Hill's Motion for Summary Judgment.[22]  Church Mutual is thus deemed to have admitted

---

[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[17] *Id.*

[18] *Peterson v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015).

[19] (Doc. 11) at 3.

[20] Local R. 56.1(a).

[21] Local R. 56.1(c).

[22] See generally Order (Doc. 61) for extended discussion of Church Mutual's missteps in responding to Rose Hill's Motion for Summary Judgment.  Initially, Church Mutual failed to file a responsive brief before the deadline to do so lapsed.  *Id.* at 1.  Church Mutual's first attempt at filing a Motion for Leave to file a responsive brief out of time was denied for failure to comply with Local Rule 7.2(a) and Local Rule 6.2(b).  Order (Doc. 55).  When provided with another opportunity to file a Motion for Leave that complied with all applicable rules, Church Mutual filed a Motion that yet again failed to comply with Local Rule 7.2(a).  Order (Doc. 61).  For that reason, the Court is adjudicating this Motion for Summary Judgment without input from Church Mutual.

all statements of fact contained in the Statement of Undisputed Fact attached to Rose Hill's summary judgment brief.[23]

But "fact" is the operative word here—the Court will not accept Rose Hill's legal conclusions to be true; nor will the Court deem Church Mutual to have admitted Rose Hill's legal conclusions merely because those legal conclusions appear in the Statement of Undisputed Fact. The Court must therefore separate fact from legal conclusion in Rose Hill's Statement of Undisputed Fact. Having done so, the Court concludes that Paragraphs 1, 4, 5, 8, 9, and a portion of Paragraph 13 of Rose Hill's Statement of Undisputed Fact are factual in nature.[24] Church Mutual is thus deemed to have admitted that: (1) it "sold [Rose Hill] a policy of insurance from May 31, 2022 to May 31, 2023 that covered [Rose Hill] for water damage";[25] (2) it "accepted [Rose Hill's] claim";[26] (3) "[Rose Hill] submitted a written statement of loss and [Church Mutual] did not dispute it";[27] (4) "[Rose Hill] demanded [Church Mutual] defend it from litigation";[28] (5) Church Mutual "has refused to defend [Rose Hill] from the Service Restoration litigation";[29] and (6) "[Rose Hill] submitted its proof of loss to [Church Mutual]."[30]

The remaining paragraphs constitute legal conclusions. Let's start with Paragraph 2.[31] Whether or not the insurance policy "required [Church Mutual] to defend [Rose Hill] in covered

---

[23] *See* Pl.'s Statement of Undisputed Fact (Doc. 50-1).

[24] *Id.* ¶¶ 1, 4, 5, 8, 9, 13.

[25] *Id.* ¶ 1. To be clear, this fact admission means that the contract *generally* covered water damage, not that it covered all variations of water damage or the specific damage at issue here. Otherwise, we would be in the world of legal conclusions.

[26] *Id.* ¶ 4. To be clear, "accepted" must mean the historical fact of agreeing to cover at least some of the claim. If it means more, we are in the world of legal conclusions.

[27] *Id.* ¶ 5.

[28] *Id.* ¶ 8.

[29] *Id.* ¶ 9.

[30] *Id.* ¶ 13.

[31] *Id.* ¶ 2.

losses" is a question of law, involving contractual interpretation and application of relevant contract law.[32]  Indeed, this question is the single most dispositive question of law raised by Rose Hill's Motion for Summary Judgment.  Rose Hill's Motion argues that it is entitled to judgment as a matter of law that Church Mutual has the duty to defend Rose Hill.[33]  Asking the Court to accept as undisputed fact that "[Church Mutual's] insurance policy also required [Church Mutual] to defend [Rose Hill] in covered losses" is therefore tantamount to asking the Court to accept "Plaintiff wins" as undisputed fact.[34]

For the same reason, Paragraph 7 ("Section I of [Church Mutual's] liability coverage policy required [Church Mutual] to either pay or defend [Rose Hill]"[35]) and Paragraph 10 ("Section IV of [Church Mutual's] liability coverage form required [Church Mutual] to defend [Rose Hill]"[36]) cannot be accepted as fact by the Court.  In each instance, the "factual" statement amounts to the bare assertion that Church Mutual has the duty to defend Rose Hill.  Neither Paragraph constitutes a statement of undisputed fact.  Each is a variation of a "Plaintiff wins" legal argument.  Since Paragraphs 2, 7, and 10 are legal conclusions, the Court does not have to accept them as true and Church Mutual is not deemed to have admitted them.

Paragraph 3 is also a legal conclusion.  "[Rose Hill's] water damage was a covered loss" presupposes legal determinations about how the insurance contract between Rose Hill and Church Mutual is to be interpreted.[37]  Similarly, Paragraph 6 ("[t]here are not any exclusions or

---

[32] *Id.*

[33] Pl.'s Mot. for Summ. J. (Doc. 49) ¶¶ 1–2.

[34] Pl.'s Statement of Undisputed Fact (Doc. 50-1) ¶ 2.

[35] *Id.* ¶ 7.

[36] *Id.* ¶ 10.

[37] *Id.* ¶ 3.

special conditions that apply"[38]) and Paragraph 11 ("[Rose Hill] complied with Section VI Conditions as to notice"[39]) are questions of law because they require the Court to construe relevant portions of the insurance contract between Rose Hill and Church Mutual. Further, the remaining portion of Paragraph 13 ("[Church Mutual] has waived any damages argument by not complying with Ark. Code Ann. [section] 23-79-126"[40]) presupposes determinations of law regarding the interpretation and application of Ark. Code Ann. section 23-79-126. So it cannot be a traditional statement of fact, either. Once again, all of these statements are legal conclusions. The Court does not have to accept them as true, and Church Mutual is not deemed to have admitted them.

## III.    Duty to Defend

To determine if an insurer has the duty to defend its insured, "the language in the contract from which the purported duty arises" is examined.[41] Rose Hill's briefing fails to identify any specific contractual provision which places a duty to defend on Church Mutual in the present case. Rather, it is clear from the language of the contract itself that Church Mutual does not have the duty to defend Rose Hill in its dispute with Service Restoration. And when "the terms of the insurance policy are clear and unambiguous, the policy language controls."[42]

It is true that Section V of Rose Hill's Exhibit J—the Not-For-Profit Management Liability Coverage Form[43]—provides that Church Mutual "shall have the right and duty to

---

[38] *Id.* ¶ 6.

[39] *Id.* ¶ 11.

[40] *Id.* ¶ 13.

[41] *Scottsdale Ins. Co. v. Morrowland Valley Co.*, 2012 Ark. 247, *10, 411 S.W.3d 184, 191.

[42] *Id.* at *11, 411 S.W.3d at 191.

[43] Ex. J (Not-For-Profit Management Liability Coverage Form) to Pl.'s Mot. for Summ. J. (Doc. 49) at 1.

defend any 'claim' made against any 'insured' under Section I – Insuring Agreements . . . ."[44]
And Section I provides that Church Mutual "will pay on behalf of any 'insured person' such 'loss' which the 'insured person' becomes legally obligated to pay as a result of a 'claim' first made against that 'insured person' . . . ."[45]  At first glance, that might suggest Church Mutual might have a duty to defend Rose Hill in the state court lawsuit.  But the insurance coverage provided by Section I "applies only to a 'claim' arising out of a 'wrongful act' committed by the 'insured person' . . . ."[46]  And the document defines "wrongful act" as "any actual or alleged error, misstatement, misleading statement, neglect or breach of duty, omission or act . . . ."[47]  This language seems more reflective of tort liability than contractual liability.  And that means Church Mutual's duty to defend would not extend to a contract case like the one in state court.

In any event, and more importantly, we must not ignore Exhibit G.  Exhibit G contains the Causes of Loss – Special Form, which provides, *inter alia*, exceptions to Rose Hill's legal liability coverage.[48]  The relevant section states that Church Mutual "will not defend any claim or 'suit', or pay damages that you are legally liable to pay, solely by reason of your assumption

---

[44] *Id*. at 3.  Rose Hill's Statement of Undisputed Fact sources Church Mutual's duty to defend to Section IV of this Document.  Pl.'s Statement of Undisputed Fact (Doc. 50-1) ¶ 10.  But Section IV makes no mention of the duty to defend, makes no mention of litigation whatsoever, and provides no basis from which to infer a duty to defend. *See* Ex. J (Not-For-Profit Management Liability Coverage Form) to Pl.'s Mot. for Summ. J. (Doc. 49) at 3.  On the Court's read, Section IV establishes liability limits for single loss events.  It doesn't get Rose Hill anywhere.

Rose Hill's briefing identifies Exhibit I as an additional source for Church Mutual's duty to defend.  *See* Br. in Supp. of Mot. for Summ. J. (Doc. 50) at 7.  But Rose Hill simply points to Exhibit I—an amalgamation of different insurance policy provisions, endorsements, and other documents—without identifying any language, or even a specific section, in which the Court could find the duty to defend.  And it appears that the only mention of a duty to defend in Exhibit I is in Section V of the Not-For-Profit Management Liability Coverage Form, which is reproduced in its entirety in Exhibit J.

[45] Ex. J (Not-For-Profit Management Liability Coverage Form) to Pl.'s Mot. for Summ. J. (Doc. 49) at 1.

[46] *Id*.  Subsequent portions of Section I provide coverage for organizational liability in similar situations.  *Id*.  But that liability is similarly limited to cases where the claim arises out of a wrongful act committed by the insured person.  *Id*.

[47] *Id*. at 7.

[48] Ex. G (Policy Declarations) to Pl.'s Mot. for Summ. J. (Doc. 49) at 24, 28.

of liability in a contract or agreement."[49]  The text of the contract itself thus provides an explicit exception to whatever duty to defend Church Mutual might otherwise have when Rose Hill incurs liability as a result of a contract between itself and a third party.  And that's exactly what's happening in the state court lawsuit brought by Service Restoration against Rose Hill.[50]

Under the unambiguous language of the contract, Church Mutual does not have the duty to defend Rose Hill in the state court suit brought by Service Restoration.

*        *        *

For the foregoing reasons, Rose Hill's Motion for Summary Judgment is DENIED.[51]

IT IS SO ORDERED this 22nd day of January 2025.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[49] *Id.* at 28.

[50] *See* Complaint, *Service Restoration Inc. v. Rose Hill Cumberland Presbyterian Church*, 22CV-23-128 (Ark. Cir. Ct. filed July 17, 2023), ECF No. 3 ¶¶ 11–13.

[51] Pl.'s Mot. for Summ. J. (Doc. 49).